UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                Defendants.

CV 12-3141

COMPLAINT MAUSKOPF, J.

ECF CASE

SUMMONS ISSUED
12 CV ___ AZRACK, M.J.

JURY TRIAL DEMANDED

Plaintiff FRANCESCO PORTELOS, by his attorneys, GLASS KRAKOWER LLP, as and for his Complaint against Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law Section 75-b (hereinafter "CLS § 75-b") as a result of maltreatment and retaliatory actions taken against him as a teacher employed by Defendants since reporting school administrators, including his school principal Linda Hill, for various allegations of fraud and misconduct at the school.

2.     Plaintiff seeks economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal, state, and city law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

4. This action's venue properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the primary unlawful discriminatory conduct occurred at a school within the County of Richmond in the State of New York and Plaintiff is a resident of the County of Richmond.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367(a).

7. Plaintiff previously served a Written Verified Notice of Claim on Defendants regarding his state and city law claims, which has not yet been adjusted to date.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Richmond, City of New York.

9. At all times relevant herein, Plaintiff was a "public employee" of Defendants within the meaning of New York State Civil Service Law § 75-b(1)(b).

10. At all times relevant herein, Defendant New York City Department of Education ("NYCDOE") was a "public employer" within the meaning of New York State Civil Service Law § 75-b(1)(a).

11. At all times relevant herein, Defendant Dennis Walcott was the Chancellor of the New York City Department of Education.

12. At all times relevant herein, Defendant Linda Hill was the principal of Berta Dreyfus I.S. 49, a school within the New York City Department of Education.

13. All defendants routinely conduct business within the Eastern District of New York.

## STATEMENT OF FACTS

14. Up until the 2011-12 school year, Plaintiff had a documented stellar performance record since he commenced employment as a teacher with the NYCDOE in September 2007.

15. After a successful career in Environmental engineering and inspection, Plaintiff began work as a Science Technology Engineering and Math ("STEM") teacher for the NYCDOE at Berta A. Dreyfus I.S. 49, a middle school in Staten Island, NY, under the supervision of Principal Linda Hill. He received stellar performance reviews, and was praised by the principal and others for starting a school-based website for the school among many other achievements.

16. Beginning in September 2011, Plaintiff began attending School Leadership Team ("SLT") meetings at the school.

17. On or about December 13, 2011, Plaintiff was taking minutes for the monthly SLT meeting. He inquired as to why the school's Comprehensive Education Plan ("CEP") and budget had not been reviewed at all for the last four months. In response, Principal Hill stated that she had already submitted these documents in December 2011.

18. After researching the Chancellor's Regulations and New York State Education Law, Plaintiff believed that there were violations regarding the adoption of the CEP and budget at the school. Consequently, he notified SLT Chairperson Susanne

3

Abramowitz and United Federation of Teachers ("UFT") Chapter Leader Richard Candia of these violations. Yet, no steps were ever taken to rectify or address these violations.

19. In January 2012, shortly after raising questions about these fraudulent activities at the school, Plaintiff suddenly began facing a hostile work environment at the school from school administration. For example, he began having his class lessons questioned and criticized by administration for the first time, after years of positive praise, as well as experiencing repeated verbal abuse from the administration.

20. Also in January 2012, Plaintiff began observing incidents of double dipping by the school administration. Specifically, Plaintiff raised concerns about budget allocations, the Principal's after school per session activities, and the Assistant Principal's practice of having her timecard locked up in a drawer.

21. Plaintiff reported these activities to the Office of the Special Commissioner of Investigation ("SCI") on January 26, 2012, via an anonymous email. He also provided SCI with three years worth of school activities to cross-reference with time sheets to document the fraudulent activities by school administration.

22. Despite Plaintiff's letter to SCI being reported by him as anonymous, the retaliatory actions towards Plaintiff suddenly and dramatically intensified after this email. His personal email and website, which he had developed specifically for the school, were suspended, and he received three unwarranted disciplinary letters within 10 days in February 2012. Further, Principal Hill specifically told Plaintiff that she knew he had been inquiring about her per session activities to Superintendent Erminia Claudio.

4

23. On or about February 28, 2012, SCI investigators came to Plaintiff's school and seized a computer from his classroom. They also came to his home to seize school equipment that he had been authorized by the school to take home for lessons and research.

