**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007

20 BROADWAY, SUITE 1
VALHALLA, NY 10595

169 S. MAIN STREET # 321
NEW CITY, NY 10956

212-537-6859
FAX NO. 845-510-2219

E-mail: bg@glasskrakower.com

*Bryan D. Glass*
   Partner

July 25, 2012

*Via ECF*
Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

            Re:    *Portelos v. City of New York et al.,*
                    12 CV 3141 (RRM)(JMA)

Dear Judge Mauskopf:

      In accordance with Your Honor's individual rules, I write in opposition to Defendants' letter request, dated July 20, 2012, for a pre-motion conference seeking permission to file a motion to dismiss the complaint filed in the above-referenced action. Defendants' request is entirely premature at this juncture before discovery has even commenced in this matter and there are various issues of material fact to be adjudicated herein. Therefore, permission for Defendants to file a motion to dismiss at this stage should be denied as meritless and futile.

      Plaintiff tenured teacher was a stellar performer and had no problems at his school until he raised serious issues of fraud and mismanagement by the administration of his school as part of his School Leadership Team duties, which is comprised of parents and community members as well as teaching staff members. These fraud and mismanagement issues adversely affected not only his place of employment, but the community at large.

      Without any factual development of the record whatsoever, Defendants have made wholly conclusory allegations that Plaintiff was speaking not as a citizen but only in his official capacity as a teacher when reporting this fraud and mismanagement at the school, (which appears to continue unabated by NYCDOE administration, while Plaintiff has been retaliated against in multiple ways, including, *inter alia*, seizure of his personal property, removal from his

1

school and a ban DOE email systems, loss of per session and summer pay opportunities, and commencement of an ongoing "investigation" against him without any end date in sight).

The Second Circuit and other Courts, including the Supreme Court, have repeatedly concluded that a teacher can maintain a viable First Amendment retaliation claim against a school district despite being employed by the district as a public schoolteacher. *See, e.g, Pickering v. Board of Education*, 391 U.S. 563 (1968); *Nagle v. Marron*, 663 F.3d 100 (2d Cir. 2011); *see also Cioffi v. Averill Park Board of Education*, 444 F.3d 1589 (2d Cir. 2006); *Givhan v. Western Line Consol. School District*, 439 U.S. 410 (1979).

Defendants further mischaracterize Plaintiff's complaint when they seek to analogize Plaintiff's complaints to concerns merely about curriculum and general on the job concerns. Plaintiff has pled and made allegations far beyond the mere filing of a grievance about his "core duties" about "maintaining discipline" as a teacher in his complaint, including documenting ongoing fraud by administration and lack of oversight at the school. Therefore, this case is far distinguishable from Defendants' reliance on *Weintraub v. Board of Education*, 593 F.3d 196 (2d Cir. 2010) and *Dorcely v. Wyandanch Union Free School District*, 665 F.Supp.2d 178 (E.D.N.Y. 2009), cases which dealt with internal teacher-related complaints. In addition, these cases were ultimately decided after discovery in summary judgment motions, not upon a Rule 12(b)(6) motion to dismiss the complaint.

Defendants are further incorrect regarding Plaintiff's Civil Service Law 75-b claim. Clearly, the Court has every reason to maintain jurisdiction over the state law claim given the very viable First Amendment retaliation claim in this action. Furthermore, Defendants are further simply misinformed by claiming that Plaintiff failed to file a timely notice of claim regarding his Civil Service Law 75-b claim; he in fact did a notice of claim in May 2012 (a copy which is attached), and Defendants have failed to take any action to investigate the allegations therein to date.

Should the Court find it necessary for Plaintiff to amend his complaint at this stage, we would be happy to do so, although Plaintiff maintains that it does not appear necessary to do so at this early stage of the litigation. Therefore, based on the above, Defendants' request for a pre-motion conference should be dismissed as entirely premature.

Thank you very much for your consideration.

Respectfully submitted,

Bryan D. Glass, Esq.

Attachment (Notice of Claim)

c:      Christopher Seacord, Assistant Corporation Counsel, Attorney for Defendants   (via ECF)

## WRITTEN VERIFIED NOTICE OF CLAIM
(Pursuant to New York State Education Law Section 3813)

TO: City of New York Comptroller's Office
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

New York City Department of Education
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

Dennis Walcott, Chancellor
New York City Department of Education
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

PLEASE TAKE NOTICE that Francesco Portelos ("Claimant") has a claim against Respondents City of New York, New York City Department of Education ("NYCDOE"), and Dennis Walcott, Chancellor of the New York City Department of Education, pursuant to 42 U.S.C. Section 1983 and Civil Service Law Section 75-b, and any related city or state whistleblower laws, for retaliation under the First Amendment, and for violations of city and state whistleblower laws since November 2011, after he reported, *inter alia*, discrepancies in budget allocations at School Leadership Team meetings, the principal's illegal after school per session activities, illegal recordkeeping by school administration, and violations to Chancellor's Regulation A-655 by the School Leadership Team (SLT) chairperson and principal. His damages include, but are not limited to, reassignment from his teaching duties, loss of per session work and tutoring and promotional opportunities, and seizure of and lack of recompense for personal property from his school classroom.

1

1. Claimant's Post Office Address is 52 Wiman Place, Staten Island, NY 10305, phone number 347-564-7597

2. Claimant has selected Glass Krakower LLP (Bryan Glass, Esq.), 100 Church Street, 8th Floor, New York, NY 10007, telephone number (212) 537-6859, as his attorney to represent him in connection with the claim.

3. Since September 2007, Claimant has worked as a Science Technology Engineering & Math (STEM) teacher for the NYCDOE at Berta A. Dreyfus IS 49, a middle school in Staten Island, NY, under the supervision of Principal Linda Hill.

4. Claimant only received positive evaluations and recommendations until December 2011, when he raised questions about ethical practices and inappropriate conduct at a School Leadership Team meeting.

5. In January 2012, Claimant also reported allegations of double dipping by the school administration to the Special Commissioner of Investigation (SCI).

6. Within a month of his report of misconduct by administration, Claimant's personal email and website he had developed for the school were suspended, and he received three unwarranted disciplinary letters within 10 days in February 2012. Claimant also received his first ever Unsatisfactory rating on an observation of his teaching in March 2012.

7. On or about February 28, 2012, SCI investigators came to Claimant's school and removed computer and other equipment from his classroom. They also came to his home to seize school equipment he had been allowed by the school to take home.

8. On or about April 26, 2012, Claimant has been removed from the school and has not been able to return to even retrieve personal possessions from his classroom, and as of May 2012, his NYCDOE email accounts have been suspended.

9. To date, Plaintiff has lost, *inter alia*, per session work and tutoring opportunities, personal possessions, and potential promotional advancement opportunities.

10. Since the claim involves a continuing wrong against the Claimant, the exact dollar amount and value of the claim is not ascertainable at this time.

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF NEW YORK  )   ss:

    Francesco Portelos, being duly sworn, deposes and states that he is the Claimant named in the written claim, that he has read the foregoing claim and knows the contents thereof, and states that the claim is true to his own knowledge.

*[signature]*

FRANCESCO PORTELOS

Subscribed and sworn to before
me this 18 day of May 2012.

*[signature]*
Notary Public

BRYAN GLASS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GL6068978
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 1/22/14

4