Docket No. 12 Civ. 3141 (RRM)(JMA)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

                                                                                                 Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                                                                                                 Defendants

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

Attorney for Defendants
100 Church Street, Room 2-123
New York, N.Y. 10007
Of Counsel: Jessica Giambrone
Tel: (212) 788-6760
Email: jgiambro@law.nyc.gov

Matter No. 2012-029495

Kathleen Comfrey,
Jessica Giambrone,
  Of Counsel.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

    POINT I ................................................................................................................... 3

        PLAINTIFF HAS FAILED TO STATE A CLAIM OF
        FIRST AMENDMENT RETALIATION. ........................................................ 3

        A.    The Standard For Granting A Motion To Dismiss For
              Failure To State A Claim. ............................................................................ 4

        B.    Plaintiff Fails to State a Plausible Claim of First
              Amendment Retaliation. ............................................................................. 4

    POINT II ................................................................................................................ 10

        PLAINTIFF'S CLAIM UNDER NEW YORK CIVIL
        SERVICE LAW § 75-B SHOULD BE DISMISSED. ................................... 10

        A.    Plaintiff failed to plead facts that support the
              conclusion that there was a violation of some
              unspecified law, rule or regulation. .......................................................... 11

        B.    Plaintiff failed to allege that he gave DOE a
              reasonable time to take appropriate action............................................... 12

        C.    Civil Service Law § 75-b is inapplicable to plaintiff
              because his Union's contract affords him an ample
              procedural mechanism to challenge the employment
              actions about which he complains. ........................................................... 13

CONCLUSION .................................................................................................................. 15

**Cases**                                                                                                                        **Pages**

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .................................................................................................. 4, 10

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) .................................................................................................. 4, 10

Benvenisti v. City of New York,
    No. 04 Civ. 3166 (JGK), 2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. Sept. 23, 2006) ............... 5

Connick v. Meyers,
    461 U.S. 138 (1983) ......................................................................................................... 5

D'Olimpio v. Crisafi,
    718 F. Supp. 2d 340 (S.D.N.Y. 2010) ............................................................................... 7

DeJesus v. H.F. Mgmt. Services, LLC.,
    No. 12 Civ. 1298 (ERK)(RML),
    2012 U.S. Dist. LEXIS 152263 (E.D.N.Y. Oct. 23, 2012) ...................................................... 14

Donas v. City of N.Y.,
    2008 NY Slip Op 30241U,
    2008 N.Y. Misc. LEXIS 8465 (N.Y. Sup. Ct. Jan. 21, 2008),
    aff'd, 62 A.D.3d 504 (1st Dept. 2009) ............................................................................. 13

Ehrlich v. Dep't |of Educ. of the City of New York,
    No. 11 Civ. 4114 (RMB)(KNF),
    2012 U.S. Dist. LEXIS 17285 (S.D.N.Y Feb. 6, 2012) ...................................................... 8

Garcetti v. Ceballos,
    547 U.S. 410 (2006) ............................................................................................... 5, 6, 8

Gronowski v. Spencer,
    424 F.3d 285 (2d Cir. 2005) ............................................................................................ 4, 5

Healy v. City of N.Y. Dept. of Sanitation,
    2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. Nov. 22 2006) ...................................................... 13

Heffernan v. Straub,
    612 F. Supp. 2d 313 (S.D.N.Y. 2009) ............................................................................... 6, 7

Huth v. Haslun,
  598 F.3d 70 (2d Cir. 2010) .................................................................................................. 6

Kelly v. Huntington Union Free Sch. Dist.,
  No. 09 Civ. 2101 (JFB) (ETB),
  2012 U.S. Dist. LEXIS 45725 (E.D.N.Y. Mar. 30, 2012)................................................ 6, 8

Klein & Co. Futures, Inc. v. Bd. of Trade,
  464 F.3d 255 (2d Cir. 2006) .............................................................................................. 14

Massaro v. New York City Dep't of Educ.,
  2012 U.S. App. LEXIS 10911 (2d Cir. May 31, 2012) ...................................................... 7

Matthews v. Lynch,
  2012 U.S. LEXIS 10463 (2d Cir. May 24, 2012) ......................................................... 4, 7-8

