Docket No. 12 Civ. 3141 (RRM)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

                                                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                                                Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

Attorney for Defendants
100 Church Street, Room 2-123
New York, N.Y. 10007
Of Counsel: Jessica Giambrone
Tel: (212) 788-6760
Email: jgiambro@law.nyc.gov

Matter No. 2012-029495

Kathleen Comfrey,
Jessica Giambrone,
  Of Counsel.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    POINT I ....................................................................................................................... 2

        PLAINTIFF HAS FAILED TO STATE A CLAIM OF
        FIRST AMENDMENT RETALIATION. ....................................................... 2

            A.   Plaintiff was speaking pursuant to his official duties. ............................. 3

            B.   Plaintiff's speech involved a matter of public concern............................ 4

    POINT II ...................................................................................................................... 4

        Plaintiff's claim under New York Civil Service Law § 75-
        B should be dismissed. ................................................................................... 4

CONCLUSION ........................................................................................................................ 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCESCO PORTELOS,

                                            Plaintiff,      12 CV 3141 (RRM)(JMA)

           -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; LINDA HILL,
PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

                                           Defendants.

------------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

        Defendants City of New York, New York City Department of Education ("DOE"), Dennis Walcott, Chancellor of the DOE, and Linda Hill, Principal of Intermediate School ("I.S") 49, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, previously submitted a memorandum of law ("Opening Memorandum") in support of their motion, pursuant to Federal Civil Procedure Rule 12(b)(6), to dismiss the Complaint, dated November 21, 2012 for failure to state a claim upon which relief can be granted.

        Plaintiff, a teacher employed by the DOE, and formerly assigned in I.S. 49, brings this action asserting a claim of First Amendment retaliation, as well as a supplemental state law whistleblower claim under the New York State Civil Service Law § 75-B. In particular, plaintiff claims that the defendants retaliated against him for raising concerns regarding I.S. 49's budget,

and making allegations of fraud and misconduct on the part of colleagues and the school's administration.

The Complaint must be dismissed because plaintiff fails to make a plausible First Amendment retaliation claim as the speech in question was made pursuant to his official job duties, and, therefore, is not afforded Constitutional protection. Plaintiff's state law claim, pursuant to CSL § 75-B should also be dismissed due his failure to assert facts sufficient to support the claim and in any event, CSL § 75-B does not apply to employees protected by Collective Bargaining Agreements. Plaintiff opposes defendants' motions on the grounds that he was speaking as a citizen and not pursuant to his official duties, his speech was a matter of public concern, and he has made a valid claim under CSL § 75-B. Defendants now reply.

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO STATE A CLAIM OF FIRST AMENDMENT RETALIATION.**

Plaintiff's sole federal claim is that the defendants impermissibly retaliated against him for exercising his First Amendment rights. See Comp., ¶¶ 29–31. In order to prevail on his First Amendment retaliation claim, plaintiff must demonstrate that: (1) he engaged in speech protected by the First Amendment; (2) he suffered an adverse employment action; and (3) "a causal connection existed between the speech and the adverse employment decision, so that it can be said that his speech was the motivating factor in the determination." Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005); see also Ruotolo v. City of New York, 514 F.3d 184, 188-189 (2d Cir. 2008). Plaintiff's allegations do not support such a cause of action.

### A. Plaintiff was speaking pursuant to his official duties.

In order to prevail with his First Amendment retaliation claim, plaintiff must demonstrate that: (1) he engaged in speech protected by the First Amendment; (2) he suffered an adverse employment action; and (3) "a causal connection existed between the speech and the adverse employment decision, so that it can be said that his speech was the motivating factor in the determination." Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir. 2005); see also Ruotolo, 514 F.3d 188-189. Plaintiff's claim fails on the very first prong of this test.

The threshold inquiry in any First Amendment retaliation case is whether the employee was speaking as a citizen on a matter of public concern. See Connick v. Meyers, 461 U.S. 138, 147 (1983). This initial query "conforms to the Supreme Court's instruction 'that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for *First Amendment* purposes.'" D'Olimpio v. Crisafi, 462 Fed. Appx. 79, 80 (2d Cir. 2012)(citing Skehan v. Vill. Of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006). Defendants' initial memorandum of law lists a number of cases that support the finding that plaintiff was *not* speaking as a citizen but rather was speaking as a public employee pursuant to his official duties and thus should not be afforded the protections of the Constitution.

