UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCESCO PORTELOS,

        Plaintiff,

    - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION;
LINDA HILL, PRINCIPAL OF I.S. 49, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY,

        Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-3141(RRM)(VMS)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

        On June 22, 2012, plaintiff Francesco Portelos filed this action seeking monetary and equitable relief against defendants the City of New York, the New York City Department of Education, Dennis Walcott, and Linda Hill (collectively "defendants") pursuant to 42 U.S.C. § 1983 and New York Civil Service Law ("N.Y. C.S.L.") § 75-b. Plaintiff alleges that defendants violated his First Amendment and state law rights by retaliating against him for reporting fraud and misconduct at I.S. 49. (Compl. (Doc. No. 1).) Before the Court is defendants' December 17, 2012 motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Mot. to Dismiss (Doc. No. 17).)

        For the reasons set forth below, defendants' motion is DENIED in its entirety.

## STANDARD OF REVIEW

        Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the

pleadings must contain enough facts to state a claim to relief that is plausible on its face." *Dellatte v. Great Neck Union Free Sch. Dist.*, No. 10-cv-4348, 2012 WL 164078, at *1 (2d Cir. Jan. 20, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). The court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

## DISCUSSION

I. First Amendment Retaliation Claim

To state a prima facie claim of First Amendment retaliation under Section 1983, plaintiff must allege that (1) his speech was constitutionally protected; (2) he suffered an adverse employment action; and (3) a causal relationship between the two existed in that the speech was a substantial or motivating factor for the adverse employment action. *Gronowski v. Spencer*, 424 F.3d 285 (2d Cir. 2005). Defendants challenge only the first prong, arguing that plaintiff's speech is not constitutionally protected.

Plaintiff's speech is constitutionally protected if he was speaking both (1) as a citizen rather than pursuant to his employment duties, and (2) on a matter of public concern. *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 205 (E.D.N.Y. 2009) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). The inquiry into whether a public employee spoke pursuant to his official duties is "a practical one." *Weintraub v. Bd. Of Ed. Of City Sch. Dist. of New York*, 593 F.3d 196, 202 (2d Cir. 2010) (citing *Garcetti*, 547 U.S. at 424). The Second Circuit has stated that speech is "pursuant to" an employee's official duties when it is "part-and-parcel" of the employee's concerns about his ability to "properly execute his duties," or when the speech is a "means to fulfill" and "undertaken in the course of performing…his primary

2

employment responsibility..." *Weintraub*, 593 F.3d at 203–04 (holding that a teacher's grievance regarding classroom discipline was pursuant to his official duties because it was part-and-parcel of his concerns about his duty to properly execute his duties as a school teacher). "[U]nder the First Amendment, speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Anemone v. Metro. Transp. Auth*, 629 F.3d 97, 116 (2d Cir. 2011) (citing *Weintraub*, 593 F.3d at 203). The existence of a relevant analogue to citizen speech bears on whether the speaker was acting as a citizen or pursuant to his employment. *Id.* at 203–04 (citing *Garcetti*, 547 U.S. at 422–23). With respect to the second prong, speech involves a matter of public concern if it was not calculated to redress personal grievances, but instead had a broader public purpose. *Ruotolo*, 514 F.3d at 189.

Plaintiff alleges that he engaged in three instances of protected speech: First, plaintiff notified the School Leadership Team ("SLT") Chairperson and the United Federation of Teachers Chapter Leader that he believed violations existed with respect to the Chancellor's regulations and New York State Education Law regarding the SLT's adoption of the school's Comprehensive Education Plan ("CEP") and budget (Compl. at ¶¶ 16–18). Second, plaintiff raised concerns in an anonymous email to the Office of the Special Commissioner of Investigation ("SCI") regarding budget allocations, the Principal's after school per session activities, and the Assistant Principal's practice of having her timecard locked up in a drawer. (Compl. at ¶¶ 20–21). Third, plaintiff made allegations of corporal punishment against the Assistant Principal, and allegations of false accusations against the SLT Chairperson and UFT Chapter Leader to the SCI and the Office of Special Investigation ("OSI"). (Compl. at ¶ 25). Defendants argue that all three instances of speech are unprotected because they were made

3

pursuant to plaintiff's official employment duties as a teacher and not as a private citizen, and because they did not involve matters of public concern.

