UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANCESCO PORTELOS

                                           Plaintiffs,

-against-

CITY OF NEW YORK; NEW YORK DEPARTMENT OF
EDUCATION; DENNIS WALCOTT, CHANCELLOR OF
NEW YORK CITY DEPARTMENT OF EDUCATION;
LINDA HILL, PRINCIPAL OF I.S. 49, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY,

                                           Defendants.

**ANSWER TO THE COMPLAINT**

No. 12 CV 3141 (RRM)(VS)

-------------------------------------------------------------------- x

        Defendants, City of New York ("City"), New York City Department of Education ("DOE"), Dennis Walcott, and Linda Hill, (collectively referred to as "Defendants") by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for their Answer to the Complaint herein, respectfully alleges as follows:

        1.    Deny the allegations set forth in paragraph numbered "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph numbered "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to state the basis for jurisdiction in this Court as set forth therein.

        4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that venue is properly laid in the United States District Court for the Eastern District of New York.

5. Deny the allegations set forth in paragraph numbered "5" of the Complaint, and respectfully refers the Court to the statute referred to therein for a true and accurate statement of it contents.

6. Deny the allegations set forth in paragraph numbered "6" of the Complaint, except admit that plaintiff seeks to invoke the supplemental jurisdiction of this court as set forth therein.

7. Deny the allegations set forth in paragraph numbered "7" of the Complaint, except admit that plaintiff filed a notice of claim on May 21, 2012 with the New York City Comptroller.

8. Deny knowledge or information sufficient to form a belief to the allegations set forth in paragraph numbered "8" of the Complaint.

9. Deny the allegations set forth in paragraph numbered "9" of the Complaint, except admit that plaintiff is employed at the DOE as a tenured teacher, and refer the Court to the statutorily provision cited for a complete and accurate statement of its contents.

10. Deny the allegations set forth in paragraph numbered "10" of the Complaint, except admit that the DOE is a governmental entity operating a public school and refer the Court to the statutory provision cited.

11. Deny the allegations set forth in paragraph numbered "11" of the Complaint, except admit that Defendant Dennis Walcott was appointed Chancellor of the New York City Department of Education in April, 2011 and continues to serve in that role up to the present time.

12. Deny the allegations set forth in paragraph numbered "12" of the Complaint, except admit the Defendant Linda Hill has served as the Principal of I.S.49 from March 1, 2005 to the present time.

13. Deny the allegations set forth in paragraph "13" of the Complaint except admit that I.S. 49 is located within the Eastern District and that the DOE operates schools within the Eastern District.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph numbered "15" of the Complaint, except admit that in September 2007, plaintiff became a teacher at I.S. 49 and was supervised by Principal Linda Hill, and deny knowledge or information sufficient to form a belief as to whether plaintiff had a successful career in environmental engineering and inspection.

16. Admits the allegation set forth in paragraph numbered "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to allegations set forth in paragraph numbered "17" of the Complaint.

18. Deny the allegations set forth in paragraph numbered "18" of the Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff researched, believed and who he communicated these beliefs to.

19. Deny the allegations set forth in paragraph numbered "19" of the Complaint.

20. Deny the allegations set forth in paragraph numbered "20" of the Complaint, except deny knowledge and information sufficient to form a belief as to whether plaintiffs "raised concerns" with unidentified individuals.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph numbered "21" of the Complaint, except admit that, upon information and belief, plaintiff has made complaints to the Office of the Special Commissioner ("SCI") regarding incidents taking place at I.S. 49.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph numbered "23" of the Complaint, except admit that on or about February 28, 2012, SCI investigators did come to I.S. 49 and recover a computer from Plaintiff's classroom.

24. Deny the allegations set forth in paragraph numbered "24" of the Complaint, except admit that in April, 2012 Mr. Portelos reported as being on jury duty, and on April 16, 2012, an observation of Mr. Portelos' STEM class was conducted by A.P. Joanne Aguirre.

25. Deny the allegations set forth in paragraph numbered "25" of the Complaint, except admit that, upon information and belief, plaintiff made complaints to SCI on or about April 19, 2012 against Assistant Principal Denise Diacomanolis of corporal punishment and against Susanne Abramowitz and Richard Candia of false accusation.

26. Deny the allegations set forth in paragraph numbered "26" of the Complaint, except admit that on April 26, 2012, plaintiff was reassigned from his teaching duties at I.S. 49 and directed to report to administrative offices at the Petrides Educational Complex and

his DOE email account was suspended shortly thereafter because he was using it for improper purposes.

27. Deny the allegations set forth in paragraph "27" of the Complaint except admit that plaintiff was elected a United Federation of Teachers' school chapter leader in September 2012.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Complaint, except admit that as a reassigned employee, plaintiff is not eligible to engage in school-based activities and participate in per session work.

29. In response to paragraph number "29" of the Complaint, defendants repeat and reallege their responses to paragraphs numbered "1" through "28," the Complaint as if set forth fully herein.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to paragraph number "32" of the Complaint, Defendants repeat and reallege their responses to paragraphs numbered "1" through "31" the Complaint as if set forth fully herein.

33. Deny the allegation set forth in paragraph "33" of the Complaint

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in Paragraph "35" of the Complaint. .

36. Deny the allegations set froth in Paragraph "36" of the Complaint.

37. Defendants join the request made in Paragraph "37" of the Complaint, namely, requesting a trial by Jury.

38. Deny the allegations in the WHEREFORE clause of the Complaint, all subparagraphs inclusive.

### AS AND FOR A FIRST DEFENSE:

39. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

40. At all times relevant to the Complaint, the actions or omissions of Defendants were lawful, proper, in accordance with the Constitution and laws of the United States and the State of New York and the Charter and laws of the City of New York, and all applicable rules and regulations, were neither arbitrary nor capricious, were in good faith and without malice.

### AS AND FOR A THIRD DEFENSE:

41. Defendants are immune from liability under the doctrine of qualified immunity.

### AS AND FOR A FOURTH DEFENSE:

42. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

### AS AND FOR A FIFTH DEFENSE

43. All actions undertaken by defendants with respect to plaintiff's employment were based upon legitimate business reasons that were neither discriminatory nor retaliatory in any respect.

### AS AND FOR A SIXTH DEFENSE

44. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

### AS AN FOR A SEVENTH DEFENSE

45. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A EIGHTH DEFENSE:

46. The City of New York is not a proper party to this case.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed and that the relief sought therein be denied in all respects, together with such and further relief as the Court deems just and proper.

Dated:        March 14, 2013

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendant DOE
        100 Church Street
        New York, New York  10007
        (212) 788-0870

By:        /s/
        Jessica Giambrone
        Assistant Corporation Counsel
        jgiambro@law.nyc.gov

TO:   GLASS KRAKOWER LLP
      100 Church Street, 8th Floor
      New York, New York 10007
      212.537.6859
      Attention: Bryan Glass, Esq.

## **VERIFICATION**

Robin F. Singer, an attorney in the New York City Department of Education's Office of Legal Services, hereby affirms that she has read the foregoing VERIFIED ANSWER, and knows the contents thereof to be true, except as to the matters therein alleged upon information and belief and, as to those matters, she believes them to be true; that the source of this information and the basis for her belief are the books and records of DOE and from statements made to her by certain officers or agents of DOE, and from personal knowledge.

Dated: March 14, 2013

*/s/ Robin F. Singer*
ROBIN F. SINGER

## AFFIRMATION OF SERVICE

**JESSICA GIAMBRONE** affirms, pursuant to Rule 2106 of the Civil Practice Law and Rules, and under penalty of perjury, that I am over the age of 18 and not a party to this proceeding, and that on March 14, 2013, I served the foregoing **Verified Answer** by first class mail of the United States Postal Service, post paid and properly addressed and wrapped, in an official depository of the United States Post Office, to the following address:

> GLASS KRAKOWER, LLP
> Bryan Glass, Esq.
> Attorney for Plaintiff
> 100 Church Street, 8th Floor
> New York, NY 10007

These addresses are within the State, were designated by the petitioner for the purpose of service of process, and such service of process was completed using the two methods stated above.

Dated:   New York, New York
         March 15, 2013

_____
Jessica Giambrone

12 CV 3141 (RRM)(VS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS

                          Plaintiffs,

-against-

CITY OF NEW YORK; NEW YORK DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                          Defendants

**DEFENDANTS' ANSWER**

MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Municipal Defendants
100 Church Street, Room 2-123
New York, New York 10007-2601


Of Counsel: Jessica Giambrone
Tel.: 212-788-6760
Jgiambro@law.nyc.gov

Law Manager No. 2012-029495

*Due and timely service is hereby admitted.*

New York, N.Y. ......................................................., 2013

..............................................................................

Attorney for