12 CV 3141 (RRM)(VS)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

FRANCESCO PORTELOS,

                                         Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                                         Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

**GLASS KRAKOWER LLP**

Attorneys for Plaintiff
100 Church Street, 8th floor
New York, NY 10007

Bryan D. Glass, Esq.
Tel: 212-537-6859
bg@glasskrakower.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANCESCO PORTELOS,

                                                          12 CV 3141 (RRM)(VS)

                    Plaintiff,
   -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION; LINDA
HILL, PRINCIPAL OF I.S. 49 IN HER OFFICIAL
AND INDIVIDUAL CAPACITY,

                    Defendants.
-------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

Plaintiff FRANCESCO PORTELOS, by his attorneys, GLASS KRAKOWER LLP, submits this response memorandum of law in response to Defendants' motion for a protective order. Defendants' motion should be denied, as it is overly broad, and Defendants have not established good cause for the protective order.

### ARGUMENT

### DEFENDANTS HAVE NOT DEMONSTRATED GOOD CAUSE FOR A PROTECTIVE ORDER

A court may only issue a protective order if there is a showing of good cause as required by Rule 26(c). It is the burden of the party seeking the order to show that good cause exists for issuance of the order. *See Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 7913 (LBS), 2012 WL 3288240, at *9 (S.D.N.Y. Aug. 6, 2012). To establish "good cause" under FRCP Rule

1

26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1302 (CSH), 1995 WL 234710, at *10 (S.D.N.Y. April 20, 1995) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* at 10.

Defendants have not demonstrated good cause, in that they have not alleged a sufficiently specific injury. Defendants state that the "very ability of Principal Hill to effectuate the school's business in communicating with her staff is being impeded," but give no examples of how this has already happened or will happen. Along the same lines, Defendants argue that Plaintiff wishes "to halt any of his colleagues from cooperating to communicating with the administration of I.S. 49," but again gives no examples of how this has happened or how this will happen if Plaintiff continues posting on his blog. Defendants simply state that Plaintiff, by referencing several of his former colleagues as "moles," and by insinuating that some of his former colleagues engage in unethical practices, is impeding his former administration's ability to communicate with its staff. Notwithstanding the fact that Plaintiff is engaging in a public duty by shedding light on unethical behavior of DOE employees,[1] Defendants fail to establish any nexus between their conclusory allegations and the examples given. Defendants, in essence, have engaged in exactly the type of "stereotyped and conclusory statements" defined by the *Cipollone* court.

---

[1] Plaintiff is still the duly elected United Federation of Teachers Chapter Leader of his school, and as such has a duty to share information with members of his union necessary to prevent potential harm to their careers.

Additionally, Defendants' motion is overly broad. It lacks specificity in that it asks for a protective order to be granted for "all electronic emails referring to non-party administrators, teachers and paraprofessionals at I.S. 49 to be found confidential. Defendants have presented no argument for why "all electronic emails" should be found confidential by the court. They include a "sampling of emails" as their Exhibit D, but they do not allege how "all electronic emails" would lead to a specific and serious injury.

Furthermore, Defendants argue that the privacy interests of third parties should weigh heavily in a court's decision as to whether to hold information confidential. Although Defendants are correct that courts should weigh the privacy interests of third parties in their decision, courts are typically concerned with the disclosure of personal identifying information to the public, which is not the case here. Personal information is "information about an individual that, if widely known, would reasonably cause that individual embarrassment, discomfort, or concern." *See, e.g., Burgess v. Town of Wallingford*, 2012 WL 4344194 (D. Conn. 2012) (issuing a protective order redacting personal *identifying* information in deposition transcripts) (emphasis added). Thus, courts are concerned about identifying information such as an individual's social security number. Plaintiff has not and is not disclosing such information as this on his blog.

Finally, there is a presumption of public access to documents pursuant to the New York State Freedom of Information Law, found at Public Officers Law, Article 6, Section 84. ("Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality. The legislature therefore declares that government is the public's business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article."). The discovery

3

documents at issue here were already requested by Plaintiff pursuant to the FOIL statute, and the response to these documents was repeatedly delayed by the NYCDOE FOIL officer for over a year. Given that these documents are otherwise accessible via FOIL (assuming the NYCDOE actually complies with the statutory mandate), good cause does not exist for issuance of a protective confidentiality order in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for a protective order, and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 25, 2013

Respectfully submitted,

**GLASS KRAKOWER LLP**
Attorneys for Plaintiff Francesco Portelos
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859

By: _____/s/_____
BRYAN D. GLASS, ESQ.