UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

FRANCESCO PORTELOS

                                    Plaintiffs,

                 -against-

CITY OF NEW YORK; NEW YORK DEPARTMENT OF
EDUCATION; DENNIS WALCOTT, CHANCELLOR OF
NEW YORK CITY DEPARTMENT OF EDUCATION;
LINDA HILL, PRINCIPAL OF I.S. 49, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY; ERMINIA
CLAUDIO, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY AS DISTRICT SUPERINTENDENT,

                                    Defendants.

----------------------------------------------------------------------- x

**ANSWER TO THE
SUPPLEMENTAL
COMPLAINT**

No. 12 CV 3141 (RRM)(VS)

         Defendants, City of New York ("City"), New York City Department of Education

("DOE"), Dennis Walcott, Linda Hill, and Erminia Claudio (collectively referred to as

"Defendants") by their attorney, ZACHARY W. CARTER, Corporation Counsel of the City of

New York, as and for their Answer to the Supplemental Complaint herein, respectfully alleges as

follows:

                 1.      Deny the allegations set forth in paragraph numbered "1" of the

Supplemental Complaint, except admit that plaintiff purports to proceed as set forth therein.

                 2.      Deny the allegations set forth in paragraph numbered "2" of the

Supplemental Complaint, except admit that plaintiff purports to proceed as set forth therein.

                 3.      Deny the allegations set forth in paragraph "3" of the Supplemental

Complaint, except admit that plaintiff purports to state the basis for jurisdiction in this Court as

set forth therein.

4.      Deny the allegations set forth in paragraph "4" of the Supplemental Complaint, except admit that venue is properly laid in the United States District Court for the Eastern District of New York.

5.      Deny the allegations set forth in paragraph numbered "5" of the Supplemental Complaint, and respectfully refers the Court to the statute referred to therein for a true and accurate statement of it contents.

6.      Deny the allegations set forth in paragraph numbered "6" of the Supplemental Complaint, except admit that plaintiff seeks to invoke the supplemental jurisdiction of this court as set forth therein.

7.      Deny the allegations set forth in paragraph numbered "7" of the Supplemental Complaint, except admit that plaintiff filed a notice of claim on May 21, 2012 with the New York City Comptroller.

8.      Deny knowledge or information sufficient to form a belief to the allegations set forth in paragraph numbered "8" of the Supplemental Complaint.

9.      Deny the allegations set forth in paragraph numbered "9" of the Supplemental Complaint, except admit that plaintiff is employed at the DOE as a tenured teacher, and refer the Court to the statutorily provision cited for a complete and accurate statement of its contents.

10.      Deny the allegations set forth in paragraph numbered "10" of the Supplemental Complaint, except admit that the DOE is a governmental entity operating a public school and refer the Court to the statutory provision cited.

11.      Deny the allegations set forth in paragraph numbered "11" of the Supplemental Complaint, except admit that Defendant Dennis Walcott was appointed Chancellor

of the New York City Department of Education in April, 2011 and served in that position until December 31, 2013.

   12. Deny the allegations set forth in paragraph numbered "12" of the Supplemental Complaint, except admit the Defendant Linda Hill has served as the Principal of I.S.49 from March 1, 2005 to the present time.

   13. Deny the allegations set forth in paragraph numbered "13" of the Supplemental Complaint, except admit that Defendant Erminia Claudio served as superintendent of District 31 of the DOE from September 1, 2010 until September 1, 2013.

   14. Deny the allegations set forth in paragraph "14" of the Supplemental Complaint except admit that I.S. 49 is located within the Eastern District and that the DOE operates schools within the Eastern District.

   15. Deny the allegations set forth in paragraph "15" of the Supplemental Complaint.

   16. Deny the allegations set forth in paragraph numbered "16" of the Supplemental Complaint, except admit that in September 2007, plaintiff became a teacher at I.S. 49 and was supervised by Principal Linda Hill, and deny knowledge or information sufficient to form a belief as to whether plaintiff had a successful career in environmental engineering and inspection.

   17. Admit the allegation set forth in paragraph numbered "17" of the Supplemental Complaint.

   18. Deny knowledge or information sufficient to form a belief as to allegations set forth in paragraph numbered "18" of the Supplemental Complaint.

19.     Deny the allegations set forth in paragraph numbered "19" of the Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff researched, believed, and who he communicated these beliefs to.

20.     Deny the allegations set forth in paragraph numbered "20" of the Supplemental Complaint.

21.     Deny the allegations set forth in paragraph numbered "21" of the Supplemental Complaint, except deny knowledge and information sufficient to form a belief as to whether plaintiff "raised concerns" with unidentified individuals.

22.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph numbered "22" of the Supplemental Complaint, except admit that, upon information and belief, plaintiff has made complaints to the Office of the Special Commissioner of Investigation ("SCI") regarding incidents taking place at I.S. 49.

23.     Deny the allegations set forth in paragraph "23" of the Supplemental Complaint, except admit that, upon information and belief, in the winter of 2012, Principal Hill did attempt to suspend plaintiff's access to Dreyfus49.com.

24.     Deny the allegations set forth in paragraph "24" of the Supplemental Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Supplemental Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph numbered "26" of the Supplemental Complaint, except admit that on or about February 28, 2012, SCI investigators did come to I.S. 49 and recovered a computer from Plaintiff's classroom.

- 4 -

27.     Deny the allegations set forth in paragraph numbered "27" of the Supplemental Complaint, except admit that plaintiff submitted a jury service certificate in March 2012, and further admit that on March 16, 2012, an informal observation of Mr. Portelos' STEM class was conducted by A.P. Joanne Aguirre.

28.     Deny the allegations set forth in paragraph numbered "28" of the Supplemental Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Supplemental Complaint.

30.     Deny the allegations set forth in paragraph numbered "30" of the Supplemental Complaint, except admit that, upon information and belief, plaintiff made complaints to SCI on or about April 19, 2012 against Assistant Principal Denise Diacomanolis of corporal punishment and against Susanne Abramowitz and Richard Candia of false accusation.

31.     Deny the allegations set forth in paragraph numbered "31" of the Supplemental Complaint, except admit that on April 26, 2012, plaintiff was reassigned from his teaching duties at I.S. 49 and directed to report to administrative offices at the Petrides Educational Complex and his DOE email account was suspended shortly thereafter.

32.     Deny the allegations set forth in paragraph numbered "32" of the Supplemental Complaint, except admit that plaintiff was reassigned from the Petrides Educational Complex to the central office of his assigned network, i.e. the Children First Network (hereinafter referred to as "CFN") 211, which is located in Queens County, New York.

33.     Deny the allegations set forth in paragraph "33" of the Supplemental Complaint except admit that plaintiff was elected a United Federation of Teachers' school chapter leader in September 2012.

34.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Supplemental Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Supplemental Complaint, except admit that plaintiff was assigned to the CFN 211 network office located in Queens County, New York from May 1, 2012 through September 3, 2013.

36.    Deny the allegation set forth in paragraph "36" of the Supplemental Complaint, except admit that plaintiff was assigned to an individual work space.

37.    Deny the allegations set forth in paragraph "37" of the Supplemental Complaint.

38.    Deny knowledge or information sufficient to form a belief as to plaintiff's intentions as alleged in paragraph "38" of the Supplemental Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Supplemental Complaint, except admit that in October, 2012, the DOE did release a statement concerning plaintiff.

40.    Deny the allegations set forth in paragraph "40" of the Supplemental Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the allegation set forth in paragraph "41" of the Supplemental Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Supplemental Complaint, except admit, that upon information and belief, plaintiff did speak at a Staten Island District 31 Community Education Council (CEC) meeting in December 2012.

43.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Supplemental Complaint, except admit, that upon information and belief, plaintiff has spoken publicly at various CEC meetings.

44.     Deny the allegations set forth in paragraph "44" of the Supplemental Complaint except admit that plaintiff has been precluded from attending I.S. 49 SLT meetings on account of his being barred from the school due to his reassignment and further state that the New York Supreme Court has held, in a case brought by plaintiff herein, that SLT meetings are not governed by the Open Meetings Law. See Matter of Portelos v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 2013 N.Y. Misc. LEXIS 5170, *7–8 (N.Y. Sup. Ct. Nov. 4, 2013).

45.     Deny the allegations set forth in paragraph "45" of the Supplemental Complaint

46.     Deny the allegations set forth in paragraph "46" of the Supplemental Complaint, except admit that SCI publically issued the results of its investigation of plaintiff on April 25, 2013; further, DOE has since initiated termination proceedings against plaintiff based, in part, upon the wrongdoing identified by SCI.

47.     Deny the allegations set forth in paragraph "47" of the Supplemental Complaint, except admit that following SCI's investigatory findings, plaintiff was charged by the DOE and a termination proceeding commenced.

48.     Deny the allegations set forth in paragraph "48" of the Supplemental Complaint, except admit that, since plaintiff's reassignment from I.S. 49,  he has been barred by the DOE from entering the school, including for purposes of attending any SLT meetings.

49.     Deny the allegations set forth in paragraph "49" of the Supplemental Complaint, except admit that plaintiff has been charged by the DOE with 38 specifications of misconduct and direct the Court to the document in question for a true and accurate statement of its contents.

50.     Deny the allegations set forth in paragraph "50" of the Supplemental Complaint, except admit that an arbitration hearing between the DOE and plaintiff was held on June 20, 2013.

51.     Deny the allegations set forth in paragraph "51" of the Supplemental Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Supplemental Complaint, except admit that Principal Linda Hill has previously discussed the Sandy Hook tragedy with DOE officials and has expressed concern for the safety of the I.S. 49 staff and student body.

53.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "53" of the Supplemental Complaint, except admit that as a reassigned employee, plaintiff is not eligible to engage in school-based activities and participate in per session work.

54.     In response to paragraph number "54" of the Supplemental Complaint, defendants repeat and reallege their responses to paragraphs numbered "1" through "53," the Complaint as if set forth fully herein.

55.     Deny the allegations set forth in paragraph "55" of the Supplemental Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Supplemental Complaint.

57.     In response to paragraph number "57" of the Supplemental Complaint, Defendants repeat and reallege their responses to paragraphs numbered "1" through "56" the Supplemental Complaint as if set forth fully herein.

58.     Deny the allegation set forth in paragraph "58" of the Supplemental Complaint

59.     Deny the allegations set forth in paragraph "59" of the Supplemental Complaint.

60.     Deny the allegations set forth in Paragraph "60" of the Supplemental Complaint.

61.     Deny the allegations set forth in Paragraph "61" of the Supplemental Complaint.

62.     Defendants join the request made in Paragraph "37" of the Supplemental Complaint, namely, requesting a trial by Jury.

63.     Deny the allegations in the WHEREFORE clause of the Complaint, all subparagraphs inclusive.

### AS AND FOR A FIRST DEFENSE:

64.     The Supplemental Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

65.     At all times relevant to the Supplemental Complaint, the actions or omissions of Defendants were lawful, proper, in accordance with the Constitution and laws of the United States and the State of New York and the Charter and laws of the City of New York,

and all applicable rules and regulations, were neither arbitrary nor capricious, were in good faith and without malice.

### AS AND FOR A THIRD DEFENSE:

66.     Defendants are immune from liability under the doctrine of qualified immunity.

### AS AND FOR A FOURTH DEFENSE:

67.     Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

### AS AND FOR A FIFTH DEFENSE

68.     All actions undertaken by defendants with respect to plaintiff's employment were based upon legitimate business reasons that were neither discriminatory nor retaliatory in any respect.

### AS AND FOR A SIXTH DEFENSE

69.     The Supplemental Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

### AS AN FOR A SEVENTH DEFENSE

70.     The Supplemental Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR AN EIGHTH DEFENSE:

71.     The City of New York is not a proper party to this case.

**WHEREFORE**, Defendants respectfully request that the Supplemental Complaint be dismissed and that the relief sought therein be denied in all respects, together with such and further relief as the Court deems just and proper.

Dated:          February 5, 2014

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007
(212) 356-2460

By:    _____
          Jessica Giambrone
          Assistant Corporation Counsel
          jgiambro@law.nyc.gov

TO:    GLASS KRAKOWER LLP
          100 Church Street, 8th Floor
          New York, New York 10007
          212.537.6859
          Attention: Bryan Glass, Esq.

**VERIFICATION**

Rebecca Chasan, an attorney in the New York City Department of Education's Office of Legal Services, hereby affirms that she has read the foregoing VERIFIED ANSWER TO THE SUPPLEMENTAL COMPLAINT, and knows the contents thereof to be true, except as to the matters therein alleged upon information and belief and, as to those matters, she believes them to be true; that the source of this information and the basis for her belief are the books and records of DOE and from statements made to her by certain officers or agents of DOE, and from personal knowledge.

REBECCA CHASAN

12 CV 3141 (RRM)(VS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS

Plaintiffs,

-against-

CITY OF NEW YORK; NEW YORK DEPARTMENT
OF EDUCATION; DENNIS WALCOTT,
CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; LINDA HILL,
PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY; ERMINIA CLAUDIO, IN
HER OFFICIAL AND INDIVIDUAL CAPACITY AS
DISTRICT SUPERINTENDENT,

Defendants

**DEFENDANTS' ANSWER TO THE
SUPPLEMENTAL COMPLAINT**

ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-172
New York, New York  10007-2601


Of  Counsel:  Jessica Giambrone
Tel.:  212-356-2460
Jgiambro@law.nyc.gov

Law Manager No. 2012-029495

*Due and timely service is hereby admitted.*

New York, N.Y.   ................................................., 2014

...............................................................................

Attorney for