

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA GIAMBRONE
Senior Counsel
Labor and Employment Law Division
Phone: (212)356-2460
Email: jgiambro@law.nyc.gov

May 1, 2014

Via ECF

Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re   Portelos v. City of New York, et al.
           12 Civ. 3141 (RRM)(VMS)

Dear Judge Scanlon:

      Attached please find an executed confidentiality agreement and proposed protective order for your review. On an unrelated note, the parties have been ordered to discuss the possibility of entering into a supplemental electronic discovery agreement. The parties are actively discussing the terms of any such agreement and respectfully request an additional week, until May 7, 2014, to attempt to reach such an agreement. Upon resolving this issue, the parties will apprise the Court forthwith as to the agreed upon terms.

                      Respectfully submitted,
                      /s/
                      Jessica Giambrone
                      Assistant Corporation Counsel

cc:    Bryan Glass, Esq. (By ECF)
        Glass Krakower, LLP
        Attorneys for Plaintiff
        100 Church Street, 8th Floor
        New York, New York 10006
        Phone: (212) 537-6859
        bg@glasskrakower.com

Case 1:12-cv-03141-RRM-VMS   Document 47   Filed 05/01/14   Page 2 of 7 PageID #: 354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

FRANCESCO PORTELOS,

                              Plaintiff,

- against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION;
LINDA HILL, PRINCIPAL OF I.S. 49,
IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
ERMINIA CLAUDIO, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY AS DISTRICT
SUPERINTENDENT,

                              Defendants.

**STIPULATION AND PROTECTIVE ORDER**

12 CV 3141 (RMM)(VS)

------------------------------------------------------------ x

      **WHEREAS**, defendants intend to produce discovery in this action which defendants deems confidential; and

      **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between parties, by and through their respective undersigned counsel, as follows:

      1. As used herein, "Confidential Materials" shall mean all documents provided by defendants' counsel that are contained in the:

          a) investigatory files of the Special Commissioner of Investigation for the New York City School District ("SCI") and the Office of Special Investigations ("OSI") concerning unsubstantiated complaints initiated by the plaintiff.

b) The un-redacted investigatory files of the Special Commissioner of Investigation for the New York City School District ("SCI") and the Office of Special Investigations ("OSI") concerning complaints against the plaintiff.

c) Unsubstantiated Office of Equal Employment Opportunity, medical, investigative, disciplinary or other files of defendants concerning current or former employees, and the information contained therein.

Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action or for use in the defense of his pending 3020-a proceeding.

2. Plaintiff shall not disclose the Confidential Materials to any person, party or entity, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b. Disclosure before trial may be made to an expert who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, with plaintiff's counsel defending him at the related 3020-a proceeding, and before the arbitrator at the related 3020-a proceedings, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the

prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff and a copy shall be furnished to defendant's attorneys upon its request.

3. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

4. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

5. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

6. Within thirty (30) days after the termination of this case, including any appeals, and thirty (30) days after written request by defendants to plaintiff's counsel, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned by plaintiff to the defendants' counsel.

- 3 -

7. It is further agreed between the parties that defendants shall redact from any and all files provided by defendants the following: a. all personal identifying information of minor students as required by 20 U.S.C. 1232g(b)(2)(B) and b. any personal banking records contained therein[1].

The Court may in its sole discretion modify this order — the public interest.

The trial judge will make all decisions as to the confidentiality of any confidential materials offered at trial.

---

[1] Plaintiff may make a request to the defendants for un-redacted portions of any banking records following receipt and review of the investigatory files.

- 4 -

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:   New York, New York
         April 30, 2014

Bryan S. Glass, Esq.                         MICHAEL A. CARDOZO
GLASS KRAKOWER LLP                           Corporation Counsel of the
*Attorneys for Plaintiff*                        City of New York
100 Church Street, 8th Floor                 Attorney for Defendants
New York, New York 10007                     100 Church Street, Room 2-172
(212) 537-6859                               New York, New York 10007
                                             Tel: (212) 356-2460
                                             jgiambro@law.nyc.gov

By: _____              By: _____
    Bryan Glass, Esq.                        Jessica Giambrone
                                             Assistant Corporation Counsel

SO ORDERED: *as modified*

_____6/18/14_____                        _____/s/:VMS_____
      Date                                        U.S.D.J.

-5-

Docket No. 12 Civ. 3141 (RMM)(VS)

| UNITED STATES DISTRICT COURT |
| EASTERN DISTRICT OF NEW YORK |

FRANCESCO PORTELOS,

                          Plaintiff,

-against-

N CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION; LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY,

                         Defendants.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-172*
*New York, N.Y. 10007*

Of Counsel: Jessica Giambrone
Tel: (212) 356-2460
Email: jgiambro@law.nyc.gov

City No.: 2012-029495

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y. .................................., 2013

*Signed:* ...................................................................

*Attorney for*................................................................