**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

E-mail: bg@glasskrakower.com

*Bryan D. Glass*
   Partner

September 19, 2014

*Via email scanlon_chambers@nyed.uscourts.gov[1]*
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

      Re:    **Francesco Portelos v. New York City Department of Education et al., 12 Civ. 3141 (RRM) (VMS)**
            **Plaintiff's Request for Leave to File Supplemental/Amended Complaint and Additional Discovery Updates**

Dear Magistrate Judge Scanlon:

    Plaintiff submits this letter motion to request that the Court grant leave to file the attached second amended/supplemental complaint in the above-referenced action. We also write as a status update of Plaintiff's position regarding some of the issues raised at the most recent September 5, 2014 discovery status conference before Your Honor. We further write to apprise Your Honor that the parties have agreed to continue nonparty former HR director Andrew Gordon's deposition commencing at 2:30 pm on October 2, 2014, but Plaintiff respectfully request the opportunity to call him again if the DOE does not provide the documents promised in discovery regarding relevant Gordon emails at least a week before his deposition date.

      **I.**    **Leave to Amend or Supplement the First Amended Complaint.**

    The Court should grant leave to amend or supplement the first amended complaint with the second amended/supplemental complaint previously provided to the Court, and annexed again hereto. It is well-established that leave to amend is generally liberally granted, and the

---

[1] This letter is being sent via email rather than ECF because some of the content herein may be considered covered by the existing confidentiality order in this action.

1

factors in considering whether a Court should grant leave to amend significantly weighs in favor of granting Plaintiff leave to do so.  Specifically, Defendants cannot demonstrate the presence of any of the "adverse factors" required to oppose leave to amend here; *i.e.,* undue delay, bad faith, prejudice to the defendants, or futility of the amendment.  See Federal Rules of Civil Procedure 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This action was filed over two years ago and yet the matter is still in the discovery stage. The reason is that Plaintiff filed a complaint alleging retaliatory acts, by the Defendants, after the Plaintiff raised matters of public concern at his community school I.S. 49, in January 2012. Since the filing of the original complaint, Plaintiff continued to raise additional matters of public concern, and in turn Defendants continued a pattern of new retaliatory acts against him. This has led to the necessity for substantial additional discovery in this action, which in turn uncovered additional evidence and connections to the ongoing acts of retaliation against Plaintiff.

Plaintiff is now seeking to amend the complaint for a second time.  The first time was when, after reviewing initial discovery provided by Defendants, Plaintiff found evidence of additional parties involved in these retaliatory acts.  Since the initial discovery was provided, not only has the Court ordered the release of additional material, but Defendants continued their attacks on the Plaintiff.  Unfortunately this is not a case of a one time incident that led to a single responsive act, but rather a long journey in a game of tug-of-war where the Plaintiff has raised over 20 issues and complaints, that are of public concern, and in turn has had over 60 investigations and charges launched against him by Defendants.

It is respectfully requested that the Court now grant leave to amend to include the continuing reporting of frivolous allegations against the Plaintiff, primarily relating to damages for his false arrest that stemmed from a public blogpost that was found not criminal or worth prosecuting, and the planting and manipulation of evidentiary files by the NYC Special Commissioner of Investigation, the substantial fine imposed in the Section 3020-a proceeding against Plaintiff for acting as a concerned community parent, and his prevention from being made whole in a permanent position after his Section 3020-a hearing as he was when he first raised these concerns.

Below is an email relevant to the additional pleadings in the second amended/supplemental complaint:



Based on this email and the false arrest, additional limited discovery would be necessary to determine ▉▉▉▉▉▉▉ identity and motives, and the decision-making process regarding Defendants' decision to file a criminal complaint against Plaintiff with the NYPD. Rather than Plaintiff commencing a separate action altogether, it would be in the interest of judicial efficiency and economic preservation of judicial resources to have this claim encompassed in the instant action, as well as Plaintiff add factual allegations of any new retaliatory actions to date. Defendants have not finished deposing Plaintiff, so there would be no real prejudice in allowing Defendants to ask questions raised by these additional factual allegations in the complaint.

Thank you for consideration to allow Plaintiff to file the instant second amended/supplemental complaint at this time.

## II. Outstanding Discovery Issues

On April 17, 2014, during a phone conference with Defendants' counsel and Your Honor, Plaintiff discussed requests pertaining to electronic discovery. Specifically, Plaintiff requested all "Portelos related investigation files from the NYC Special Commissioner of Investigation (SCI), the NYC Department of Education's Office of Special Investigation (OSI) and Office of Equal Opportunity." These included both investigations commenced by Defendants against Plaintiff and investigations the Plaintiff initiated against Defendants. The reason for these requests was to make a connection between the Plaintiff raising matters of public concern and retaliatory actions by the DOE, the City, and/or its agencies.

During that phone conference on April 17, 2014, Your Honor stated: *"...this is a lawsuit about alleged government failure to conduct appropriate investigations. And so totally understand that the defendant's position is that that's not true. You know, we've handled these things appropriately and I assume SCI's – by extension, that would be the same argument that they would make. But how do we get to the heart of the question that the plaintiff is raising..."*

On Page 24 of that transcript, Your Honor stated: *"Well, correct me if I'm wrong, but it seems like his claim is, I've made multiple complaints, I make serious allegations, there is evidence about it that supports me being a person making reasonable complaints, and by looking at the investigations you would know that, so that would be to plaintiff's point if there is – these investigation files are valuable sources of information. And for whatever reason, and we don't know what that is yet, either -- possible things that happened are they ignore it because it's coming from me. They do a half-baked investigation because it's coming from me. They say bad things about me. They suggest that I should be shut down and punished and whatever, and, you know, the likelihood of this in writing gets less and less and less. But the implication being that plaintiff's complaints are not afforded the appropriate consideration and investigation. And that would support, again by extension, his position that there was retaliation because they are not handling the complaints, not taking them seriously, not interested in what he has to say, and the extension being, they don't want him to continue to do this."*

In the statements above, Your Honor captured and reiterated Plaintiff's thoughts with regard to the investigations the Plaintiff initiated. *"How can he [the Plaintiff] be a whistleblower when he is always wrong?"* Was he wrong though?  Even with the discovery files, furnished by the Defendants, having countless areas of over-redaction in violation of the April 17, 2014 order to submit unredacted material, discovery files provided and reviewed by Plaintiff ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ by Plaintiff, many ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Page 53 Your Honor states: `"By 5/16 you're going to produce the files that you're` **`not redacting,`** `5/30 you're producing the ones that you are redacting."`

We ask that the Court intervene and reaffirm its order from April 17, 2014 and have the Defendant's counsel produce the discovery items with only the redactions we had agreed upon (i.e., bank information, social security numbers, student names) without continuing random and excessive over-redaction that has occurred so far.

<u>Basis supporting this request:</u>

An anonymous informant allegedly working within the DOE Office of Special Investigation left Plaintiff a packet containing information about alleged corruption at OSI.  The

4

excerpt below indicates that the former director, Candace McLaren, informed investigators not to use the Plaintiff's name in emails so they cannot be easily obtained through FOIL.

> We have been told by McLaren that when we send emails about Francisco Portelos and Betsy Combier we should call them by their initials "FP" and "BC" so that when they FOIL the emails they won't get them.

The directive above appears to have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Redactions of discovery items provided to Plaintiff were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



In a case where the Plaintiff alleged corporal punishment on a student by an assistant principal in his school, Plaintiff was told the allegation was unsubstantiated ████████ ████████



Evidence shows that the first case against Principal Hill involving financial misconduct alleged by Plaintiff was substantiated ████████████████. This was just as the Plaintiff's 3020-a termination hearing commenced by DOE against him was starting. The first

attempt by Defendants to release the findings were not until July 2014 when the Plaintiff contacted OSI to inquire about the status, and only after his Section 3020-a proceeding was completed.  This indicates a deliberate attempt by Defendants to further delay disclosing any exculpatory or relevant evidence that would help the Plaintiff in his case and defense of Section 3020-a charges against him.



The fact that Defendants have withheld or severely redacted items such as former HR director Andrew Gordon's emails, for over a year and a half, as well as current HR Director Katherine Rodi emails, is of great concern as to the completeness and thoroughness of Defendants' discovery responses.

Based on the above, it is respectfully requested that Defendants be ordered to provide the full package of unredacted items as had been originally ordered by the Court, as well as all the items we clarified during the last conference, including the status of Plaintiff's initiated DOE Office of Equal Employment Opporunity (OEO) complaints.

Plaintiff finally respectfully requests that Your Honor reconsider at least having some of the information above be deemed non-confidential and beyond the scope of the confidentiality order in this case.  and Plaintiff seeks to notify higher investigative bodies of some of the facts above to ensure that the legitimacy of the investigative process.

Thank you for your consideration of this request.

> Respectfully submitted,
>
> /s/
> Bryan D. Glass, Esq.
> Attorney for Plaintiff

Enclosure (proposed second amended complaint)

c: Jessica Giambrone, Esq., Assistant Corporation Counsel, Attorney for Defendants (via ECF)