GLASS KRAKOWER LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

E-mail: bg@glasskrakower.com

*Bryan D. Glass*
   Partner

December 28, 2014

*Via ECF*
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

          Re:    **Francesco Portelos v. New York City Department of Education et al.,
                 12 CV 3141 (RRM) (VMS)
                 Privilege Issues**

Dear Magistrate Judge Scanlon:

      Plaintiff writes as a followup in accordance with Your Honor's request for clarification of privilege log objections following Tuesday's conference.

      Plaintiff believes that the attorneys mentioned in the Defendants' privilege log are actual decision-makers and not just giving, or being asked for, legal advice. Plaintiff also believes much of the communications the Defendants claim are privileged is more in the nature of ordinary course of business human resource decisions rather than legal advice.

      According to deposition testimony and document discovery, the person who made the decision to reassign Plaintiff was Courtenaye Jackson-Chase, currently the General Counsel of the NYC Department of Education. The attorneys of the department, who have their emails redacted, are using their status both as *sword and shield* and in fact appear to be co-conspirators in the retaliatory personnel actions against the Plaintiff. This issue is at the heart of the privilege objections raised by Plaintiff. *See* two examples below from deposition testimony in this case.

1

```
15     Q.  I said who had ultimate decision making
16  authority to remove him, and you identified
17  yourself as one of the people; and who was the
18  other person?
19     A.  The Chief Deputy General Counsel.
20     Q.  And who was that at that time?
21     A.  I believe it may have been Courtenaye
22  Jackson-Chase.
```

**Page 24 of the deposition of former Executive Director Andrew Gordon (5-16-13)**

```
From: Jackson-Chase Courtenaye [mailto:CJackson-Chase@schools.nyc.gov]
Sent: Thu 2/21/2013 10:47 PM
To: Adam Ross
Subject: FP

Can you or Mendel convince him to go to another school if I return him to service while the investigations continue?

Sent from my iPad
```

**The Defendant's General Counsel emailing the Plaintiff's union in regards to human resources decision making.**

Plaintiff's concerns and skepticism towards Defendants' privilege log stem from a difficult history of discovery issues in this case:

- The record shows statements originally made by Defendants where "thousands of emails" were searched and none matched the search criteria ordered by the Court. Surprisingly enough, when the Plaintiff pushed for another search, over 1,400 emails were suddenly furnished right before the deposition of the owners of those emails. Those emails were only furnished in the last two months and take up a bulk of the messages in the privilege log in question.

- Emails found as part of investigative files pertaining to Plaintiff that were ordered in April 2014 were not present in the email package that was furnished by Defendants in September 2013. According to the search criteria ordered by the court, they should have been included in the September 2013 batch. An example of this email was submitted as Exhibit 1 in our December 22, 2014 letter to the Court.

- Many redactions have been made by Defendants throughout the course of discovery. Attachments to furnished emails have also been omitted. The record will show that some of these redactions have been undone and previously omitted documents were furnished only after Plaintiff made several requests for such documents. In other words, the redactions and omissions were not warranted. The explanation given to

Plaintiff was:

"After further reconsideration and in a good
faith effort to avoid further delay, defendants
now withdraw their previously asserted privilege."

- Emails to and from non-DOE parties have also been redacted including the former lead investigator for an investigation against the Plaintiff after the investigator had left the Department of Education.

- Emails from agency directors, who happen to also be attorneys, are sometimes redacted and sometimes not. Plaintiff again believes the method of redacting director communication is arbitrary and used as a *sword and shield.*

- Defendants ignored the Court's order to furnish unredacted material pertaining to Portelos-related investigations. To date, Plaintiff has still not received the unredacted versions ordered during the April 17, 2014 phone conference and Plaintiff asks that your Honor reaffirms that order.

- As stated in Plaintiff's September 19, 2014 letter to court, Plaintiff received an anonymous tip indicating that to circumvent Freedom of Information Law requests and further discovery by Plaintiff, Defendants began using the acronym "FP" instead of the Plaintiff's full name "Portelos". The acronym "FP" began appearing in emails around February 2013 and were only discovered because employees would sometimes write out the name "Portelos" later on in an email thread. The amount of emails that exist, pertaining to the Plaintiff, using the acronym "FP" and not including the search keyword "Portelos" is unknown.

- Defendants also began using non-official email addresses to communicate about Plaintiff. To further circumvent discovery of emails to and from Principal Linda Hill's two school related email accounts, Plaintiff discovered communication pertaining to this case being sent to a third and private email account of Principal Hill; hillheadz@aol.com. These emails were discovered only because Principal Hill then forwarded the threads to her official email account that was part of the discovery search.

- As part of the Portelos-related investigative files ordered, Plaintiff also asked for the investigations referred to the Department of Education's Office of the General Counsel (OGC). Despite the Plaintiff audio recording a follow up phone conversation with OGC attorney Theresa Europe pertaining to one of those investigations, where she admits to the case "being investigated", Defendants now claim "No record of an investigation by the Office of the General Counsel or OSI exists."

The bulleted items above are only some of the discovery items Plaintiff has taken issue with. During an October 30, 2014 phone conference, Plaintiff's counsel suggested that Defendants' counsel only include a handful of the many redacted documents to be included in a privilege log. The Court agreed and on November 13, 2014, Defendants' counsel received the redacted files at issue from Plaintiff. Plaintiff, however, only received the respective court ordered privilege log on December 4,

2014 with an updated one sent by Defendants' counsel on December 8, 2014. Plaintiff reviewed the log and compared with emails, and objections were submitted to court. This hardly appears to be dilatory on Plaintiff's part in contrast to the comparative long delays in receiving discovery materials from Defendants in this action.

Upon review of Your Honor's recent decision in *Koumoulis v. Independent Financial Marketing Group, Inc.*, 295 F.R.D. 28 (E.D.N.Y. November 1, 2013), Plaintiff respectfully requests that the Court review *in camera* the emails and documents identified in the attached document (which states objections to items in the privilege log provided by Defendants), in accordance with the legal standard used in that case.

Thank you very much for your consideration.

Respectfully submitted,

s/

Bryan D. Glass, Esq.
Attorney for Plaintiff

Enclosure

c: Jessica Giambrone, Esq., Assistant Corporation Counsel, Attorney for Defendants (via ECF)