```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCESCO PORTELOS,

                    Plaintiff,                          **MEMORANDUM & ORDER**
                                                        12-CV-3141(RRM)(VMS)
        - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK
CITY DEPARTMENT OF EDUCATION;
LINDA HILL, PRINCIPAL OF I.S. 49, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY; and
ERMINIA CLAUDIO,

                    Defendants.
------------------------------------------------------------X
```

ROSLYNN R. MAUSKOPF, United States District Judge.

Before the Court are plaintiff's Rule 72 objections to Judge Scanlon's December 23, 2014 order denying plaintiff's motion to file a Second Amended Complaint. (Doc. Nos. 59, 73). For the reasons set forth below, plaintiff's objections are overruled and his motion to amend is denied.

## PROCEDURAL BACKGROUND

On June 22, 2012, plaintiff Francesco Portelos filed this action seeking monetary and equitable relief against defendants the City of New York, the New York City Department of Education ("DOE"), Dennis Walcott, and Linda Hill, pursuant to 42 U.S.C. § 1983 and New York Civil Service Law § 75-b. Plaintiff alleges that defendants violated his First Amendment rights and state law by retaliating against him for reporting fraud and misconduct at Berta Dreyfus I.S. 49 Middle School. (Compl. (Doc. No. 1).) On December 23, 2013, plaintiff filed a First Supplemental Complaint on consent, asserting additional facts and adding as a defendant retired District Superintendent Erminia Claudio. (Supp. Compl. (Doc. No. 41).)

In a written motion dated August 20, 2014, plaintiff sought to file a Second Amended Complaint to add claims of false arrest arising out of plaintiff's arrest on March 30, 2014, and to add additional defendants, and additional facts regarding his damages claim arising out of an adverse decision at an Education Department disciplinary hearing. Plaintiff's arrest arose in connection with a blog post allegedly made by defendant detailing how he hacked in to a Department of Education computer and gave himself a raise.

On December 23, 2014, after a hearing addressing the proposed Second Amended Complaint, Judge Scanlon denied plaintiff's motion to amend, citing "reasons stated on the record" during the hearing, and further explaining that "Plaintiff's motion was made after the dates for the amendment of the complaint; one complaint amendment was already allowed; discovery is concluding; and defendants would be prejudiced by additional delay," and further noting that the proposed third cause of action for false arrest is based on wholly different facts and a different legal theory than the claims underlying the rest of the action. On April 30, 2015, Judge Scanlon certified that, pending this Court's decision on plaintiff's motion to amend and Rule 72 objection, discovery was complete.

**STANDARD OF REVIEW**

Under Rule 72 of the Federal Rules of Civil Procedure, a party may object to a magistrate judge's decision within 14 days of being served with an order or recommendation. In the case of non-dispositive matters, a district court reviews a magistrate judge's decision to ensure it is not "clearly erroneous or . . . contrary to law," whereas for dispositive matters a district court reviews a magistrate judge's decision *de novo*. Fed. R. Civ. P. 72. Although the Second Circuit has suggested that motions to amend are non-dispositive, the question remains unsettled. *Compare Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d. Cir. 2007) ("[A] district judge

may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent."), *with Charlot v. Ecolab*, No. 12–CV–4543 (KAM) (VMS), 2015 WL 1439916, at *2 n.5 (E.D.N.Y. Mar. 27, 2015) (gathering cases). However, district courts in this circuit have generally found that denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive. *See, e.g.*, *Louis v. Metro. Transit Auth.*, No. 12-CV-6333 (ILG) (JO), 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (citing *Tyree v. Zenk*, No. 05-CV-2998 (KAM) (LB), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009)). The Court need not determine in this case whether Judge Scanlon's ruling is properly considered dispositive or non-dispositive, because the Court adopts her decision under either standard.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that, aside from amendment as a matter of course under Rule 15(a)(1), a party may only amend its pleading with the other party's consent or leave of the Court. But Rule 15(a)(2) also instructs that courts "should freely give leave when justice so requires," and the Second Circuit has held that leave to amend should be denied "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987). "[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Richardson*, 825 F.2d at 653 n.6 (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). As has been noted by several courts, the same standard applies to motions to supplement under Rule 15(d) as

3

motions to amend under Rule 15(a). *See, e.g.*, *M.V.B. Collision Inc. v. Allstate Inc.*, 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010); *Islamic Soc'y of Fire Dep't Personnel v. City of New York*, 205 F. Supp. 2d 75, 80 (E.D.N.Y. 2002) ("A motion seeking leave to add [] transactions or occurrences [that have happened since the date of the pleading sought to be supplemented] should be evaluated under the same liberal standard as a motion for leave to amend under Rule 15(a)." (citing 3 James Wm. Moore et al., Moore's Federal Practice § 15.30 (3d ed. 2000); *Novak v. Nat'l Broad. Co.*, 724 F. Supp. 141, 145 (S.D.N.Y. 1989))).

In addition, Rule 16(b) specifies that scheduling orders may be modified only "upon a showing of good cause."[1] *Kassner v. 2nd Avenue Deli. Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (quoting Fed. R. Civ. P. 16(b)). The Second Circuit has explained that Rule 16 is "designed to offer a measure of certainty in pretrial proceedings . . . and its standards may not be short-circuited by appeal to the [more liberal standards] of Rule 15." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). A determination of good cause depends on whether the party seeking amendment can demonstrate diligence, but it is not the only factor. *Kassner*, 496 F.3d at 243–44 (citing *Parker*, 204 F.3d at 340). As with Rule 15, one of the primary considerations is whether allowing amendment of the pleading at the current stage in the litigation would prejudice defendants. *Id.* at 244.

The Second Circuit has explained that in order to determine whether an amendment prejudices a non-moving party, courts should "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

---

[1] Plaintiff's proposed Second Amended Complaint would require the Court to modify multiple scheduling orders in this case, including the deadline for adding additional parties, which was originally set for March 1, 2013. Additionally, plaintiff acknowledges that amending and supplementing the complaint would require a reopening of discovery, which was last scheduled to be completed by January 29, 2014, and was confirmed as complete pending resolution of this objection on April 30, 2015.

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)) (internal quotation marks omitted). Indeed, courts have noted that delay in the final disposition of an action is one of the most important considerations when determining whether an amendment would prejudice the other party. *MHANY Mgmt. Inc. v. Cnty. of Nassau*, 843 F. Supp. 2d 287, 341 (E.D.N.Y. 2012) (citing *H.L. Hayden Co. v. Siemens Med. Sys.*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (collecting cases)).

Reviewing Magistrate Judge Scanlon's rulings *de novo*, the Court denies plaintiff's motion to amend pursuant to Rules 15 and 16, as did Judge Scanlon. As to Rule 16, plaintiff has failed to demonstrate good cause sufficient to warrant modification of Judge Scanlon's scheduling orders. The events put forth in Paragraph 54 of the Second Amended Complaint took place on or about November 11, 2013, over a month before plaintiff filed the Amended Complaint, and over five months before plaintiff first suggested that he may seek leave to amend the Amended Complaint. Even as to the events that occurred subsequent to the December 23, 2013 filing of the Amended Complaint, on or about March 4, 2014, March 11, 2014, and May 2, 2014, plaintiff failed to act with an appropriate level of diligence. Although plaintiff promptly informed the court in his April 15, 2014 letter that he was considering seeking leave to amend the Amended Complaint, Judge Scanlon twice instructed plaintiff at the April 17, 2014 conference that any request for leave to amend had to be directed to the district judge. This Court received no such request from plaintiff. Instead, plaintiff waited over four months, until August 20, 2014, before again directing his request for leave to amend to Judge Scanlon.

In addition to having failed to demonstrate a sufficient level of diligence, allowing plaintiff to file the Second Amended Complaint would be unduly prejudicial to the current

defendants, which weighs against both a finding of good cause for modifying scheduling orders Rule 16, as well as allowing leave to amend and supplement under Rule 15. This action was initiated by plaintiff over three years ago. At the initial conference on September 11, 2012, fact discovery was scheduled to be completed by June 3, 2013. Since then, Judge Scanlon ordered no fewer than seven extensions to the discovery deadline, most recently instructing the parties to confirm by January 29, 2015 that fact discovery had concluded. At the time plaintiff filed the August 20, 2014 letter seeking leave to amend, fact discovery was scheduled to be completed just over one month later on September 30, 2014. By the time the parties appeared before Judge Scanlon on December 23, 2014 to address plaintiff's motion to amend, it had been a year since plaintiff filed the Amended Complaint, and discovery was finally coming to an end. (*See* Doc. No. 70 (December 18, 2014 letter from defendants stating that discovery should be deemed completed and closed); Doc. No. 69 (December 18, 2014 letter from plaintiff stating that it considered depositions to be complete, but requesting until December 31, 2014 to address certain issues pertaining to defendants' privilege log).)

To allow plaintiff to amend and supplement the Amended Complaint, after years of litigation, would be substantially prejudicial to defendants. Plaintiff contends that any additional discovery would be limited to the events surrounding plaintiff's arrest, (Doc. No. 73 at 1), but a review of the record makes clear that additional discovery in this case would be anything but limited. In addition to the repeated extensions that Judge Scanlon was required to make to the discovery deadline, the docket evidences a litany of discovery disputes between the parties. (*See, e.g.*, Doc. Nos. 44, 47–49, 51, 57, 60–61, 69–70, 72.) Additional discovery would require the parties to expend additional time and resources, and significantly delay resolution of the dispute. *See iMedicor, Inc. v. Access Pharm., Inc.*, 290 F.R.D. 50, 53 (S.D.N.Y. 2013) (denying

leaving to amend where "assertion of plaintiff's new claims would both require defendant to expend significant additional resources to conduct discovery and prepare for trial, and significantly delay resolution of the dispute").

Additionally, as noted by Judge Scanlon, plaintiff's third cause of action is substantially distinct from those alleged in plaintiff's first two pleadings.  Not only are the allegations of false arrest and false imprisonment based on a separate factual incident, but they would require a different legal analysis from plaintiff's current claims of illegal retaliation.  *See* In re *Am. Int'l Grp., Inc. Sec. Litig.*, No. 04-CV-8141 (JES), 2008 WL 2795141, *3 ("[A] proposed amendment causes undue prejudice if, at an advanced stage of litigation, the amendment concerns 'an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice.'") (citing *Ansam Assocs., Inc. v. Cola Petrol., Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).  Additionally, the proposed third cause of action would require the addition of two new defendants, one of whom is a detective with the NYPD, an institution which to date has not been involved with this case.

Plaintiff contends in his letter motion that the Court should grant leave to amend and supplement in the "interest of judicial economy," (Doc. No. 73 at 1), but it is precisely in the interest of judicial economy that the Court cannot allow parties to extend litigation in this instance.  *See Metro. Transit Auth.*, 2014 WL 5311455, at *2 ("[T]he addition of ten claims to this lawsuit would generate an abundance of work – new motions, hearings, and the likely reopening of discovery – which surely undermines the interests of judicial economy.").

**CONCLUSION**

Upon *de novo* review of Magistrate Judge Scanlon's denial of plaintiff's motion to amend, the Court finds that plaintiff's motion to amend is not appropriate under both Rules 15

7

and Rule 16. Plaintiff's objections pursuant to Rule 72 are overruled, and plaintiff's motion to file a Second Amended Complaint is denied.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 15, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge