# GLASS KRAKOWER LLP
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859, FAX NO. 845-510-2219
E-mail: bg@glasskrakower.com

*Bryan D. Glass*
    Partner

March 30, 2016

*Via ECF*
Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

    Re:    Francesco Portelos v. New York City Department of Education et al.,
            12 CV 3141 (DH) (VMS)

Dear Judge DeArcy Hall:

    I am the attorney for Plaintiff in the above-referenced First Amendment retaliation action. I submit this letter in opposition to Defendants' March 18, 2016 request for a pre-motion conference to obtain leave to move for summary judgment pursuant to FRCP Rule 56. We believe there are numerous issues of material fact which warrant a trial of this matter. We write to respectfully request that Defendants' request for leave to move for summary judgment be denied.

**Background**

    Plaintiff, a teacher employed by the DOE, brings this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law § 75-b ("CSL § 75-b") as a result of retaliatory actions taken against him as a direct result of engaging in First Amendment protected speech. This protected speech consisted of, *inter alia,* reporting school administrators for various allegations of fraud and misconduct at the school, as well as reporting other matters of public concern outside of the school.

I.    **PLAINTIFF HAS A TRIABLE FIRST AMENDMENT RETALIATION CLAIM**

    In order to prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that he engaged in speech protected by the First Amendment, that he suffered an adverse employment action, and that a causal connection between the two existed, "in that the speech was a substantial or motivating factor for the adverse employment action." *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 313 (2d. Cir. 2005). In determining whether a public employee has engaged in constitutionally protected

speech, the court must determine "whether the employee spoke as a citizen on a matter of public concern." *Woodlock v. Orange Ulster B.O.C.E.S.*, 281 F. App'x 66, 68 (2d. Cir. 2008)(quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). The inquiry into whether an individual was speaking as a citizen "is a practical one." Garcetti, 547 U.S. at 424-25. Speech by a public employee retains some possibility of First Amendment protection when it "is the kind of activity engaged in by citizens who do not work for the government." *Id.* at 423.

Defendants have made wholly conclusory statements that all of the factual underpinnings of Plaintiff's speech became available to him as a result of his role as an educator. However, a closer examination of the facts reveals that Plaintiff's speech was clearly in the nature of his role as a concerned citizen, and community parent, on matters of public concern. The SLT is comprised roughly equally of teachers and parents. Plaintiff, a new father in the zoned school for his newborn son, was not elected by the teachers to the SLT, but rather, appointed by the SLT chairperson as a member. It was in his capacity as an SLT member that Plaintiff, along with the other members of the SLT, learned that administrators at the school had engaged in fraud and misconduct. For this reason, Plaintiff notified the then SLT Chairperson Susanne Abramowitz and United Federation of Teachers ("UFT") Chapter Leader Richard Candia, as well as fellow community parents, of these violations, believing that this would and should be brought to the attention of the appropriate authorities. In addition, Plaintiff reported fraud and misconduct on the part of the school administrators to the New York City Office of the Special Commissioner of Investigation ("SCI"), some of which was ultimately substantiated against the school principal for double dipping and other financial misconduct. Contrary to the Defendants' contention, Plaintiff's speech was not of the type normally made as part of a teacher's official duties. Nowhere in his job description was he required to raise concerns about the school's budget, or investigate budgetary misconduct, and other inappropriate fraudulent actions by the school's administration.

Plaintiff's speech can be further distinguished from each supporting authority Defendants have cited. His speech did not concern issues for which "there is no relevant citizen analogue," but rather was motivated by his concerns as a member of the community and parent, and by information available to the public. *See Massaro v. New York City Dep't of Educ.*, 2012 U.S. App. LEXIS 10911 (2d. Cir. 2012) Neither was Plaintiff's speech "part and parcel" of his official duties as a teacher, as a teacher's duties clearly do not encompass reporting on budgetary irregularities. *See Matthews v. Lynch*, 2012 U.S. LEXIS 10463 (2d. Cir. 2012); *Ross v. Breslin*, 693 F.3d 300, 306 (2d Cir. 2012). Plaintiff was not speaking generally as an advocate for his students, nor as an employee as part of his duties, but as a citizen concerned about budgetary irregularities and potential misconduct affecting not just his classroom or school, but instead had a "broader public purpose." *See Ruotolo v City of New York*, 514 F.3d at 189 (quoting *Lewis v. Cohen*, 165 F.3d 154, 163-164 (2d Cir 1999)). In addition, the speech was first to the SLT Chairperson, who could easily have been approached by a non-teacher SLT member, and later to SCI, a City agency outside the NYCDOE. Nowhere did

the Plaintiff's official duties state or even imply that he should take such action. *See Matthews*, 2012 U.S. LEXIS 10463.

Based on the above, sufficient facts exist under the applicable case law to withstand Defendants' motion for summary judgment, as Plaintiff has a triable First Amendment claim. Furthermore, there is no real dispute that Plaintiff was subject to multiple adverse actions, including attempts to end his employment through the Section 3020-a disciplinary process. See *Jeter v. NYCDOE*, 06 CV 3687 (E.D.N.Y. 2012) (denying summary judgment on Title VII and Section 1981 retaliation claim against tenured teacher brought up on retaliatory 3020-a charges).

## II. PLAINTIFF HAS A VALID TRIABLE CLAIM UNDER CSL § 75-B

In order to state a claim under CSL § 75-b, a plaintiff must disclose a violation of a law, rule or regulation that endangers public health or safety, or which he reasonably believes constitutes an improper government action, to a governmental body, and show a causal connection between the disclosure and an adverse personnel action. *Wetzel v. Town of Orangetown*, 2008 U.S. Dist. LEXIS 112370, *35-37 (S.D.N.Y. May 16, 2008). Plaintiff has met his burden in bringing this claim. Defendants argue that CSL § 75-b is inapplicable to the Plaintiff because his union's contract afforded him an ample procedural mechanism to challenge the employment actions about which he complains. Plaintiff in fact did pursue these grievances, all of which were denied. CSL § 75-b applies to those who are not protected by a CBA grievance procedure. Plaintiff has not been protected by these grievance procedures because they are controlled by the very people who are retaliating against him. CSL § 75-b is a proper mechanism by which he can properly be protected for his whistleblower behavior.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' leave to file a summary judgment motion, and promptly schedule a trial in this matter. Thank you very much for your consideration of this request.

          Respectfully submitted,

          /s

          Bryan D. Glass, Esq.
          Andrea Moss, Esq.
          Attorneys for Plaintiff

C: Courtney P. Fain, Esq., (via ECF)