Docket No.  12 Civ. 3141 (LDH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; DENNIS
WALCOTT, CHANCELLOR OF NEW YORK CITY
DEPARTMENT OF EDUCATION; LINDA HILL,
PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

Defendants

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*

Attorney for Defendants
100 Church Street, Room 2-173
New York, NY 10007

Of Counsel:  Courtney Fain
Tel:  (212) 356-0879
Email: cfain@law.nyc.gov
Matter No. 2012-029495

Date Served: June 15, 2016

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT

    POINT I

        PLAINTIFF'S FIRST AMENDMENT
        RETALIATION CLAIM FAILS AS A MATTER
        OF LAW ........................................................................ 1

        A.    Plaintiff Cannot Establish Retaliation by
                Defendant City ......................................................... 1

        B.    All Defendants Are Entitled to Summary
                Judgment With Respect to Plaintiff's First
                Amendment Retaliation Claim ................................... 2

                1.    Plaintiff's Speech As A Member Of
                        The School Leadership Team Was
                        Not Protected Speech ................................. 3

                2.    Plaintiff Reports to SCI Under the
                        Pseudonym Liz Simpson Cannot
                        Form The Basis Of His First
                        Amendment Retaliation Claim ................... 6

                3.    The Undisputed Facts Show that
                        Plaintiff was Disciplined for the
                        Disruption Caused by his Speech,
                        and not the Underlying Speech ................... 6

        C.    Plaintiff Has Not Established Individual
                Liability Against Chancellor Walcott Ot
                Municipal Liability Against The City Or
                The DOE ................................................................ 7

    POINT II

        PLAINTIFF'S CIVIL SERVICE LAW § 75-B
        CLAIM FAILS AS A MATTER OF LAW ............................... 9

**Page**

    A.    Plaintiff is not Eligible for the Protections of
Civil Service Law § 75-b ............................................................... 9

    B.    Plaintiff Does Not Dispute That Individual
Public Employees May Not be Sued Under
§ 75-b ......................................................................................... 10

CONCLUSION .................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Back v. Hastings on Hudson*,
    365 F.3d 107 (2d Cir. 2004)..................................................................................8

*Green v. Bauvi*,
    46 F.3d 189 (2d Cir. 1995)....................................................................................8

*Jackson v. City of New York*,
    Case No. 140cv05755 (GBD)(KNF), 2015 U.S. Dist. LEXIS 130386
    (S.D.N.Y.) .......................................................................................................5, 10

*Matthews v. City of New York*,
    779 F.3d 167 (2d Cir. 2015)..................................................................................1

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978)..............................................................................................8

*Lopez v. City of New York*,
    Case No. 14-cv-3285 (NGG)(RLM), 2016 U.S. Dist. LEXIS 72145 (E.D.N.Y.
    June 2, 2016)....................................................................................................8, 10

*Pickering v. Board of Educ.*,
    391 U.S. 563 (1968)..............................................................................................7

*Ullah v. New York City Dep't of Educ., et al.*,
    No. 11-civ- 3868 (GBD)(MHD),
    Report and Recommendation (S.D.N.Y. May 6, 2014)........................................4

*Weintraub v. Bd. of Educ. of City Sch. Distr. of City of. N.Y.*
    593 F.3d 196 (2d Cir. 2010)..................................................................................4

*Zehner v. Bd. of Educ.*
    Case No. 11-cv-1202 (NAM)(DEP), 2015 U.S. Dist. LEXIS 130911
    (N.D.N.Y. Sept. 29,  2015) ..............................................................................3, 7

## PRELIMINARY STATEMENT

Defendants respectfully submit this Reply Memorandum of Law in Further Support of their Motion for Summary Judgment (the "Motion" or "Mot."). As discussed below, the arguments set forth in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated June 1, 2016 (the "Opposition" or "Opp."), which were almost entirely devoid of legal support, are unavailing, and Defendants' motion should be granted.

## ARGUMENT

### POINT I

### PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS AS A MATTER OF LAW

**A.      Plaintiff Cannot Establish Retaliation by Defendant City**

As set forth in Defendants' moving papers, Defendant City is entitled to summary judgment with respect to all claims because (1) it is undisputed that Plaintiff is employed by the DOE, and not the City, and (2) Plaintiff does not allege in the Supplemental Complaint that the City, or any City employee, engaged in retaliatory activity. *See* MOL at 11. Moreover, the undisputed evidence shows that the Office of the Special Commissioner of Investigation's ("SCI") role was limited to the investigation of the complaints that were put before it, including those made by Plaintiff. *See id.* at 12. The decision to rely upon SCI's findings in bringing charges against Plaintiff rested solely with the DOE. *See id.*; *see also* Plaintiff's Counterstatement of Material Facts to Defendant's Rule 56.1 Statement ("Plaintiff's Rule 56.1 Counterstatement"), ¶¶ 128, 130. Thus, Plaintiff cannot establish that SCI took adverse action based upon speech protected by the First Amendment, and Defendant City is entitled to summary judgment. *See Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015).

Plaintiff's only response in opposition, made without citation to any law or facts, is that (1) SCI failed to timely investigate reports filed by Plaintiff and (2) "routinely 'unsubstantiated' allegations made by Plaintiff…" *See* Opp. at 11-12.  Whether the investigation of allegations *made* by Plaintiff was timely or not isn't material to the question of liability for SCI for any adverse action taken based on allegations *against* him.  Plaintiff does not dispute that the decision to bring charges against him was made by DOE, not SCI.  Indeed, in his Additional Statement of Undisputed Facts, Plaintiff affirmatively states that "SCI … did not recommend discipline, but rather stated '… some of the conduct described here may violate the conflicts of interest provisions of the New York City Charter …."  *See* Plaintiff's Rule 56.1 Counterstatement, ¶ 177.  Nor does Plaintiff point to any evidence in the record establishing that SCI's conduct in the investigation was in any way directed by the DOE or otherwise motivated by Plaintiff's protected First Amendment speech.  Thus, Defendant City is entitled to summary judgment with respect to all claims.  *See* MOL at 11-12.

**B.      All Defendants Are Entitled to Summary Judgment With Respect to Plaintiff's First Amendment Retaliation Claim**

Defendants also argue in their moving papers that Plaintiff's First Amendment retaliation claim fails as a matter of law against all Defendants because (1) Plaintiff's speech as a member of the SLT was not protected; (2) Plaintiff is precluded from arguing that his speech as Liz Simpson resulted in retaliation prior to mid-April 2012; and (3) the undisputed factual record shows that Plaintiff's reassignment and charges pursuant to § 3020-a stemmed not from Plaintiff's speech, but rather from the disruption caused by his conduct.  *See* MOL at 12-19.  Plaintiff's arguments in opposition are unavailing, and Defendants' motion should be granted.

1.     **Plaintiff's Speech As A Member Of The School Leadership Team Was Not Protected Speech**

As set forth in Defendants' moving papers, Plaintiff's speech in December 2011 and January 2012 stemming from his involvement in School Leadership Team ("SLT") was made (1) as part of his official duties as a teacher on the SLT and (2) pursuant to channels not available to the general public.  Therefore, his SLT speech is not protected speech and cannot serve as the basis for his First Amendment Retaliation claim.  *See* MOL at 12-15.  Plaintiff's arguments in opposition do not save his claim.

First, Plaintiff's statement that "the question of whether Plaintiff suffered retaliation for protected First Amendment speech of public concern already has been decided by one neutral decisionmaker" (*see* Opp. at 5) does not accurately reflect the record.  Arbitrator Busto's finding as to whether Plaintiff engaged in protected speech was limited to his speech at the December 3, 2012 Community Education Council ("CEC") meeting during which he discussed the investigation into allegations that Assistant Principal Diacomanolis acted inappropriately with students.  *See* Opinion and Award, dated April 30, 2014, in the Matter of New York City Department of Education v. Francesco Portelos Pursuant to Education Law § 3020-a, SED File No. 22,380 (the "Award"), attached as Ex. R to the Declaration of Courtney Fain, dated May 4, 2016 (the "Fain Decl." or "Fain Declaration"), at 95-97.  Defendants do not argue in their moving papers that Plaintiff's speech related to his conduct at the CEC meeting was made pursuant to his duties on the SLT, and Plaintiff's argument in the Opposition is a red herring.[1]

---

[1] Moreover, Plaintiff is not entitled to invoke collateral estoppel against the DOE with respect to the findings set forth in the Award, as he did not have the burden of proof at § 3020-a hearing. *See Zehner v. Bd. of Educ.*, Case No. 11-cv-1202 (NAM)(DEP), 2015 U.S. Dist. LEXIS 130911, at *18 (rejecting plaintiff's attempt to invoke collateral estoppel with respect to favorable findings of the arbitrator, noting "[h]ere, unlike [*Burkybile v. Bd. of Educ. of Hastings-on-*

3

Second, Defendants cited case law establishing that, as a matter of law, speech made by a teacher in his role as a member of the SLT is made pursuant to said teacher's official duties.  *See* MOL13-14.  In the Opposition, Plaintiff attempts to distinguish his speech by arguing that his speech "went well beyond his activities on the SLT, but included reporting administrator misconduct to designated investigative bodies outside the school such as SCI and OEO …, and eventually on social media outlets to the general public."  *See* Opp. at 6.  But again, Defendants do not argue in their moving papers that Plaintiff's allegations of misconduct and postings on social media were made pursuant to his duties as a member of the SLT.  Plaintiff's attempt to obfuscate Defendants' narrow argument with respect to his speech in December 2011 and January 2012 should be rejected.

Third, his argument that "[n]owhere in Plaintiff's job description was he required to raise concerns about the school's budget or CEP" (*see* Opp. at 6) and that his speech was not "part and parcel" of his duties as a teacher (*see id.* at 7) ignores, without distinction, the holdings in the Second Circuit's holding in *Weintraub v. Bd. of Educ. of City Sch. Dist. Of City of New York*, 593 F.3d 196, 203 (2d Cir. 2010) ("speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description …") as well as the Southern District's holding in *Ullah v. New York City Dep't of Educ.*, Case No. 11-cv-3868 (GBD)(MHD), Report and Recommendation (S.D.N.Y. May 6, 2014) at 49, n.11 (plaintiff teacher's speech in SLT meetings "was clearly 'pursuant to his official duties because it was 'part-and-parcel of his concerns' about his ability to 'properly execute his duties,' …").  That Plaintiff may be a parent as well as a teacher does not change the

*Hudson Union Free Sch. Dist.*, 411 F.3d 306 (2d Cir. 2005)], it is the plaintiff who invokes the doctrine of collateral estoppel.  Plaintiff did not have the burden of proof in the 3020-a hearing. This shift in the burden of proof renders the issues in the 3020-a hearing non-identical to the issues in the instant case, thereby making collateral estoppel inapplicable.")

fact that he sat on the SLT *as a teacher* (*see* MOL at 14) and his motivation for agreeing to take that role is irrelevant to the question of whether his speech was made pursuant to his duties as a teacher on the SLT.

Fourth, and finally, Plaintiff argues that he "raised administrator misconduct as a UFT delegate and then as UFT chapter leader at the school …"  *See* Opp. at 6.  However, the factual record is clear that Plaintiff was not the United Federation of Teachers ("UFT") Chapter Leader in December 2011 or January 2012, which is when he spoke about his concerns related to the adoption of the Comprehensive Education Plan ("CEP") and school budget.  *See* Plaintiff's Rule 56.1 Counterstatement, ¶ 174 ("On June 15, 2012, Plaintiff was elected chapter leader of I.S. 49 despite being reassigned to nonteaching duties.").  Thus, any speech in his role as a UFT Chapter Leader is irrelevant to Defendants' argument with respect to Plaintiff's speech in December 2011 and January 2012 as a member of the SLT.  Moreover, while Plaintiff was a UFT Delegate at the time he served on the SLT, Plaintiff points to nothing in the factual record indicating that he was speaking in his capacity as a union official when he raised concerns about the CEP and budget, and it is undisputed that he did not sit on the SLT as the UFT Chapter Leader.  *See* SLT Sign-In Sheets for Meetings on September 13, 2011, October 11, 2011, November 15, 2011, and December 13, 2011 ("SLT Sign-In Sheets"), attached as Ex. G to the Fain Decl.[2]

For these reasons, and as set forth more fully in Defendant's moving papers, because Plaintiff's speech stemming from his involvement in the SLT was not protected speech, it cannot, as a matter of law, form the basis of his First Amendment retaliation claim.

---

[2] Nor does the case law relied upon by Plaintiff support his argument that speech by a union delegate is per se protected speech, as the court in *Jackson v. City of New York*, Case No. 14 Civ. 5755 (GBD)(KNF), 2015 U.S. Dist. LEXIS 130386 (SDNY) ruled only that, for purposes of deciding a motion to dismiss, plaintiff had sufficiently pled his claim. *Id.* at *11.

2.      **Plaintiff's Reports to SCI Under The Pseudonym Liz Simpson Cannot Form The Basis Of His First Amendment Retaliation Claim**

Defendants also argue in their moving papers that because there is nothing in the factual record showing that the DOE and/or Principal Hill knew the true identify of "Liz Simpson" prior to mid-April 2012, Plaintiff cannot show that the reports of financial misconduct made under that pseudonym were a substantial motivating factor with respect to any allegedly adverse action before that time period. *See* MOL at 16. In opposition, Plaintiff again ignores the narrow scope of Defendants' argument and seeks to muddy the chronology by lumping all instances of speech together. *See* Opp. At 8-10. In doing so, he impermissibly ignores Arbitrator Busto's finding that Principal Hill did not learn of the allegations until mid-April 2012. *See* MOL at 16. Plaintiff is collaterally estopped from arguing otherwise (*see Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 313 (2d Cir. 2005)) and, therefore, cannot argue that his report of financial misconduct served as a substantial motivating factor for any adverse employment action prior to mid-April 2012. *See* MOL at 16.

3.      **The Undisputed Facts Show that Plaintiff was Disciplined for the Disruption Caused by his Speech, and not the Underlying Speech**

Finally, Defendants argue in the Motion that the undisputed factual record clearly shows that any allegedly adverse actions following Plaintiff's remaining instances of speech[3] were taken not because of the content of the speech, but in reasonable response to the disruption

---

[3] Because Plaintiff's speech stemming from his involvement in the SLT is not protected and Plaintiff is precluded from arguing that his speech as "Liz Simpson" resulted in retaliation, the only remaining instances of protected speech at issue are Plaintiff's (i) speech beginning in March 2012 about alleged misconduct at I.S. 49 and by the DOE generally and (ii) allegations of corporal punishment against an assistant principal in June and December 2012. The only alleged adverse employment actions at issue are (i) discipline following the launch of Plaintiff's blog on March 9, 2012; (ii) Plaintiff's reassignment from I.S. 49 and banning from all school activities and per session opportunities on April 25, 2012; and (iii) the initiation of disciplinary charges pursuant to Education Law § 3020-a in May 2013.

caused by Plaintiff's speech, which must be understood in the context of the disruption caused by his conduct generally.  *See* MOL at 16-19.

Plaintiff's only argument in opposition is that Arbitrator Busto rejected the argument that Plaintiff's speech was so disruptive as to warrant reassignment and termination. *See* Opp. at 10-11.  But, as noted above, this is a mischaracterization of the record because Arbitrator Busto's finding was with respect to one instance of speech in December 2012, which was after his reassignment, and she did not consider all of Plaintiff's conduct in her finding with respect to that one instance of speech.  *See* Fain Decl., Ex. R, at 95-97.  Moreover, Plaintiff is not entitled to invoke collateral estoppel against the DOE with respect to the findings set forth in the Award, as he did not have the burden of proof at § 3020-a hearing.  *See Zehner*, 2015 U.S. Dist. LEXIS 130911, at *18.

The undisputed factual record shows that Defendants' reasonable concerns about the disruption caused by Plaintiff's speech and conduct justified his reassignment and the seeking of disciplinary charges, and Defendants are therefore entitled to summary judgment with respect to his First Amendment retaliation claim.  *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968).

**C.    Plaintiff Has Not Established Individual Liability Against Chancellor Walcott Or Municipal Liability Against the City or the DOE**

Defendants also argue in the alternative that if Plaintiff's First Amendment retaliation claim survives, Chancellor Walcott, the City, and the DOE are nonetheless entitled to summary judgment because Plaintiff has not established (1) individual liability under § 1983 against Chancellor Walcott or (2) municipal liability against the City or DOE.  *See* MOL at 19-21.

7

With respect to Chancellor Walcott, Plaintiff sets forth no legal argument in opposition to Defendant's cited case law holding that a Plaintiff asserting a § 1983 claim against an individual must show that the individual was "personally involved in the unconstitutional conduct." *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). Instead, Plaintiff merely states, without citation to the factual record, that Chancellor Walcott "was personally aware" of Plaintiff's reassignment and conduct. *See* Opp. at 13. But personal "awareness" does not equate to personal involvement, and Plaintiff has not pointed to any evidence showing that Chancellor Walcott was personally involved in any of the alleged actions against Plaintiff. Therefore, his claim against Chancellor Walcott necessarily fails has a matter of law, and should be dismissed. *See Back v. Hastings on Hudson*, 365 F.3d 95, 122 (2d Cir. 2005).

Finally, Plaintiff does not set forth any opposition to Defendants' argument that Defendants City and DOE are entitled to summary judgment with respect to Plaintiff's § 1983 claim because Plaintiff has not met his burden under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-694 (1978) (*see* Mot at 20-21). Therefore, while Defendants' motion should be granted on the merits for the reasons set forth in their moving papers, summary judgment is also warranted because Plaintiff has abandoned his claim. *See, e.g.*, *Lopez v. City of New York*, Case No. 14-CV-3285 (NGG)(RLM), 2016 U.S. Dist. LEXIS 72145, *30 (E.D.N.Y. June 2, 2016) (granting defendant's motion to dismiss with respect to argument that plaintiff failed to respond to, holding that "because [p]laintiff has abandoned his [City Human Rights Law] claim, the claim should be dismissed") (*citing Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 230 n.1 (E.D.N.Y. 2015)).

8

## POINT II

## PLAINTIFF'S  CIVIL  SERVICE  LAW  § 75-B
## CLAIM FAILS AS A MATTER OF LAW

**A.      Plaintiff is not Eligible for the Protections of Civil Service Law § 75-b**

In their moving papers, Defendants argue that Plaintiff is a member of the UFT and subject to a collective bargaining agreement ("CBA") providing for a dispute resolution process to resolve grievances and special complaints.  *See* MOL at 21-23.  Thus, he is not eligible for the protections of § 75-b until he first grieves his whistleblower complaint.  *See id.*

Plaintiff does not dispute that the CBA to which he is subject provides for a mechanism to grieve his whistleblower claim.  *See* Plaintiff's Rule 56.1 Counterstatement, ¶¶ 4-9.  Instead, Plaintiff simply cuts-and-pastes from his opposition to Defendants' earlier motion to dismiss, devoting one-and-a-half pages in his Opposition to respond to arguments against his § 75-b claim that Defendants did not make.  Thus, his arguments on page 14 and through the top of page 16 are simply non-responsive, and irrelevant to the actual issue of law, which is whether Plaintiff's failure to grieve his whistleblower claim warrants summary judgment of his § 75-b claim.  Notably, in the one paragraph he does devote to responding to Defendants' argument in *this* motion, Plaintiff does not cite to any record evidence showing that he grieved his alleged complaint encompassed by § 75-b.  *See* Opp. at 16.  Instead, he argues his grievance of *other* disputes should suffice to meet his burden.  *See id.*  However, Plaintiff has not cited any case law for this proposition, and does not point to any record evidence with respect to said grievances.  Similarly, his allegation that "Plaintiff has not been protected by these grievance procedures because they are controlled by the very people who are retaliating against him" (*see id.*) is without factual or legal support.  Having failed to establish that he grieved his whistleblower

complaint, Plaintiff's § 75-b claim necessarily fails, and Defendants are entitled to summary judgment.  *See* MOL at 21-23.

## B.     Plaintiff Does Not Dispute That Individual Public Employees May Not Be Sued Under § 75-b

Finally, Plaintiff does not dispute in the Opposition that even if his claim under § 75-b survives summary judgment against the City and/or DOE, his claim nonetheless fails against the Individual Defendants because individual employees may not be sued under the statute.  *See* MOL at 23-24.  Therefore, Plaintiff has waived his claim under § 75-b against the Individual Defendants, and summary judgment should be granted for the reasons set forth in the Motion.  *See Lopez*, 2016 U.S. Dist. LEXIS 72145, at *30.[4]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth more fully in Defendants' moving papers, Defendants respectfully request that the Court issue an Order granting Defendants' motion for summary judgment and dismissing Plaintiff's claims in their entirety, with prejudice, and awarding Defendants such other and further relief as the Court deems just and proper.

---

[4] Notably, the court in *Jackson v. City of New York*, Case No. 14 Civ. 5755 (GBD)(KNF), 2015 U.S. Dist. LEXIS 130386 (SDNY), upon which Plaintiff relies in support of his argument that he engaged in protected speech, dismissed plaintiff's § 75-b claim against the individual defendants after holding that "[o]nly adverse employment actions by public employers against their employees may provide the basis of CSL §75-b claims" and the individual defendant "in her official or individual capacity, is not a public employer, and, therefore, her alleged retaliatory acts against Plaintiff are not within the purview of CSL § 75-b."  *Id.* at *14.

Dated:      New York, New York
            June 15, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-173
New York, N.Y. 10007
(212) 356-0879
cfain@law.nyc.gov

By:              /s/
           Courtney Fain
           Assistant Corporation Counsel

TO:    GLASS KRAKOWER LLP
       100 Church Street, 8th Floor
       New York, New York 10007
       212.537.6859
       Attention: Bryan Glass