**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007

212-537-6859
FAX NO. 845-510-2219

*Bryan D. Glass*              E-mail: bg@glasskrakower.com
    Partner

August 18, 2016

*Via ECF*
Honorable Lashawn Dearcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Portelos v. NYCDOE, 12 CV 3141 (LDH)**

Dear Judge Dearcy-Hall:

    I am attorney for Plaintiff in the above-referenced action. We write with regard to (1) *Monell* liability regarding the New York City Department of Education, and (2) cases in support of union speech being recognized as protected speech in this Circuit.

    **I.**    ***Monell* liability regarding New York City Department of Education**

    Based on recent existing case law within this Circuit (as opposed to the case provided by Defendants today which is substantially dated and does not appear to discuss the operations of the present Department of Education), there is ample evidence that Defendants Erminia Claudio is a final policymaker regarding reassignment and Section 3020-a disciplinary charges such that her actions may result in municipal liability for Defendant NYCDOE. As the Court recognized in its summary judgment decision, there are a number of cases within this Circuit that have found principals and/or superintendents to be final decision makers for purposes of *Monell* liability which requires he NYCDOE to remain in the action. Whether a principal or superintendent is a final decision maker for the purposes of *Monell* liability depends on the circumstances of a given case. *Vasquez v. N.Y. City Dep't of Educ.*, No. 11-CV-3674 (AJN), 2015 U.S. Dist. LEXIS 75321 (S.D.N.Y. June 10, 2015). Furthermore, "a public school principal may be a final policymaker where the harm that befell the plaintiff was under the principal's control." *Eldridge v. Rochester City School District*, 968 F.Supp.2d 546, 562 (W.D.N.Y. 2013) (citations and internal quotation marks omitted); *see also Zambrano-Lamhaouhi v. New York City Bd. of Educ.*, 866 F. Supp. 2d 147, 2011 WL 5856409, at *22 (E.D.N.Y. 2011) ("District courts in the Second Circuit have found that a public school principal acts as a final policymaker to the extent that the ultimate harm that befell the plaintiff was under the principal's control."). More specifically, courts within this Circuit

1

have found that the acts of principals and/or superintendents in reassigning teachers awaiting disciplinary action or preferring Education Law Section 3020-a disciplinary charges against a teacher qualifies them as policymakers. *See Saunders v. NYC Dep't of Educ.*, No. 07 CV 2725 (SJF)(LB), 2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. July 15, 2010); *Giscombe v. N.Y.C. Dep't of Educ.*, 39 F. Supp. 3d 396, 406 (S.D.N.Y. 2014) (holding that a principal, in signing-off on 3020-a disciplinary charges against the plaintiff, was a policymaker).

In this case, Defendant Erminia Claudio was a final policymaker for the NYCDOE, as she signed-off on the charges that led to Plaintiff's reassignment and Section 3020-a hearing.  Exhibit O was introduced which demonstrated that Ms. Claudio recommended and signed off on the 3020-a disciplinary charges against Plaintiff, as delegated to her by the Chancellor.  In addition, Andrew Gordon, the Executive Director of Human Resources for the NYCDOE, signed-off on Plaintiff's reassignment from Petrides to Staten Island, and thereby acted a policymaker for Defendant NYCDOE with regard to that reassignment, as testified by Ms. Claudio today.

For all of the above-mentioned reasons, and the precedent above, Plaintiff respectfully requests that Your Honor deny Defendants' request to dismiss the NYCDOE as a defendant in this action.

**II.**     **Speech as a Union Advocate for Due Process Rights Is Speech of Public Concern.**

Plaintiff cited today *Pekowsky v. Yonkers Board of Education*, 12 Civ. 4090 (DLC), for the proposition that advocacy on behalf of other teachers or as a "champion of due process rights" in his capacity as a representative of the union is protected speech of public concern.  *See* p. 12. The *Pekowsky* case cited several other cases that stand for a similar proposition.  *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1060 (9th Cir. 2013); *Fuerst v. Clarke*, 454 F.3d 770, 774 (7th Cir. 2006); *Clue v. Johnson*, 179 F.3d 57, 60 (2d Cir. 1999). In this case, Plaintiff's communications to the UFT staff set forth in Defendants' Exhibit HH and Exhibit X fall within the ambit of protected First Amendment speech on this basis.

Thank you for your consideration.

Very truly yours,

s/

Bryan D. Glass, Esq.