Docket No.  12 Civ. 3141 (LDH)(VS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

                        Plaintiff,

-against-

LINDA HILL, PRINCIPAL OF I.S. 49, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ERMINIA CLAUDIO, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES AS DISTRICT SUPERINTENDENT,

                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*

        Attorney for Defendants
        100 Church Street, Room 2-172
        New York, NY 10007

        Of Counsel:  Jessica Giambrone
        Tel:  (212) 356-2460
        Email: jgiambro@law.nyc.gov
        Matter No. 2012-029495

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

PROCEDURAL HISTORY .................................................................................................... 1

ARGUMENT

        PLAINTIFF'S MOTION FOR A NEW TRIAL SHOULD
        BE SUMMARILY DENIED. ....................................................................................... 4

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

Carroll v. Cty. of Monroe,
   712 F.3d 649 (2d Cir. 2013) ............................................................................4

Farrior v. Waterford Bd. of Educ.,
   277 F.3d 633 (2d Cir. 2002) ............................................................................4

Graham v. City of New York,
   128 F. Supp. 3d 681 (E.D.N.Y. 2015) .............................................................4

Stampf v. Long Island R.R.,
   761 F.3d 192 (2d Cir. 2014) ............................................................................4

**Statutes**

FRCP 50.................................................................................................................3, 4

FRCP 59.............................................................................................................1, 4, 6

FRCP 59(a)(1)(A) ..................................................................................................3, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANCESCO PORTELOS                                    No. 12 CV 3141 (LDH)(VS)

                                                                                       Plaintiffs,

v.

LINDA HILL, PRINCIPAL OF I.S. 49, IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES, ERMINIA
CLAUDIO, IN HER OFFICIAL AND INDIVIDUAL
CAPACITIES AS DISTRICT SUPERINTENDANT,

                                                                                       Defendants.

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

       Defendants submit this Memorandum of Law in Opposition to plaintiff's Motion for a New Trial pursuant to Federal Rule of Civil Procedure ("FRCP") 59. As discussed below, plaintiff's motion should be denied as he fails to satisfy any of the grounds for granting a new trial. His motion, almost entirely devoid of case citations, or, citations to the trial record, is yet another attempt by plaintiff to recycle failed arguments that the Court previously considered and rejected.

## PROCEDURAL HISTORY

       Defendants assume the Court's familiarity with the procedural and factual history of these proceedings. Nevertheless, the following is provided as a brief summary of the salient details of these proceedings. On June 22, 2012, plaintiff commenced this action, asserting a First Amendment retaliation claim under 42 U.S.C § 1983 and a retaliation claim under New York Civil Service Law § 75-b. See Docket Entry No. 1. On March 18, 2016 defendants filed a letter seeking leave to file a Motion for Summary Judgment. See Docket Entry No. 97. On April 15, 2016 the parties appeared before the Court for a pre-motion conference; at that time the Court

granted the defendants' request to file the dispositive motion and also Ordered that the case be scheduled for a trial to commence on August 8, 2016[1]. See Docket Entry dated April 15, 2016. On June 15, 2016 defendants filed the fully briefed Motion for Summary Judgment which included plaintiff's opposition. See Docket Entries Nos. 102-111.

On August 4, 2016, the parties appeared before the Court for a pre-trial conference. At that time the Court placed on the record the sum and substance of its impending decision on defendants' Motion for Summary Judgment. See Transcript attached as Exhibit "A" to Declaration of Jessica Giambrone, dated October 7, 2016 ("Giambrone Declaration" or "Giambrone Decl."). The Court informed the parties that it was granting in part, and denying in part, defendants' motion. The Court dismissed plaintiff's New York State Civil Service Law 75-b claim and with respect to the First Amendment claims, the Court ruled that plaintiff's speech on the School Leadership Team ("SLT") was not protected by the First Amendment and therefore could not form the basis of a First Amendment retaliation claim. See id. at p. 3. Additionally, the Court found that the plaintiff had failed to "adduce evidence that defendants were aware that he made complaints to the SCI under the pseudonym 'Liz Simpson' prior to mid April 2012. Therefore, the plaintiff [would] not be able to put forth evidence that he was retaliated against for making complaints to the SCI under the pseudonym 'Liz Simpson' as a basis for any adverse action that occurred prior to mid-April 2012. Therefore to the extent that plaintiff's retaliation Claim is made based [on the aforementioned speech] the defendants' motion to dismiss is granted. See Exhibit A at p. 3. The Court further noted that by its estimation, there remained five categories of speech, that at that time the Court could not rule as a matter of law were not protected by the First Amendment:

---

[1] The trial was later rescheduled to commence on August 15, 2016.

1. Speech made on plaintiff's blog about workplace bullying;
2. Allegations of corporal punishment made by plaintiff against the assistant principal;
3. Plaintiff's statements that false accusations were levied against him by various administrators;
4. Speech related to his allegedly wrongful reassignment; and
5. Statements to the Community Education Council concerning misconduct and security issues at I.S. 49.

See Exhibit A, p. 4. The Court also dismissed defendants the City of New York and Chancellor Walcott from the action. See Exhibit A at pp. 4, 10.

On August 8, 2016, the parties appeared before Magistrate Judge Scanlon and a jury was selected. On August 13, 2016, the Court issued its Memorandum of Decision and Order concerning defendants' motion for summary judgment. Therein, it set forth its ruling previously placed on the record and also denied defendant DOE's motion for summary judgment. See Memorandum of Decision and Order annexed as Exhibit "B" to the Giambrone Decl. On August 15, 2016 the trial of this action began and on August 19, 2016, at the close of all evidence, defendants moved pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law. The Court granted the motion with respect to defendant DOE. See Transcript annexed as Exhibit "C" to Giambrone Decl. at pp. 1073-1093. On August 23, 2016 plaintiff moved for reconsideration of the Court's previous rulings that (1) had found that plaintiff's so-called "union speech", which he had raised as a purported instance of protected speech only after he had rested, was not protected by the First Amendment; and (2) dismissing the claims against DOE. See Docket Entry No. 141. Plaintiff's motion was denied. See generally Transcript

annexed as Exhibit "D" to Giambrone Decl. Later that day, the jury returned a verdict in favor of the remaining defendants, Linda Hill and Erminia Claudio. Specifically, the jury found that plaintiff failed to prove by a preponderance of the evidence that his protected speech was a substantial or motivating factor for either defendant when they respectively decided to take one or more adverse employment actions against him. See Verdict Form annexed as Exhibit "E" to Giambrone Decl.

## ARGUMENT

### PLAINTIFF FAILS TO ESTABLISH ANY OF THE GROUNDS FOR THE GRANTING OF A NEW TRIAL.

Although plaintiff does not state under which subsection of Rule 59 he seeks a new trial, defendants presume that it is Rule 59(a)(1)(A). A motion pursuant to Rule 59(a)(1)(A) may be granted only "if the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice." See Stampf v. Long Island R.R., 761 F.3d 192, 201 (2d Cir. 2014)(internal citations omitted). Grounds for granting a new trial may include: "a verdict that is against the weight of the evidence, substantial errors in the admission of exclusion of evidence, prejudicial misconduct from counsel, and non-harmless errors in jury instructions." Graham v. City of New York, 128 F. Supp. 3d 681, 693 (E.D.N.Y. 2015). The Court in Graham went on to note, however, "[a] jury's verdict should '*rarely be disturbed*' and a motion for a new trial should be granted only if the court is *convinced* that the jury's verdict is 'seriously erroneous or a miscarriage of justice.'" 128 F. Supp. 3d. at 693 (emphasis added)(citing Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 635 (2d Cir. 2002). A district court's denial of a motion for a new trial, as well as a district court's evidentiary rulings, will be reviewed on appeal for abuse of discretion. Id.; see also, Carroll v. Cty. of Monroe, 712 F.3d 649, 653 (2d Cir. 2013)(noting that "we typically defer to a trial judge's determination of when a new trial is

4

necessary and, therefore, review the district court's denial of a new trial motion for abuse of discretion.)

Plaintiff does not, and cannot, establish any of the above grounds as a basis for granting a new trial. Plaintiff does not assert that any misconduct occurred, that non-harmless errors were contained in the jury instructions, that the verdict was against the weight of the evidence, or that there were substantial errors in the admission or exclusion of evidence. Rather he merely restates arguments that were rejected by this Court, either in its decision on defendants' motion for summary judgment or in its rulings during the trial, that certain alleged acts of plaintiff's speech were not protected by the First Amendment. Such arguments, which in this case lack merit, are not the proper subject of a Rule 59(a)(1)(A) motion. Accordingly, the Court should deny plaintiff's motion.

## **CONCLUSION**

For the foregoing reasons, the Court should deny plaintiff's motion for a new trial and grant and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 7, 2016

                                         ZACHARY W. CARTER
                                         Corporation Counsel of the
                                             City of New York
                                         Attorney for Defendants
                                         100 Church Street, Room 2-172
                                         New York, N.Y. 10007
                                         (212) 356-2460
                                         jgiambro@law.nyc.gov

                         By: _____/s/_____
                                         Jessica Giambrone
                                         Assistant Corporation Counsel

TO:    GLASS KRAKOWER LLP
        100 Church Street, 8th Floor
        New York, New York 10007
        212.537.6859
        Attention: Bryan Glass