# MANDATE

16-3932
Portelos v. Hill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of December, two thousand seventeen.

Present:  ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
          PETER W. HALL,
                    *Circuit Judges*.

_____

FRANCESCO PORTELOS,

        *Plaintiff-Appellant*,

      v.                                                             16-3932-cv

LINDA HILL, PRINCIPAL OF I.S. 49, in her official
and individual capacity, ERMINIA CLAUDIO, CITY
OF NEWYORK, CITY OF NEW YORK DEPARTMENT
OF EDUCATION,

        *Defendants-Appellees*,

DENNIS WALCOTT, Chancellor of New York
City Department of Education,

        *Defendants*.
_____

Appearing for Appellant:     Bryan D. Glass, Glass Krakower LLP, New York, NY

| | |
|---|---|
| Appearing for Appellee: | Scott Shorr, Assistant Corporation Counsel (Kathy C. Park, Assistant Corporation Counsel, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY |

Appeal from the United States District Court for the Eastern District of New York (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the verdict and order of said District Court is **AFFIRMED**.

    Francesco Portelos appeals from the August 23, 2016 jury verdict and the October 31, 2016 order of the United States District Court for the Eastern District of New York (Hall, *J.*), finding, respectively, that he had failed to establish First Amendment retaliation and that he was not entitled to a new trial. Although Portelos's briefs also contain arguments challenging the district court's August 13, 2016 partial grant of summary judgment to Defendants, he did not include that order in his notice of appeal. In this context, that means we do not have jurisdiction over the district court's summary judgment decision.

    We have jurisdiction only over rulings designated in the notice of appeal. *See* Fed R. App. P. 3(c)(1)(B); *Shrader v. CSX Transportation Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Although we read and apply Rule 3's requirements "quite liberally on the understanding that mere technicalities should not stand in the way of consideration of a case on its merits," *United States v. Caltabiano*, 871 F.3d 210, 215 (2d Cir. 2017) (internal quotation omitted), we simply "do not have the authority to waive the jurisdictional requirements…" *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007); *see also Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012); *Smith v. Barry*, 502 U.S. 244, 248 (1992); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988). Since Portelos appeals from a ruling other than the final judgment that does not have a similar effect as a final judgment, we have jurisdiction only over the particular ruling mentioned in the notice of appeal. *Shrader*, 70 F.3d at 256. Here, Portelos names the jury verdict and the district's order denying his motion for a new trial in his notice of appeal without naming either the final judgment or the summary judgment order. Even interpreted liberally, this is insufficient to give notice to Defendants that the summary judgment order was being appealed. It is of no moment that Defendants nevertheless responded to Portelos's arguments regarding the summary judgment motion. They do not have the power to waive the jurisdictional requirements contained in Rule 3. *See New Phone*, 498 F.3d at 131.

    This defect in the notice of appeal leaves us with jurisdiction only over Portelos's challenges to the district court's rulings during trial and its denial of the Rule 59 motion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

    Portelos's leading argument is that the district court erred in finding his instances of speech at a United Federation of Teachers meeting and in emails to fellow UFT members were not protected by the First Amendment because they were not matters of public concern. Whether a given instance of speech is protected under the First Amendment for the purposes of evaluating a retaliation claim is a matter of law. *See Connick v. Myers*, 461 U.S. 138, 150 n.10 (1983). We

review conclusions of law de novo. *Cf. United States v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014). "[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances," they do not receive First Amendment protection. *Connick*, 461 U.S. at 147. Generally, "an employee's dissatisfaction with the conditions of his employment[] does not pertain to a matter of public concern." *Sousa v. Roque*, 578 F.3d 164, 174 (2d Cir. 2009) (citing *Lewis v. Cowen*, 165 F.3d 154, 164 (2d Cir. 1999)). Portelos's speech falls into this category. Even if he couched his plaints in impersonal terms, he was expressing concerns about the way union leadership was treating him.

We also find unconvincing Portelos's argument that the district court erroneously dismissed the New York City Department of Education ("NYCDOE"). Following the Supreme Court's decision in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a municipality (as opposed to an individual government employee) can be liable only for a constitutional violation when "the municipality itself commits the misdeed, that is, when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury..." *Walker v. City of New York*, 974 F.2d 293, 296 (1992) (internal citation and quotation marks omitted). Whether a given municipal employee's actions can be taken as the municipality's depends on state law, but generally the question is whether the employee "possesses final authority to establish municipal policy with respect to the action ordered." *Id*. This can be established in several ways, but at issue here is whether "an official has final authority over significant matters involving the exercise of discretion…" *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (internal citations omitted).

Two NYCDOE actions are at issue here. First, it is uncontested that Portelos's suspension is attributable to Laura Brantley, acting as designee of Chancellor Walcott, whom state law gives the final authority to suspend teachers. N.Y.C. Dept. of Educ. Chancellor's Reg. C-770. But it is contested whether Brantley had any retaliatory motive. Portelos acknowledges that he did not introduce any evidence showing that Brantley had such motive, but says that he would have done so (and has such evidence in reserve) had he known that this issue would have come up at the Rule 50 stage. Absent an argument as to why the district court's conduct was improper or biased in preventing the presentation of certain evidence, we will not speculate about what evidence outside the record may or may not have shown. Portelos implicitly concedes that the evidence in front of the court did absolutely nothing to establish that Brantley had any retaliatory motive or even knew that such a motive might be in play, and that is fatal to his appeal. *Cf. Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (discussing the "complete absence of evidence" standard for Rule 50).

Next, Portelos argues that Superintendent Erminia Claudio both had final authority to initiate disciplinary proceedings against him and had retaliatory motive. The district court found that Portelos failed to establish Claudio's final authority. On appeal, Portelos points to N.Y.S. Education Law Section 2590-j(7)(b), which states quite clearly that Section 3020-a "charges may be initiated by the community superintendent…" So, as a matter of law, Portelos is correct that Claudio's actions were attributable to the NYCDOE. But that is not the end of the matter. Even assuming that Portelos properly preserved his objection, this error was harmless. *Monell* liability

3

cannot attach absent proof of an underlying constitutional harm, and Portelos has not demonstrated that here. *Cf. United States v. Quinones*, 511 F.3d 289, 312 (2d Cir. 2007) (holding error harmless when it does not influence the jury verdict).

    We have considered the remainder of Portelos's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4