```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
FRANCESCO PORTELOS,                                          :
                                                             :
                    Plaintiff,                               :
                                                             :         REPORT AND RECOMMENDATION
        -against-                                            :
                                                             :         12 Civ. 3141 (LDH) (VMS)
CITY OF NEW YORK, NEW YORK CITY                              :
DEPARTMENT OF EDUCATION, DENNIS                              :
WALCOTT, LINDA HILL AND ERMINIA                              :
CLAUDIO,                                                     :
                                                             :
                    Defendants.                              :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Francesco Portelos ("Plaintiff") commenced this action against the City of New York, the New York City Department of Education, Dennis Walcott, Linda Hill and Erminia Claudio (collectively, "Defendants"), alleging that Defendants violated Plaintiff's rights under the First Amendment and the New York Civil Service Law § 75-b. Compl. ¶ 1, ECF No. 1. After a jury trial before the Hon. LaShann DeArcy Hall, a verdict was entered in favor of Defendants on all claims, Jury Verdict, ECF No. 142, and the Clerk of Court entered judgment, ECF No. 149. Defendants now move pursuant to Fed. R. Civ. P. 54(d)(1) to tax Plaintiff for costs incurred to defend against the instant action. ECF No. 164. For the following reasons, this Court respectfully recommends that Defendants' motion for costs be granted in part and denied in part, and that Defendant be awarded costs as taxed against Plaintiff in the amount of $6,060.78.

**I.    DISCUSSION**

Rule 54 of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." Hogan v. Novartis Pharm. Corp., No. 06 Civ. 260 (BMC), 2012 WL 5898473, at *2 (E.D.N.Y. Nov. 20, 2012), aff'd, 548 F. App'x 672 (2d Cir. 2013) (citation omitted); see Zacharowicz v. Nassau Health Care Corp., 2007 U.S. Dist. LEXIS 20946, at *4-5 (E.D.N.Y. Mar. 22, 2007) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded."). "Because such an award against the losing party is the normal rule in civil litigation, the [losing party] bears the burden of showing why the imposition of costs in this instance was improper." Ne. Holdings, L.L.C. v. Town of Riverhead, 244 F.R.D. 166, 167 (E.D.N.Y. 2007).  "[W]hen a prevailing party is denied costs, a district court must articulate its reasons for doing so." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001).

Pursuant to Fed. R. Civ. P. 54(d)(1), district courts have the authority to award costs to the prevailing party in a lawsuit.  See Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013). Costs are defined by 28 U.S.C. § 1920 to include:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Supreme Court has cautioned that "the discretion given district judges [by Rule 54(d)] to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." Farmer v. Arabian Amer. Oil Co., 379 U.S. 227, 235 (1964). Local Civil Rule 54.1(c) narrows the scope of materials for which a prevailing party can tax the

2

opposing side by delineating categories of expenses that a prevailing party may not recover. See Local Civ. R. 54.1(c)(2) ("Costs for depositions taken solely for discovery are not taxable. Counsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statute, rule (including Local Civil Rule 30.1), or order of the Court"). Stenographic transcripts necessarily obtained for use in the case or on appeal are recoverable costs under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (2).

Defendants seek an award of costs in the amount of $14,727.53. Giambrone Decl. ¶ 6, ECF No. 164-1. This amount includes: $2,032.55 for deposition transcripts, id. ¶ 9; $4,597.73 for stenographer fees for court conferences, id. ¶¶ 8, 10-19; and $9,678.84 for trial transcripts, id. ¶ 20.

Plaintiff opposes Defendants' application for costs, arguing that Defendants have not shown that they used the transcripts at trial, see Def.'s Opp'n at 2, ECF No. 167; that Plaintiff did not file this lawsuit frivolously or in bad faith, id. at 3; that Defendants could have acquired the transcripts for less money on ECF, id.; that the October 5, 2014 conference did not take place,[1] id.; that Defendants' counsel made unnecessary arguments that resulted in longer and more expensive transcripts, id. at 4; and that the imposition of costs would be a financial hardship, id. at 6.

### a. Daily Trial Transcripts

"Determining whether daily trial transcripts were necessarily obtained is a factual inquiry, and such daily transcripts are not customary." Nat. Organics, Inc. v. Nutraceutical

---

[1] Although Plaintiff is correct that there was no conference on October 5, 2014, the Court understands there to be a typographical error as Defendants' bill of costs and the Court docket show there was a conference on September 5, 2014, for which Defendants are now claiming costs. See Ex. F, ECF No. 164-7.

Corp., No. 01 Civ. 0384 (GBD) (RLE), 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009); see Galella v. Onassis, 487 F.2d 986, 999 (2d Cir.1973) ("To assess the losing party with the premium cost of daily transcripts, necessity–beyond the mere convenience of counsel–must be shown.").

It is within a court's discretion to determine whether a stenographic transcript was necessarily obtained for case; among the more important factors to be considered are the length and the complexity of the trial, and the need of the court and the parties to have a transcript to which they may refer. See Bucalo v. E. Hampton Union Free Sch. Dist., 238 F.R.D. 126, 129 (E.D.N.Y. 2006); Bank of Am. v. Loew's Intern. Corp, 163 F. Supp. 924, 927 (S.D.N.Y. 1958).

Use of the transcripts during trial does not per se establish that they were "necessary," see John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch., 891 F. Supp. 122, 123 (S.D.N.Y. 1995), and mere convenience to counsel is insufficient to justify taxing the cost, see Ferrostaal v. M/V Tupungato, Nos. 03 Civ. 4885, 03 Civ. 6236 (MGC), 2008 WL 2796644, at *1-2 (S.D.N.Y. July 17, 2008) (determining that nine-day bench trial did not involve overly complex matters and thereby reducing costs for expedited transcript awarded to prevailing party); see also Karmel v. City of New York, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008) (determining that where at least two attorneys were present and representing defendants at trial in discrimination lawsuit, sufficient notes could be taken during proceedings to obviate the need for a daily trial transcript); Bilezikjian v. Baxter Healthcare Corp., No. 92 Civ. 9498 (HB), 1999 WL 945522, at *3 (S.D.N.Y. Oct. 18, 1999) (where three attorneys were at trial, and case not complex, daily expedited trial transcripts not taxable); DeHoust v. Baxter Healthcare Corp., No. 93 Civ. 774 (HB), 1999 WL 280423, at *3 (S.D.N.Y. May 4, 1999) (in a product liability suit, "[t]he defendants were ably represented each day at trial by three attorneys, the trial lasted less

than two weeks, and the trial, in the Court's view, did not contain complexities to justify daily expedited trial transcripts"). "On balance, courts have occasionally concluded that circumstances warranted the awarding of costs for a daily trial transcript, particularly upon consideration of factors including the amount of representation, the length of the trial, and the complexity of the issues in the case." Nat. Organics, 2009 WL 2424188, at *3; see, e.g., Galella, 487 F.2d at 999 (concluding that a showing of need for daily transcripts could not be ruled out and identifying the length of the trial, the large amounts of money in controversy, and the crucial nature of credibility of witnesses as supporting the need for a daily transcript); United Rubber, Cork, Linoleum & Plastic Workers of Amer., AFL-CIO v. Lee Nat'l Corp., 62 F.R.D. 194, 196 (S.D.N.Y. 1974) (holding daily transcripts unnecessary where the case did not involve expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or of that of any other witness, and time was not of the essence in this 1966 lawsuit); Karibian v. Columbia Univ., No. 91 Civ. 3153 (TPG), 1997 WL 2538, at *2 (S.D.N.Y. Jan. 3, 1997) (holding daily trial transcript "entirely reasonable" based on substantial length of trial and important questions of credibility).

This case involved a six-day jury trial. See Dkt. Entries 08/15/2016, 08/16/2016, 08/17/2016, 08/18/2016, 08/19/2016, 08/23/2016. Defendants were represented by two attorneys. See id. Three witnesses testified. See id. The action did not involve particularly novel or complex issues. According to Defendants, the daily transcripts were used to prepare cross-examinations, resolve issues raised during trial, and prepare arguments at the close of evidence. Giambrone Decl. ¶ 20. "[Defendants] do[] not argue that the Court required daily transcripts and fails to adequately support the use of, and need for, those expedited transcripts by counsel during the proceedings." Nat. Organics, 2009 WL 2424188, at *4. Defendants were

represented by two attorneys during the trial, each of whom could have taken trial notes, and the trial was relatively short in duration, see Dkt. Entries 08/15/2016, 08/16/2016, 08/17/2016, 08/18/2016, 08/19/2016, 08/23/2016, dailies thus were not necessary.

Nevertheless, Plaintiff fails to carry his burden to establish that the trial transcript was not reasonably necessary for Defendants to obtain for the appeal.[2] Thus, Defendants' request for taxation of costs for a non-expedited trial transcript is appropriate, but its request for daily transcripts is not. Thus, this Court respectfully recommends that Defendants be awarded $4,839.42[3] for a non-expedited trial transcript.

### b. Pretrial Conference Transcripts

Defendants seek $4,597.73 for stenographer fees for pretrial discovery conferences. Giambrone Decl. ¶¶ 8, 10-19. Defendants contend that it was necessary to secure these transcripts as they were used in preparing Defendants' motion for summary judgment, trial and cross examination at trial. See id. Under Local Civil Rule 54.1(c)(1), "[t]he cost of a transcript of court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the court." Local Civ. R. 54.1(c)(1).

"In the instant case, Defendants did not seek or obtain advance approval for the cost of securing the transcript, nor was there a Court order directing that the transcript be obtained." Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB) (THK), 2010 WL 3720834 at *6 (S.D.N.Y. Sept. 22, 2010). Accordingly, costs for the pretrial conference transcripts are not allowed. See id.; India.com, Inc. v. Dalal, No. 02 Civ. 0111 (DLC), 2010 WL

---

[2] Plaintiff appealed the judgment. See ECF No. 158.

[3] The parties did not provide the non-expedited rate for the transcript is, so it has reduced the expedited rate of $9,678.84 by fifty percent.

2758567, at *5 (S.D.N.Y. July 13, 2010) ("The Clerk erred, however, in allowing $492.00 for the costs of transcripts of . . . 'post-trial proceedings.' [Defendant] has not shown that the transcript costs for post-trial proceedings were authorized in advance or ordered by the Court."); Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc., No. 99 Civ. 0564 (RJW), 2001 WL 30665, at *2 (S.D.N.Y. Jan.12, 2001) (finding cost of transcript of pretrial conference is not a taxable cost because it was not authorized in advance or ordered by the court); cf. Karmel, 2008 WL 216929, at *4 (allowing cost of transcript of pretrial conference where magistrate judge ordered the parties to purchase it); Carbonell v. Acrish, 154 F. Supp. 2d 552, 568-69 (S.D.N.Y. 2001) (awarding costs for transcript of pretrial proceeding where court ordered parties to purchase the transcript). Thus, this Court respectfully recommends that Defendants' request for the reimbursement of costs for pretrial discovery conference transcripts be denied.

### c. Deposition Transcript Costs

Defendants seek $2,032.55 for deposition transcripts. Giambrone Decl. ¶ 9. Pursuant to Local Rule 54. 1, the cost of the original deposition transcript and one copy is taxable "if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." Local Civ. R. 54.1(c)(2). "Even where the cost of a deposition transcript itself will be taxable under these standards, certain associated fees that are not necessary generally may not be taxed-for example, . . . appearance fees." India.com, Inc., 2010 WL 2758567, at *2 (quotation marks & citation omitted). Defendants are seeking reimbursement of costs for the original transcripts and two copies. See Ex. D, ECF No. 160-5. Defendants claim that these transcripts were utilized in preparing Defendants' motion for summary judgment, and for trial, including cross examination. Giambrone Decl. ¶ 9. "The plain language of [Local Rule 54.1's] first sentence, providing that depositions are taxable if 'used or received in evidence at the trial',

7

suggests that the word 'use' extends well beyond explicit reliance on the deposition as a basis for decision." Whitfield, 241 F.3d at 271. A deponent's testimony at trial "alone is sufficient to end the inquiry as to whether their depositions were 'used' at the trial." Perry v. Metro. Suburban Bus Auth., 236 F.R.D. 110, 112 (E.D.N.Y. 2006) (referencing DiBella v. Hopkins, 407 F. Supp. 2d 537, 541 (S.D.N.Y. 2005); Browne v. Greensleeves Records, Ltd., No. 03 Civ. 7696 (MGC), 2005 WL 2716568, at *3 (S.D.N.Y. Oct.21, 2005); Anderson v. City of N.Y., 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001)). Plaintiff-deponent, Mr. Portelos, testified at trial. See Docket Entries 08/15/2016, 08/16/2016, 08/17/2016. Thus, the Court concludes that Defendants have established that the deposition transcripts were reasonably and necessarily obtained for use in the case. Defendants provided invoices to substantiate the costs incurred. Plaintiff has not carried his burden to overcome the presumption that costs are appropriately imposed. Thus, this Court respectfully recommends that Defendants be awarded the cost of the original deposition transcript and one copy of the deposition transcript, and reduces the cost to $1,221.36.[4]

### d. Plaintiff's Remaining Arguments

Plaintiff's argument that the action was commenced in good faith has no bearing on the cost analysis. See Whitfield, 241 F.3d at 272-73 (good faith alone is insufficient to prevent the award of costs); Wray v. City of N.Y., No. 01 Civ. 4837, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007) (same); Commer v. McEntee, No. 00 Civ. 7913, 2007 WL 2327065, at *3 (S.D.N.Y. Aug. 13, 2007) (finding good faith to be irrelevant to costs determination); Graber v. United States, No. 01 Civ. 1269, 2003 WL 22743085, at * 1 (S.D.N.Y. Nov. 20, 2003) ("[A]

---

[4] It is not apparent from the invoices how much the stenographer charged for the originals and how much it charged for the copies, so the Court has subtracted the cancellation fee of $78.00 and the appearance fees of $104.00, then reduced the remainder of the overall invoice by one-third.

8

party's good faith, or lack thereof, is irrelevant to the determination of who should bear the necessary costs of a trial; rather, it is a function of who prevailed and who lost."). There is no per se rule prohibiting taxing costs upon unsuccessful civil rights plaintiffs. See Wray, 2007 WL 2908066, at *1 ("Nor does the concern about the deterrent effect that a costs award might have on commencing civil rights actions justify the disallowance of costs. . . . Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1).").

Plaintiff also argues that it would be a "tremendous hardship" for him to pay the costs requested. Def.'s Opp'n at 6. While "[a]s a general matter a district court may deny costs on account of a losing party's indigency," Whitfield, 241 F.3d at 270, "plaintiff has failed to offer any proof of financial hardship, much less indigency." Nazaire v. Kingsbrook Jewish Med. Ctr., No. 04 Civ. 1415 (JG), 2006 WL 2946331, at *2 (E.D.N.Y. Oct. 11, 2006).

Thus, the Court finds that Defendants have met their burden of showing that the taxation of costs as awarded above is justified, and Plaintiff has failed to meet his burden of showing that any of the costs awarded above should not be imposed.

## II. CONCLUSION

The Court has considered all of the arguments of the parties. For the foregoing reasons, this Court respectfully recommends that Defendants' motions for costs against Plaintiff be granted in part and denied in part, and that Plaintiff be taxed in favor of Defendants in the amount of $6,060.78.

## III. OBJECTIONS

The Court will mail this report and recommendation to pro se Plaintiff Francesco Portelos[5] at 52 Wiman Place, Staten Island, NY 10305. Written objections to this report and recommendation must be timely filed in accordance with the Individual Rules of the District Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated: Brooklyn, New York
November 21, 2018

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[5] Although Plaintiff was represented by counsel in the underlying lawsuit, he is representing himself as to Defendants' motion for costs.