December 5, 2018

Hon. LaShann DeArcy Hall
U.S. District Court
Eastern District of New York
225 Cadman Plaza E,
Brooklyn, NY 11201



Re: *Portelos v Hill et al*, 12 CV 3141 (LDH)(VMS) Objection to Magistrate Scanlon's Report and Recommendation for Bill of Costs

Dear Honorable Judge DeArcy Hall:

I am the *pro se* plaintiff in the above-captioned case. I write to *respectfully* object Magistrate Scanlon's Recommendation and Report regarding the Bill of Costs in my case (12 CV 3141 Docket 168). While I welcomed Magistrate Scanlon's significant reduction of the amount of costs owed by me, I believe the arguments below further show that $6,060.78 is still inappropriate for me to pay the City of New York.

Pursuant to 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b) I am respectfully objecting to the above reference Report and Recommendation. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

I would like to provide further evidence of why the Defendants Bill of Costs request should be reduced and/or denied.

On page 6 of her Report and Recommendation, Magistrate Scanlon states that "...Plaintiff fails to carry his burden to establish that the trial transcript was not reasonably necessary for Defendants to obtain for the *appeal*." Magistrate Scanlon associated footnote 3 to her statement regarding reducing the trial transcript costs by fifty percent to $4,839.42. Footnote 3 states "The parties did not provide the non-expedited rate for the transcript is, so it has reduced the expedited rate of $9,678.84 by fifty percent." While looking through my email exchanges with the two court reporters involved in my trial, Stacy Mace and Joshua Edwards, I found that the non-expedited rate was actually $1.20 per page. Please See

Exhibit A annexed hereto. The trial transcripts were 1200 pages and therefore totaled $1,440 instead of $4,839.42. However, since the Defendants also did not proffer any evidence that they used the trial transcripts for an appeal, the cost of trial transcripts should be denied entirely. See Declaration of Jessica Giambrone paragraph 20 where there is no mention of use of transcripts in an appeal. "Defendant submits a bill for the costs of the trial transcripts necessarily obtained for the purpose of cross-examinations at trial, addressing legal issues raised and resolved during the trial and summation. Defendants are entitled to these cost(sp?) in the amount of $9,678.84 as the prevailing party."

This leaves the cost of my deposition, which Magistrate Scanlon reduced to $1,221.36. Courts have denied bill of costs where prevailing party has engaged in **misconduct**. <u>Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1013 (5th Cir. 1992)</u> (finding of inappropriate behavior by plaintiffs' counsel justified denial of costs to prevailing plaintiff). My deposition ran past the allowable 1 day or 7 hours indicated in FRCP Rule 30. I was deposed 3 times in excess of 7 hours. As stated in my opposition to the bill of costs, gross evidence of potentially sanctionable attorney misconduct took place when Ms. Giambrone knowingly testified for witness Richard Candia. During his deposition Ms. Giambrone stated that my school's Comprehensive Education Plan (CEP), that Defendant Principal Linda Hill submitted without the proper approval, was just a "draft." This issue was a main argument of protected speech we argued. See excerpt of FCRP Rule 30 violation below:

```
1                     R. CANDIA
2           A.   I don't know if he was
3      displeased about that.
4           Q.   Was that your impression of
5      what happened that she submitted it without
6      --
7           MS. GIAMBRONE:  She submitted a
8      draft --
9           A.   She submitted a draft.  So,
10     there was still opportunity to make final
11     changes.
12          Q.   Did she say it was a draft?
13          A.   She did say it was a draft.
14     yeah.
```

2

Furthermore, on several occasions attorney Jessica Giambrone would make false and potentially sanctionable statements that certain discovery emails relating to me did not exists. She did this for both email accounts of Executive Director of Human Resources Andrew Gordon and Katherine Rodi. In both instances I had to pay for additional conferences with Magistrate Scanlon to remedy these discovery issues. Ultimately, when ordered to go back and search again, over 1,400 pages of emails surfaced. Fault of prevailing party required for denial of costs. Smith v. Southeastern Pa. Transp. Auth., 47 F.3d 97, 99–100 (3d Cir. 1995) "prevailing party entitled to costs unless award would be inequitable based on conduct of prevailing party". *In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463, 468 (3d Cir. 2000)* "court may consider losing party's inability to pay, as well as prevailing party's unclean hands, bad faith, dilatory tactics, or other misconduct in action in reducing or denying costs". See also *Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 944–945 (7th Cir. 1997)* (generally, district court must award costs to prevailing party unless (1) prevailing party has engaged in misconduct worthy of penalty, or (2) losing party is unable to pay costs); *Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988)* "generally, only misconduct by prevailing party worthy of penalty or inability to pay will justify denial of costs to prevailing party".

Rule 54(d)(1) does not expressly state whether the discretion granted to the district court to deny costs to the prevailing party also permits the court to tax costs *against* the prevailing party. Nevertheless, when the prevailing party is guilty of some significant misconduct worthy of sanctions, the court may exercise its discretion under Rule 54(d)(1) and order the prevailing party to pay some or all of the costs of the action. *Sheets v. Yamaha Motors Corp., 891 F.2d 533, 539–540 (5th Cir. 1990)* "misconduct, bad faith, and abuse of trial process justify not only denial of costs to prevailing defendants, but also provide suitable basis for taxing costs against those defendants"; *but see Three-Seventy Leasing Corp. v. Ampex Corp., 528 F.2d 993, 999 (5th Cir. 1976)* "Rule 54(d) does not authorize award of costs to nonprevailing party, but only gives court discretion to order that each party bear part or all of its own costs".

3

Defendants' misconduct throughout case should assist the Court in taxing costs against Defendants and denying the bill of costs.

For all these reasons stated above, I respectfully request that the bill of costs be denied and this case come to a final close.


Respectfully Submitted:

_____

Francesco Alexander Portelos

Plaintiff, *pro se*

Date: December 5, 2018

## AFFIRMATION OF SERVICE

I, FRANCESCO PORTELOS, declare under penalty of perjury that I have served a copy of the opposition to <u>the report and recommendation</u> on opposing counsel,

whose address is 100 CHURCH ST. 4TH FL., NY, NY 10007

by the following method:

*Check one*

\_\_\_\_ US Mail.

\_X\_\_ Electronic Mail.

\_\_\_\_ Fed Ex, UPS, or other private carrier.

Dated: December 6, 2018

Staten Island, NY

FRANCESCO PORTELOS

52 WIMAN PL
STATEN ISLAND, NY 10305

5

EXHIBIT A

# * * * TRANSCRIPT INVOICE * * *
## Payable to JB REPORTING, INC.
## (Tax ID # 47-3509669)

Date:            March 6, 2017

To:              Francesco Portelos
                 via e-mail; mrportelos@gmail.com

CASE INFORMATION:
Case:            Portelos v. CNY, et al.
Index No:        12-CV-3141
Hearing date:    8/23/2016
Transcript:      Civil Cause on Trial
Judge:           Honorable LaShann DeArcy Hall

TRANSCRIPT INFORMATION:
Total pages:     62
Rate:            $1.20 (copy)
TOTAL DUE:       $74.40

**Please make payable to JB Reporting, Inc. and mail to:**

**JB Reporting, Inc.**

**884 Riverside Drive Apt 1H**

**New York, NY 10032**

 **Stacy Mace**
to me, Stacy
9/12/2016 View details

Mr. Portelos,

The remaining three days of trial transcripts are a total of 523 pages. Actual trial days are 8/18/2016 and 8/19/2016 and then the final day, including the verdict is 8/23/2016. The cost is $1.20 per page and will be emailed to you in PDF format as were the prior days.

Total cost for all three days is $627.60.

Please confirm receipt and advise what you would like to do. If you want to proceed with the order, I will send you in invoice with instructions regarding payment.

Thanks - Stacy

---

**Stacy A. Mace, Official Court Reporter**
**United States District Court - Eastern**
**District of New York**
225 Cadman Plaza East, Room N363
Brooklyn, New York 11201-1832