UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCESCO PORTELOS,

    Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; DENNIS WALCOTT, Chancellor of New York City Department of Education; LINDA HILL, Principal of I.S. 49, in her official and individual capacity; ERMINIA CLAUDIO, in her official and individual capacity as district superintendent,

    Defendants.

**MEMORANDUM AND DECISION**

12-cv-3141 (LDH) (VMS)

L SHANN D ARCY HALL, United States District Judge:

    Plaintiff Francesco Portelos commenced this action on June 22, 2012. Plaintiff alleges that Defendants City of New York, the New York City Department of Education, Dennis Walcott, Linda Hill, and Erminia Claudio violated Plaintiff's rights under the First Amendment to the U.S. Constitution and New York Civil Service Law § 75-b. (*See* 1st Suppl. Compl. ¶¶ 1, 54–56, 57–61, ECF No. 41.) By minute entry and order dated August 4, 2016, the Court granted those portions of Defendants' motion for summary judgment requesting dismissal of all claims against Defendants City of New York and Walcott, as well as Plaintiff's § 75-b claim against all Defendants. By minute entry and order dated August 19, 2016, the Court granted Defendants' motion for judgment as a matter of law dismissing all claims against Defendant New York City Department of Education. Following a jury trial held before this Court, a verdict was entered in favor of Defendants Hill and Claudio (collectively, "Defendants") on all claims. (Jury Verdict, ECF No. 142.) On September 14, 2016, the Clerk of Court entered Judgment. (ECF No. 149.)

On April 18, 2018, Defendants moved pursuant to Federal Rule of Civil Procedure 45(d)(1) to impose cost against Plaintiff. (ECF No. 164.) On July 10, 2018, the Court referred Defendants' application to Magistrate Judge Vera M. Scanlon. In a November 21, 2018 report and recommendation (the "R&R"), Magistrate Judge Scanlon recommended that Defendants' application be granted in part and denied in part. (ECF No. 168.) On December 12, 2018, Plaintiff filed an objection, arguing that Magistrate Judge Scanlon (1) should not have awarded costs associated with trial transcripts; (2) relied on an improper rate in calculating the costs of trial transcripts; (3) should not have awarded costs associated with Plaintiff's deposition because Defendants' counsel engaged in misconduct; and (4) should not have awarded any costs to Defendants or, in the alternative, should have awarded costs to Plaintiff because of Defendants' misconduct. (Obj. Magistrate Scanlon's R&R Bill Costs ("Objection"), ECF No. 169.)

For the reasons set forth herein, the Court adopts Magistrate Judge Scanlon's findings as to the appropriateness of awarding costs, with the modifications noted in this memorandum.

## STANDARD OF REVIEW

The Court reviews any portion of the R&R that has been objected to *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). As to the balance, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citations omitted)).

## DISCUSSION

### I. Trial Transcript Costs

Magistrate Judge Scanlon found that while Defendants were entitled to costs for non-expedited trial transcripts, particularly because Plaintiff appealed the jury verdict, Defendants had not justified the necessity of daily expedited transcripts. (R&R at 3-6.) The parties, however, failed to provide Magistrate Judge Scanlon with the non-expedited rate for trial transcripts. (*Id.* at 6 n.3.) Therefore, Magistrate Judge Scanlon reduced Defendants' requested award of $9,678.84 (calculated using the expedited rate), by fifty percent, and recommended that the Court award costs of $4,839.42 for non-expedited trial transcripts. (*Id.* at 6 & n.3.) Plaintiff objects that no costs should be permitted with respect to trial transcripts because Defendants did not rely on those transcripts to prepare for an appeal. (Objection at 7-8.) Plaintiff further objects that the non-expedited rate for transcripts was $1.20 per page and therefore the correct cost should have been $1,440. (Objection at 1-2.) Plaintiff's objections are without merit.

Local Rule 54.1(c)(1) states: "The cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable." Plaintiff argues that the trial transcripts are not taxable because Defendants failed to proffer any evidence that they used the trial transcripts for an appeal. (Objection at 2.) Plaintiff misconstrues the relevant standard, as Defendants were not required to make any such showing.

Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Second Circuit has interpreted Rule 54(d) to require "that the losing party . . . has the burden to show that costs should not be imposed." *Adkins v. Gen. Motors Acceptance Corp.*, 363 F. App'x 97, 99 (2d Cir. 2010) (quoting *Whitfield*

*v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)).  A losing party can meet this burden by demonstrating "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources."  *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016).

     Here, Plaintiff has failed to carry his burden because he has not identified a sufficient ground upon which the Court may deny costs.  While Plaintiff argues that Defendants' misconduct justifies the denial of costs with respect to Plaintiff's deposition, Plaintiff offers no such justification with respect to costs associated with trial transcripts.  (*See generally* Objection at 1-3.)  Instead, Plaintiff argues that Defendants failed to prove that they relied on any trial transcripts for the purposes of appeal.  (*Id.* at 1-2.)  Even if Defendants were required to prove that they had relied on the trial transcripts for the purposes of appeal, there was sufficient evidence in the record from which the Court could conclude that Defendants did so.  Plaintiff appealed this matter and expressly challenged certain of the Court's rulings at trial.  (Notice of Appeal, ECF No. 158.)  For example, Plaintiff challenged the fact that (1) the Court limited Mr. Portelos' direct examination to three hours; (2) Defendants' counsel lodged "roughly a hundred objections" during Mr. Portelos' direct examination; (3) the Court ordered Mr. Portelos to produce incidents of protected speech; and (4) the Court precluded from consideration purported protected speech.  *See* Appellant's Br. 17-19, *Portelos v. Hill*, No. 16-cv-3932 (2d Cir. March 8, 2017).  Defendants were required to respond to these arguments, and, to do so, necessarily

4

required transcripts of the trial. Therefore, the Court agrees with Magistrate Judge Scanlon's finding that Plaintiff has failed to demonstrate that these costs should not be imposed.

Moreover, Plaintiff is incorrect when he asserts that the non-expedited rate for trial transcripts is $1.20 per page. (Objection at 1-2.) The rates for transcripts are set by administrative order. By administrative order dated January 8, 2008, then-Chief Judge Raymond J. Dearie set the rate for non-expedited transcripts at $4.02 per page. *See In re: Transcript Fee Rates for Court Reporters*, Administrative Order 2008-01, https://www.nyed.uscourts.gov/sites/default/files/general-ordes/adminorder08-01.pdf. The $1.20 rate referenced by Plaintiff is not the non-expedited rate, but the cost of additional copies of daily, hourly, or real-time transcripts already ordered by another party. *See id.* Defendants submitted an invoice indicating that they had ordered 1,352 pages of trial transcripts. (Decl. Jessica Giambrone Supp. Defs.' Appl. Costs ("Giambrone Decl."), Ex. O, ECF No. 164-16.) 1,352 pages transcribed at the non-expedited rate of $4.02 totals $5,435.04. Therefore, the Court awards Defendants $5,435.04 in costs associated with trial transcripts.[1]

## II. Deposition Costs and Defendants' Alleged Misconduct

Magistrate Judge Scanlon found that Defendants were entitled to costs associated with Plaintiff's deposition because Plaintiff testified at trial and, according to several courts in this circuit, "[a] deponent's testimony at trial 'alone is sufficient to end the inquiry as to whether their depositions were 'used' at trial.'" (R&R at 8 (quoting *Perry v. Metro. Suburban Bus Auth.*, 236 F.R.D. 110, 112 (E.D.N.Y. 2006)). Magistrate Judge Scanlon reduced Defendants' requested costs, however, because it was not apparent from the invoices provided by Defendant how much the stenographer had charged for originals compared to copies. (R&R at 8 n.4.) Plaintiff does

---

[1] Plaintiff makes the unsupported contention that Defendants only ordered 1,200 pages of trial transcripts.

not object to Magistrate Judge Scanlon's calculation of costs. Instead, Plaintiff objects that Magistrate Judge Scanlon should not have awarded deposition or any costs at all because Defendants engaged in misconduct. (Objection at 2-3.) Specifically, Plaintiff argues that his deposition "ran past the allowable 1 day or 7 hours" because he "was deposed 3 times in excess of 7 hours," that Defendants' counsel "knowingly testified for [a] witness," and that Defendants failed to promptly produce "over 1,400 pages of emails." (*Id.*)

None of these allegations constitutes misconduct sufficient to overcome the presumption that taxing of costs is appropriate here. Indeed, based on a review of the docket in this matter, apparently none of these discovery concerns was even sufficiently serious to motivate Plaintiff to file a motion for sanctions. And, in the deposition excerpt which Plaintiff claims is evidence of Defendants' counsel's improper testimony on behalf of a deponent, Plaintiff's counsel did not even object to Defendants' counsel's statement. (Objection at 2.) Moreover, while Plaintiff claims that his deposition ran past the one day or seven hours permitted by Federal Rule of Civil Procedure 30, Plaintiff fails to specify the length of his deposition. The Court simply will not find that a deposition of unspecified length constitutes the type of misconduct justifying the denial of costs. Further, the fact that Defendants did not immediately produce 1,400 pages of emails is not misconduct where Defendants ultimately did produce those documents.

In *Javier v. Deringer-Ney Inc.*, the Second Circuit rejected similar claims of misconduct in affirming an award of costs. 501 F. App'x 44, 45–46 (2d Cir. 2012). There, a party against whom costs were sought argued that certain "actions during the discovery process, including the alleged withholding of documents" justified the denial of a bill of costs. *Id.* The Second Circuit rejected this argument, in part, because the discovery disputes at issue were resolved in that party's favor. *Id.* Here too, where these relatively minor discovery disputes were not

sufficiently serious to warrant a motion for sanctions, and where one dispute was resolved in Plaintiff's favor, the Court cannot find that these issues warrant the denial of costs.[2] Further, because the misconduct alleged here is not sufficiently serious to justify the denial of costs, it certainly cannot justify awarding costs to Plaintiff instead of Defendant. Indeed, Federal Rule of Civil Procedure 54(d)(1), which only provides for the award of costs to the *prevailing* party, does not even appear to permit such an award. *See* Fed. R. Civ. P. 54(d)(1).[3]

## CONCLUSION

The Court has reviewed the remaining portions of the R&R for clear error and, finding none, hereby adopts Magistrate Judge Scanlon's R&R as the opinion of this Court, with the modifications noted in this opinion. Defendants request for the cost of expedited daily transcripts is DENIED. Defendants' request for the cost of non-expedited trial transcripts is GRANTED and Defendants are awarded $5,435.04 in costs. Defendants' request for costs related to pretrial discovery conference transcripts is DENIED. Defendants' request for costs related to Plaintiff's deposition is GRANTED and Defendants are granted $1,221.36. Therefore, the Court taxes Plaintiff in favor of Defendants in the total amount of $6,656.40.

SO ORDERED:

   /s/ LDH   
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       March 15, 2019

---

[2] Plaintiff cites a number of out-of-circuit decisions in support of his argument that costs should be denied based on Defendants' conduct. (Objection at 3 (citing *Smith v. Se. Pennsylvania Transp. Auth.*, 47 F.3d 97, 99-100 (3d Cir. 1995); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944-45 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Most of these decisions merely restate the standard under which courts may deny costs, and none provides any basis for why Defendants' conduct here justifies the denial of costs.

[3] While some courts outside this circuit have indicated that a court can award costs against the prevailing party as a sanction, those courts have indicated that a court can do so only under "exceptional circumstances." *See Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990). No such exceptional circumstances exist here.