24. This pattern of harassment continued in March 2012. On March 16, 2012, Plaintiff returned to work after being out for four days because of mandatory jury duty. Immediately upon his return, he received a 90 minute teaching observation from school administration, and subsequently his first ever Unsatisfactory-rated observation report.

25. On or about April 18, 2012, Plaintiff made allegations of Corporal Punishment against Assistant Principal Denise Diacomanolis and False Accusation allegations against SLT Chairperson, Susanne Abramowitz, and UFT Chapter Leader Richard Candia, to the Special Commissioner of Investigation and Office of Special Investigation.

26. In retaliation for Plaintiff's allegations to these agencies, on or about April 26, 2012, Plaintiff received a letter from Principal Hill and Assistant Principal Aguirre instructing him not to report to class because he was under investigation. As of that date, Plaintiff has been reassigned from his teaching duties to a reassignment center, despite no disciplinary charges being filed against him. He has not been allowed to return to retrieve his personal possessions from his classroom, and as of May 2012, his NYCDOE email and payroll/benefits accounts have been suspended so that he cannot receive official NYCDOE correspondence. In addition, his personal email account has been blocked from sending to any NYCDOE email account.

27. Despite Plaintiff being impugned repeatedly by school administration and even being removed from duties at the school and transferred to another borough over 50

days ago, Plaintiff recently was elected the United Federation of Teachers' school chapter leader by the teachers of I.S. 49 beginning in the 2012-13 school year for a three year term.

28. To date, Plaintiff has lost, *inter alia*, per session work and tutoring opportunities, personal property and possessions, and promotional advancement opportunities.

## FIRST CLAIM FOR RELIEF
## RETALIATION AGAINST PLAINTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

29. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

30. While acting under color of State Law, Defendants violated Plaintiff's First Amendment rights by retaliating against him for exercising his freedom of speech as a citizen with regard to raising questions about city and state law violations by school administration, in the form, *inter alia*, of school administration placing unwarranted disciplinary letters in his personnel file, issuing Plaintiff unwarranted unsatisfactory observations, suspending Plaintiff's personal email account and website, terminating his per session and tutoring work opportunities, transferring him to a teacher reassignment center more than an hour commute from his house, seizing his property, and threatening his job security.

31. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering,

6

physical consequences of the severe emotional distress, and damage to his professional reputation, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## NEW YORK STATE CIVIL SERVICE LAW § 75-B

32. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

33. Plaintiff raised questions about city and state law violations by the school administration, and thereby engaged in a protected activity as defined in New York Civil Service Law § 75-b(2)(a).

34. Defendants had notice that Plaintiff participated in such protected activities.

35. Defendants retaliated against Plaintiff by engaging in adverse "personnel actions" as defined by New York Civil Service Law § 75-b(1)(d). Specifically, Defendants subjected Plaintiff to a retaliatory hostile work environment, including but not limited to: placing unwarranted disciplinary letters in his file, suspending Plaintiff's personal email account and website, depriving him of per session and tutoring opportunities, reassigning from his teaching duties, and otherwise threatening his livelihood and job security.

36. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of the severe emotional distress, and damage to his professional reputation, in an amount to be determined at trial.

## JURY DEMAND

37.     Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

a)     On Plaintiff's First Claim for Relief—Retaliation against Plaintiff for exercising freedom of speech in violation of Plaintiff's First Amendment rights, damages in an amount to be determined at trial;

b)     On Plaintiff's Second Claim for Relief—Retaliation in violation of NY Civil Service Law § 75-B, damages in an amount to be determined at trial;

c)     On all Claims for Relief:

   a.   Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal state and city law prohibiting retaliation in employment;

   b.   Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including his compensation and privileges;

   c.   Compensatory damages to compensate Plaintiff for breach of contract, economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

8

    d.    Punitive damages against one or all of the Defendants;

    e.    Statutory attorneys' fees, interest, costs, and disbursements, and

    f.    For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:    New York, New York
June 21, 2012

        GLASS KRAKOWER LLP
        100 Church Street, 8th Floor
        New York, NY 10007
        (212) 537-6859

By: _____
      Bryan Glass, Esq.