Munafo v. Metropolitan Transp. Auth.,
  2003 U.S. Dist. LEXIS 13495, (E.D.N.Y. Jan. 22, 2003) ............................................ 13, 14

Postert v. Dept. of Educ. of the City of N.Y.,
  2012 NY Slip Opp 30868U,
  2012 N.Y. Misc. LEXIS 1580 (N.Y. Sup. Ct. Apr. 5, 2012).............................................. 12

Ross v. Breslin,
  693 F.3d 300 (2d Cir. Sep. 10, 2012) .............................................................................. 8, 10

Ruotolo v. City of New York,
  514 F.3d 184 (2d Cir. 2008) ............................................................................................ 4, 5

Shaw v. Baldowski,
  747 N.Y.S.2d 136 (Sup. Ct. Albany Co. 2002) .................................................................. 13

Weintraub v. Bd. of Educ.,
  593 F.3d 196 (2d Cir. 2010) ......................................................................................... 6, 7, 9

Wetzel v. Town of Orangetown,
  2008 U.S. Dist. LEXIS 112370 (S.D.N.Y. May 16, 2008) ............................................. 10-11

Ying v. City Univ. of New York,
  No. 20 Civ. 4990 (CBA)(SMG),
  2011 U.S. Dist. LEXIS 144928 (E.D.N.Y. Dec. 16, 2011) ........................... 6, 7, 8, 12, 13, 16

**Statutes**

Federal Civil Procedure Rule 12(b)(6) .................................................................................. 1, 4

N.Y. Civ. Serv. Law § 75-B(2)(a) ....................................................................................... 10, 11

N.Y. Civ. Serv. Law § 75-B(2)(a)(ii).......................................................................................... 11

N.Y. Civ. Serv. Law § 75-B(3) ................................................................................................ 13

N.Y. Civ. Serv. Law § 75 ........................................................................................................ 13

N.Y. Civ. Serv. Law § 75-B ............................................................................................ 1, 2, 13

N.Y. Civ. Serv. Law § 75-b(2)(b) ............................................................................................ 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCESCO PORTELOS,

                          Plaintiff,

          -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; LINDA HILL,
PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

                          Defendants.

12 CV 3141 (RRM)(JMA)

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Defendants City of New York, New York City Department of Education ("DOE"), Dennis Walcott, Chancellor of the DOE, and Linda Hill, Principal of Intermediate School ("I.S") 49, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Civil Procedure Rule 12(b)(6), to dismiss the Complaint, dated November 21, 2012 for failure to state a claim upon which relief can be granted.

Plaintiff, a teacher employed by the DOE, and formerly assigned in I.S. 49, brings this action asserting a claim of First Amendment retaliation, as well as a supplemental state law whistleblower claim under the New York State Civil Service Law § 75-B. In particular, plaintiff claims that the defendants retaliated against him for raising concerns regarding I.S. 49's budget,

and making allegations of fraud and misconduct on the part of colleagues and the school's administration.

The Complaint must be dismissed because Plaintiff fails to make a plausible First Amendment retaliation claim as the speech in question was made pursuant to his official job duties, and, therefore, is not afforded Constitutional protection. Plaintiff's state law claim, pursuant to CSL § 75-B should also be dismissed due his failure to assert facts sufficient to support the claim and in any event, CSL 75-B does not apply to employees protected by Collective Bargaining Agreements.

## STATEMENT OF FACTS[1]

Plaintiff is employed by the DOE and was formerly working as a science technology engineering and math teacher at the Bertha A. Dreyfus School, also known as I.S. 49. See Complaint ¶¶ 14–15. In September 2011 Plaintiff joined the School Leadership Team, ("SLT"). See id. ¶ 16. On or about December 13, 2011 while taking minutes for the monthly SLT meeting, Plaintiff made inquiries to Principal Hill as to why the school's budget and Comprehensive Education Plan ("CEP") had not been reviewed in several months. See id. ¶ 17. Principal Hill responded that the appropriate documents concerning the budget and CEP had already been submitted. Id.

Believing Principal Hill's submission of these documents to be in violation of the Chancellor's regulations, Plaintiff notified the SLT Chairperson, Susanne Abramowitz, and the United Federation of Teachers ("UFT") Chapter Leader Richard Candia of his suspicions. Id. ¶ 18. Plaintiff alleges that shortly after raising his concerns, in or about January 2012, he began

---

[1] For the purposes of this motion only, the material facts as alleged in the Complaint are deemed to be true.

facing a hostile work environment from school administration. Id. ¶ 19. That same month, Plaintiff asserts that he began to observe incidents of 'double dipping' by the administration and he raised concerns about Principal Hill's after school per session activities and the Assistant Principal's practice of having her timecard locked up. Id. ¶ 20.

On January 26, 2012 Plaintiff anonymously reported the above activities to the Office of the Special Commissioner of Investigation ("SCI"). Id. ¶ 21. Following this report, Plaintiff allegedly faced increased hostility from the administration, including having his personal email and website suspended and receiving three unwarranted disciplinary letters. Id. ¶ 22. On or about February 28, 2012, SCI investigators seized Plaintiff's computer and other equipment. Id. ¶ 23.

On or about April 18, 2012, Plaintiff made allegations to SCI that Assistant Principal Denise ("AP") Diacomanolis had engaged in corporal punishment and that SLT Chairperson Susanne Abramowitz and UFT Chapter Leader Richard Candia had made false accusations. Id. ¶ 25. Plaintiff then asserts that on April 26, 2012, in retaliation for the above allegations, he was instructed by Principal Hill & A.P. Diacomanolis that he was not to report to class and has hereinafter been instructed to report to a "reassignment center." Id. at ¶ 26.

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO STATE A CLAIM OF FIRST AMENDMENT RETALIATION.**

Plaintiff's sole federal claim is that the defendants impermissibly retaliated against him for exercising his First Amendment rights. See Complaint, ¶¶ 29–31. In order to prevail on his First Amendment retaliation claim, plaintiff must demonstrate that: (1) he engaged in speech protected by the First Amendment; (2) he suffered an adverse employment

action; and (3) "a causal connection existed between the speech and the adverse employment decision, so that it can be said that his speech was the motivating factor in the determination." Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005); see also Ruotolo v. City of New York, 514 F.3d 184, 188-189 (2d Cir. 2008). Plaintiff's allegations do not support such a cause of action.

### A. The Standard For Granting A Motion To Dismiss For Failure To State A Claim.

Plaintiff has failed to plead facts adequate "to state a [First Amendment retaliation] claim for relief that is plausible on its face" in order to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (internal citations omitted). The Supreme Court explained the plausibility standard in Iqbal, stating that "[w]here a complaint pleads facts that are merely consistent with a Defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 667. The facts set forth in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions …" Id. (internal quotation marks and alteration omitted). A complaint fails to state a claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 665 U.S. at 679.

The pleading standard articulated in Twombly and Iqbal is applicable to First Amendment retaliation claims such as the one at bar. See Matthews v. Lynch, 2012 U.S. LEXIS 10463, *1–2 (2d Cir. May 24, 2012).

### B. Plaintiff Fails to State a Plausible Claim of First Amendment Retaliation.

In order to prevail with his First Amendment retaliation claim, plaintiff must demonstrate that: (1) he engaged in speech protected by the First Amendment; (2) he suffered an

- 4 -

adverse employment action; and (3) "a causal connection existed between the speech and the adverse employment decision, so that it can be said that his speech was the motivating factor in the determination." Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005); see also Ruotolo, 514 F.3d 188-189. Plaintiff's claim fails on the very first prong of this test.

The threshold inquiry in any First Amendment retaliation case is whether the employee was speaking as a citizen on a matter of public concern. See Connick v. Meyers, 461 U.S. 138, 147 (1983). The United States Supreme Court has clarified that this threshold question actually consists of two separate inquiries. See Garcetti v. Ceballos, 547 U.S. 410, 420-422 (2006). First, the Court must determine whether the employee was speaking "as a citizen," or whether he was acting pursuant to his official job duties. See id.; Benvenisti v. City of New York, No. 04 Civ. 3166 (JGK), 2006 U.S. Dist. LEXIS 73373, at *23–*24 (S.D.N.Y. Sept. 23, 2006). If the employee was acting pursuant to his official duties, then he was not speaking as a citizen and his speech is not entitled to First Amendment protection. See Garcetti, 547 U.S. at 421. If, on the other hand, the Court concludes that the employee was speaking as a citizen, then it must determine whether, "viewing the record as a whole and based on the content, context, and form of a given statement, the plaintiff's speech was made as a citizen upon 'matters of public concern.'" Benvenisti, 2006 U.S. Dist. LEXIS 73373, at *23-*24 (quoting Connick, 461 U.S. at 147-48). Whether or not speech is protected by the First Amendment is a question of law for the court, not a question of fact. See Connick, 461 U.S. at 148 n.7.

While certain tests have been developed to assist a court in determining whether a plaintiff was speaking as a citizen for First Amendment purposes, these tests are not intended to serve as a substitute for the overarching inquiry itself—whether the plaintiff was speaking as a citizen, and not merely pursuant to his role as an employee. This inquiry is "a practical one,"

and requires courts to determine whether the speech at issue "owes its existence to a public employee's professional responsibilities." See Weintraub v. Bd. of Educ., 593 F.3d 196, 201-202 (2d Cir. 2010) (quoting Garcetti, 547 U.S. at 421, 424) (internal quotation marks omitted). Nonetheless, courts look to several factors to guide them in making this determination, including "the plaintiff's job description; the persons to whom the speech was directed; and whether the speech resulted from special knowledge gained through the plaintiff's employment." See Kelly v. Huntington Union Free Sch. Dist., No. 09 Civ. 2101 (JFB) (ETB), 2012 U.S. Dist. LEXIS 45725, at *35 (E.D.N.Y. Mar. 30, 2012).

In the case at bar, Plaintiff's federal claim must be dismissed outright because his speech, as a matter of law, was made pursuant to his employment and duties as a pedagogue and thus is not afforded the protections of the First Amendment.  His various complaints regarding the mismanagement of the budget, violations regarding the CEP, potential fraud, and allegations of corporal punishment were all made as part and parcel of his official duties as a teacher and a member of the School Leadership team and *not* as a private citizen regarding a matter of public concern.  See Ying v. City Univ. of New York, No. 20 Civ. 4990 (CBA)(SMG), 2011 U.S. Dist. LEXIS 144928 (E.D.N.Y. Dec. 16, 2011)  Additionally, his complaint against colleagues for allegedly making false accusations against him is on its face not speech concerning a 'matter of public concern" but rather speech of a personal nature and thus similarly does not warrant the protections of the First Amendment.  See Huth v. Haslun, 598 F.3d 70, 74 (2d Cir. 2010).

The relevant inquiry is whether the speech at issue "owes its existence to a public employee's professional responsibilities." See Garcetti, 547 U.S. at 701; see also Heffernan v. Straub, 612 F. Supp. 2d 313, 326 (S.D.N.Y. 2009) (finding that plaintiff's speech was made pursuant to his official duties where "an ordinary citizen not employed by the Fire Bureau would

not . . . have the opportunity to convey [his opinion] through the channels that he utilized"). In other words, where a plaintiff's speech was made possible by the nature of his position, and an ordinary citizen could not have engaged in similar speech, his speech is not entitled to First Amendment protection. See Heffernan, 612 F. Supp. 2d at 326; see also Weintraub v. Bd. of Educ., 593 F.3d 196, 205 (2d Cir. 2010) (finding that plaintiff's speech—the filing of an employee grievance—"lacked a relevant analogue to citizen speech," and, therefore, was not entitled to First Amendment protection); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 353-54 (S.D.N.Y. 2010) (finding that plaintiff's speech was not protected by the First Amendment in part because it was made through channels that would not have been available to an ordinary citizen).

Several recent cases in this Circuit support the position that Plaintiff's speech was made pursuant to his duties and responsibilities and thus is not afforded the protections of the First Amendment.

In Massaro v. New York City Dep't of Educ., the Court found that the plaintiff was not speaking as a citizen in general, but rather was speaking as a teacher complaining of the cleanliness of the school in which she taught. 2012 U.S. App. LEXIS 10911, *3–4 (2d Cir. May 31, 2012). As such, her speech was not constitutionally protected. Massaro, 2012 U.S. App. LEXIS at *3. The Second Circuit noted that its conclusion was supported by the fact that plaintiff Massaro had aired her complaints only to several school administrators rather than to the public at large and rejected as unpersuasive the argument that her job responsibilities did not require her to report health hazards. 2012 U.S. App. LEXIS at * 5–7.

Similarly, in Matthews v. Lynch, plaintiff, an officer in the Connecticut State Police Internal Affairs unit disclosed departmental misconduct to the state's Attorney General,

- 7 -

the Auditor of Public Accounts and the New York State Police. 2012 U.S. App. LEXIS 10463, *3–4 (2d Cir. May 24, 2012). The Court affirmed the District Court's 12(c) dismissal of the case and reiterated that Sergeant Matthews' speech, even when made to outside agencies, was "'part and parcel' of his ability to properly execute his duties." Matthews, 2012 U.S. App. LEXIS at *4. See also, Ross v. Breslin, 693 F.3d 300 (2d Cir. Sep. 10, 2012) (granting defendants' motion for summary judgment because plaintiff's speech, made pursuant to the duties of her employment, was not subject to the protections of the First Amendment).

Courts continue to find that the role of the pedagogue is not limited to classroom instruction, but rather includes a host of responsibilities central to that of educating our youth. See generally, Ehrlich v. Dep't of Educ. of the City of New York, No. 11 Civ. 4114 (RMB)(KNF), 2012 U.S. Dist. LEXIS 17285, *8–9 (S.D.N.Y Feb. 6, 2012)("courts have routinely held as a matter of law that a teacher's advocacy on behalf of her students falls squarely within her official duties as a teacher…[c]omplaints concerning the lack of sufficient educational and instructional resources are matters relating to a teacher's own job responsibilities as an educator.")(internal citations omitted.) See also, Kelly v. Huntington Union Free School Dist. Board of Educ., 2012 U.S. Dist. LEXIS 45725, *48 (discussing the progeny of First Amendment retaliation cases involving educators and stating that, "complaints by teachers about student/teacher issues based upon information learned through their jobs – whether it be safety issues, staffing/service issues, violation of school policy, or misuse of school property/information – constituted speech as a public employee, rather than a private citizen and are not protected by the First Amendment pursuant to Garcetti")(internal citations omitted); see also, Ying, 2011 U.S. Dist. LEXIS 144928, *2 (granting defendants' motion to dismiss as "plaintiff's statement that there were underage students enrolled in her class was made pursuant

to her official duties as a teacher, not as a private citizen on a matter of public concern.")(citing Weintraub v. Bd. of Educ., 593 F.3d at 201).

Here also, Plaintiff is speaking as an educator in public employment, not as a citizen on issues of public concern. Plaintiff joined the Student Leadership Team in September 2011 and as such was tasked, with other educators at I.S. 49, to work alongside the administration on, among other items, the school's educational policies, budgeting issues, and the CEP. See Complaint ¶¶ 16–17. Presumably unhappy with what he observed, Plaintiff made internal complaints to his Union Chapter Leader and the SLT Chairperson. Id. ¶ 18. Thereafter he raised concerns about budget allocations and allegedly questionable behavior on the part of the administration. Id. ¶¶ 20–21. Finally, he made reports of colleagues engaging in corporal punishment and false accusations. Id. ¶ 25.

Assuming for argument's sake that his assertions were accurate, all of the factual underpinnings of plaintiff's speech became available to him as a result of his role as educator and SLT member. Additionally, there is no indication that he spoke to members of the public concerning these allegations. Instead plaintiff states only that he made complaints to the SLT Chairperson, the UFT Chapter Leader, and the Office of the Special Commissioner of Investigation; though the latter may be an agency separate and apart from the DOE, it cannot be asserted that this communication was not part and parcel with plaintiff's role as an educator and SLT member.

Plaintiff's speech is that of a publicly employed educator raising complaints concerning matters known to him as a result of his position. His statements concern issues entwined with his identity as an DOE teacher and thus are outside the realm of First Amendment protection. "In the First Amendment context, the 'State has interests as an employer in

- 9 -

regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general.'" Ross v. Breslin, 693 F.3d at 305. Plaintiff's First Amendment retaliation cause of action must be dismissed for failure to state a plausible claim.

## POINT II

### PLAINTIFF'S CLAIM UNDER NEW YORK CIVIL SERVICE LAW § 75-B SHOULD BE DISMISSED.

Plaintiff's allegations that Defendants violated New York State Civil Service Law ("CSL") § 75-B should also be dismissed for failure to state a plausible claim. See Point I, Heading A. above; See also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Plaintiff's complaint alleges he was subject to a hostile work environment in violation of New York's "Whistleblower" statute, CSL § 75-b. This statute provides that:

> A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action.

CSL § 75-b(2)(a). "[I]n order to state a claim under § 75-b, plaintiff must allege the following: (1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of a law, rule, or regulation that endangers public health or safety, or (b) which she reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action." Wetzel v. Town of

- 10 -

Orangetown, 2008 U.S. Dist. LEXIS 112370, *35-37 (S.D.N.Y. May 16, 2008)(citations omitted). Here, plaintiff fails to state a cause of action under CSL § 75-b because while he states only that, "he raised questions about city & state law violations", the Complaint contains no factual allegations that support his assertions. See Comp. ¶ 33.

### A. Plaintiff Failed to Plead Facts That Support The Conclusion That There Was A Violation Of Some Unspecified Law, Rule or Regulation.

To maintain a claim pursuant to § 75-b, plaintiff must reasonably believe that there was a "violation of a law, rule or regulation[,] which violation creates and presents a substantial and specific danger to the public health or safety[, or a violation she] . . . reasonably believes to be true and reasonably believes constitutes an improper governmental action." CSL § 75-b(2)(a). The Complaint alleges in conclusory terms only that plaintiff "raised questions about city and state law violations by the school administration." See Comp., ¶ 32. Plaintiff however, has not pled a violation of any particular law, rule, or regulation. To the contrary, plaintiff merely alleges that he "believed there were violations regarding the adoption of the CEP and budget at the school." See Comp., ¶ 18. He does not assert in any factual detail why he may have reasonably believed there was a violation of a "federal, state, or local law, rule, or regulation; nor does he specify *which* law, rules, or regulations he believes to have been violated. See CSL § 75-B(2)(a)(ii).

As plaintiff has failed to plead any of the underlying facts showing how DOE violated some unspecified law, rule, or regulation he has not stated a plausible claim under CSL § 75-b. Stating in a conclusory fashion that he complained about wrongdoing without anything more is insufficient to support this action.

- 11 -

B.  **Plaintiff Failed to Allege That He Gave DOE A Reasonable Time to Take Appropriate Action.**

Even if Plaintiff's threadbare recitations that he raised questions or concerns about violations of law suffice, there is no indication that he gave the DOE a reasonable time to take the appropriate action, as is required by the statute.

Pursuant to § 75-b (2)(b):

> (b) Prior to disclosing information pursuant to paragraph (a) of this subdivision, an employee shall have made a good faith effort to provide the appointing authority or his or her designee the information to be disclosed and shall provide the appointing authority or designee a reasonable time to take appropriate action unless there is imminent and serious danger to public health or safety. For the purposes of this subdivision, an employee who acts pursuant to this paragraph shall be deemed to have disclosed information to a governmental body under paragraph (a) of this subdivision.

Section 75-b requires that plaintiff allow the appointing authority, in this case the DOE, a reasonable time to take appropriate action. See § 75-b(2)(b); see also Postert v. Dept. of Educ. of the City of N.Y., 2012 NY Slip Opp 30868U, 2012 N.Y. Misc. LEXIS 1580, at *7–8 (N.Y. Sup. Ct. Apr. 5, 2012)("even assuming that plaintiff reasonably believed that DOE's failure to remove the mercury constituted an improper governmental action…she has failed to plead facts from which it may be inferred that she made a good faith effort to give DOE a reasonable amount of time to take appropriate action."). Here, the Complaint alleges that sometime in December 2011 he became concerned about the Principal's practices, he thereafter notified the SLT Chairperson and the UFT Chapter Leader of his concerns. See Compl., ¶¶ 17–18. In late January, at most a month and a half later, he contacted the Office of the Special Commissioner. Id. ¶ 20. Plaintiff's complaint does not identify the appointing authority's designee, does not describe the information that he provided the designee, and does not indicate how much time he gave the

unnamed designee to take appropriate action. See id. Allegations consisting of bare legal conclusions are insufficient to state a claim with respect to CSL § 75-b. See Donas v. City of N.Y., 2008 NY Slip Op 30241U, 2008 N.Y. Misc. LEXIS 8465, at *7-*8 (N.Y. Sup. Ct. Jan. 21, 2008), aff'd, 62 A.D.3d 504 (1st Dept. 2009). As plaintiff has failed to set forth facts sufficient to plead that he gave the DOE "a reasonable time to take appropriate action," prior to disclosing any alleged violation of law, rule or regulation to a governmental body, as required by the statute, plaintiff's claim pursuant to § 75-b must be dismissed.

### C. Civil Service Law § 75-b Is Inapplicable To Plaintiff Because His Union's Contract Affords Him An Ample Procedural Mechanism To Challenge The Employment Actions About Which He Complains.

It should also be noted that the Court lacks subject matter jurisdiction over plaintiff's § 75-b claim. New York Civ. Serv. Law § 75-b explicitly states that only employees who lack the protection of a collective bargaining agreement grievance procedure may pursue an action in court under this statute. N.Y. Civ. Serv. Law § 75-b(3). This statute affords protection only to those employees who lack the protection of a collective bargaining agreement ("CBA") grievance procedure. See Civ. Serv. Law § 75-b(3); Healy v. City of N.Y. Dept. of Sanitation, 2006 U.S. Dist. LEXIS 86344, *16-17 (S.D.N.Y. Nov. 22 2006)("Where an employee is subject to a collectively negotiated agreement which contains provisions preventing an employer from taking adverse personnel actions, and which contains a binding arbitration provision for all such allegations, the employee shall grieve his claims and may assert them only before an arbitrator"); Munafo v. Metropolitan Transp. Auth., 2003 U.S. Dist. LEXIS 13495, *93-94, (E.D.N.Y. Jan. 22, 2003)(denying leave to amend to assert a cause of action under Civil Service Law § 75 as futile because plaintiff-union member had failed to bring a grievance alleging whistleblower retaliation); see also Shaw v. Baldowski, 747 N.Y.S.2d 136, 143 (Sup. Ct. Albany Co. 2002)(an

employee may bring an action under § 75-b only where a collective bargaining agreement does not substitute its own grievance procedure for the relief provided by this statute).

Plaintiff, a teacher employed by the DOE, was represented by a union, the UFT. Article 22 of the collective bargaining agreement between the DOE and the UFT specifically provides a grievance mechanism and procedures for teachers to file a complaint concerning any employment decision that is "unfair" or contravenes an "established policy or practice governing or affecting employees". See Article 22-A of the UFT Agreement.[2] Article 22-C of the CBA further provides that if the union member is still aggrieved, after exhausting the grievance steps, his union may take the claim to arbitration. Id.; see Munafo, 2003 U.S. Dist. LEXIS 13495 at *93 ("An employee may bring suit under § 75-b in a court of competent jurisdiction only where a collective bargaining agreement does not substitute its own grievance procedure for the relief encapsulated by the statute"). Accordingly, plaintiff's § 75-b claim must be dismissed for this reason alone.

As a final matter, should this Court grant Defendants' motion to dismiss plaintiff's federal claim, but not the state law claim, this Court should nonetheless dismiss the complaint in its entirety. See, e.g., DeJesus v. H.F. Mgmt. Services, LLC., No. 12 Civ. 1298 (ERK)(RML), 2012 U.S. Dist. LEXIS 152263, *9 (E.D.N.Y. Oct. 23, 2012) (citing Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.")).

---

[2] Collective Bargaining Agreement signed between UFT and BOE, is a public record, available at http://www.uft.org/files/contract_pdfs/teachers-contract-2007-2009.pdf, pp. 122-135.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         November 21, 2012

**MICHAEL A. CARDOZO**
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-123
New York, New York 10007-2601
(212) 788-6760
jgiambro@law.nyc.gov

By:   /s/
      Jessica Giambrone
      Assistant Corporation Counsel

Kathleen Comfrey,
Jessica Giambrone,
   Of Counsel.