Though plaintiff attempts to distinguish defendants' authority, he does not include a *single* case to support his argument. Though plaintiff is correct in noting that the necessary analysis in determining whether an individual is speaking as a citizen or an employee, is a practical one; such an inquiry does not result in a favorable outcome for his cause. See Jerram v. Cornwall Cent. Sch. Dist., 464 Fed Appx. 13, 16 (2d Cir. 2012)(noting that, "the 'inquiry' into whether a public employee spoke pursuant to his or her official duties is a practical one' and the employee's official job description is not dispositive'")(internal citations omitted).

The undisputed fact is that plaintiff was serving on the SLT as an *educator*, not as a *parent*. He brought his concerns internally to the SLT Chairperson and his "United Federation of Teachers" ("UFT") Representative. See Comp. ¶ 18 (emphasis added.) This very fact bolsters the point that he raised these issues as a publically employed educator and even utilized the channels available to him in this role, namely, his UFT representative.

Plaintiff's concerns regarding the school's budget and allocation of funds were part and parcel of his duties as an educator sitting on the SLT and consequently are not due the protections of the Constitution.

**B.     Plaintiff's speech involved a matter of public concern**

In their Opening Memorandum of law, defendants did not address the issue of public concern because the Complaint contained few specific details about the speech in question. See Comp. ¶ 17. However, the alleged speech, described by plaintiff in his opposition papers as reporting violations of his school's comprehensive Education Plan, was intrinsic to plaintiff's duties as an educator serving on the School Leadership Committee. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint at 4. In fact, plaintiff admits that he obtained the information abut the alleged violation while serving as a teacher on the School Leadership Committee, a joint teacher/parent committee, and reported his concerns to the chairperson of that committee, another teacher. Id. at 3. Therefore, plaintiff's First Amendment claim should be dismissed at the threshold inquiry and he should not be permitted to replead as his opposition papers make clear that doing so would be futile.

## POINT II

**PLAINTIFF'S CLAIM UNDER NEW YORK CIVIL SERVICE LAW § 75-B SHOULD BE DISMISSED.**

- 4 -

Plaintiff's allegations that defendants violated New York State Civil Service Law ("CSL") § 75-B should be dismissed for failure to state a plausible claim. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Plaintiff's complaint alleges he was subject to a hostile work environment in violation of New York's "Whistleblower" statute, CSL § 75-b. This statute provides that:

> A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action.

CSL § 75-b(2)(a). "[I]n order to state a claim under § 75-b, plaintiff must allege the following: (1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of a law, rule, or regulation that endangers public health or safety, or (b) which she reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action." Wetzel v. Town of Orangetown, 2008 U.S. Dist. LEXIS 112370, *35-37 (S.D.N.Y. May 16, 2008)(citations omitted). Here, plaintiff fails to state a cause of action under CSL § 75-b because while he states in conclusory terms that, "he raised questions about city & state law violations", the Complaint contains no factual allegations that support his assertions. See Comp. ¶ 33. To the contrary, both the complaint and plaintiff's opposition papers make clear that the alleged violations had nothing to do with a "danger to the public health or safety." Instead, plaintiff's alleged complaint dealt exclusively with a school budget matter.

Plaintiff's opposition does not include any authority that supports his claim. Instead, plaintiff merely argues that he suffered an adverse action as a result of the report he made to the School Leadership Committee chairperson. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint at 7. By his own admission, he only reported the alleged violation to the School Leadership Committee, his union leader, parents on the committee and the PTA. Id. at 7–8. To justify his failure to notify appropriate DOE officials, he argues that "he reasonably believed that this information would be transmitted to the Principal and any other relevant DOE designee." Id. at 8. As for the timing of his report,, he argues that "there is no strict standard for what constitutes a reasonable time" [to allow the Department of Education to take the appropriate action], but does not support his conclusion with any legal precedent. Id. at 7. Thus, as he failed to adequately allege facts to support the CSL § 75-B cause of action, and now fails to adequately oppose the arguments of defendants, this claim should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	December 17, 2012

**MICHAEL A. CARDOZO**
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-123
New York, New York 10007-2601
(212) 788-6760
jgiambro@law.nyc.gov


By:	/s/
	Jessica Giambrone
	Assistant Corporation Counsel

Kathleen Comfrey,
Jessica Giambrone,
   Of Counsel.