Reading the complaint broadly and drawing all reasonable inferences in plaintiff's favor, the complaint alleges sufficient facts to state a plausible claim for retaliation. The complaint supports a reasonable inference that all three instances of speech were made in plaintiff's capacity as a citizen and not pursuant to his employment duties. *See Taylor*, 2012 WL 3890599, at *7 (denying motion to dismiss when the complaint did not specify the contents of plaintiff's speech, but supported a reasonable inference that the speech was not made pursuant to plaintiff's employment duties). In addition, the complaint and plaintiff's motion papers support a reasonable inference that the SLT, SCI, and OSI are channels through which civilians can voice complaints, suggesting that a relevant civilian analogue exists for plaintiff's speech. *See Weintraub v. Bd. of Educ. of City Sch. Dist. of New York*, 593 F.3d at 204 (citing with approval *Freitag v. Ayers*, 468 F.3d 528, 545 (9th Cir. 2006)).

The complaint also alleges that all three instances of plaintiff's speech involved matters of public concern. The complaint supports a reasonable inference that allegations regarding adoption of the school budget and CEP, budget allocations, possible misconduct by the Principal and Assistant Principal, corporal punishment, and false accusations were not calculated to redress plaintiff's personal grievances, but instead had a "broader public purpose." *See Ruotolo*, 514 F.3d at 189 (quoting *Lewis v. Cohen*, 165 F.3d 154, 163–64 (2d Cir. 1999)).

II.  <u>New York Civil Service Law Section 75-b Claim</u>

"[I]n order to state a claim under § 75–b, plaintiff must allege the following: (1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of a law, rule, or regulation that endangers public health or safety, or (b) which she

4

reasonably believes to be true and which she reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action." *Burns v. Cook*, 458 F. Supp. 2d 29, 44–45 (N.D.N.Y. 2006).

Defendants argue for dismissal on four grounds. First, defendants argue that plaintiff has failed to state a claim because plaintiff does not assert why he believed there was a violation of a law, rule, or regulation, or specify which law he believes was violated. However, plaintiff's allegations that he believed violations existed regarding adoption of the budget and CEP after reviewing the Chancellor's regulations and New York State Education Law are sufficient to survive a motion to dismiss. *See Burns*, 458 F. Supp. 2d at 44–45.

Second, defendants argue that plaintiff failed to allege that he gave the Department of Education a reasonable time to take appropriate action as required by § 75-b(2)(b). The complaint supports an inference that plaintiff complained to the SLT and UFT in December 2011 or January 2012, and reported to the SCI on January 26, 2012. (Compl. at ¶¶ 16–21.) The Court cannot hold at this stage that this was an unreasonable amount of time. *Cf. Postert v. Dep't of Educ. of the City of New York*, No. 114178/10, 2012 N.Y. Misc. LEXIS 1580, at *2–3, 7 (N.Y. Sup. Ct. Apr. 5, 2012).

Third, defendants argue that plaintiff may not sue in federal court because he is subject to a collective bargaining agreement. *See* N.Y. C.S.L. §75-b(3)(b)–(c). However, defendants cite cases decided at the summary judgment stage, not the motion to dismiss stage. The Court declines to dismiss plaintiff's claim pursuant to § 75-b(3) before the parties have an opportunity to develop the facts surrounding the collective bargaining agreement.

Fourth, defendants argue that plaintiff's speech does not satisfy § 75-b(2)(a) because it does not allege a danger to public health or safety. This argument is unavailing because a danger

to public health or safety is only a requirement pursuant to § 75-b(2)(a)(i), and plaintiff has pled a plausible claim pursuant to § 75-b(2)(a)(ii).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Doc. No. 17) is DENIED in its entirety. This case is committed to the assigned Magistrate Judge for supervision of all pre-trial matters.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge