March 29, 2019

Hon. LaShann DeArcy Hall
U.S. District Court
Eastern District of New York
225 Cadman Plaza E,
Brooklyn, NY 11201



Re: *Portelos v Hill et al*, 12 CV 3141 (LDH)(VMS)

## MOTION FOR RECONSIDERATION of MEMORANDUM AND ORDER REGARDING BILL OF COSTS

Dear Honorable Judge DeArcy Hall:

I am the *pro se* plaintiff in the above-captioned case. I write to the Court to respectfully request that the Court reconsider the underlying facts regarding the Defendants' Bill of Costs. I was weighing out the pros and cons of filing a Notice of Appeal, but the pro se legal assistance office in the Eastern District was on vacation and do back on April 1, 2019. While doing my research, I found that this last attempt was available to me and wanted to exercise it.

### REASONS TO DENY BILL OF COSTS

A losing party can meet the burden of showing why bill of costs should not be imposed by demonstrating "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016).

*The Public Importance of the Case*

Please reconsider the following: The testimony in my case showed that my wife and I are public school teachers. We, along with all other public school teachers, did not go into teaching to become wealthy. My wife and I are not living in poverty, but survive and provide for our two sons. However, $6,656.40 is still a lot of money for a public school teacher to have to pay a large, and well funded, entity like the New York City Law Department. Especially since the lawsuit I filed was entrenched in matters of public concern. Despite the outcome, *Portelos v Hill et al*, 12 CV 3141 was a case of *public*

*importance.* Public schools are taxpayer funded. Among other things, the case record shows Principal Linda Hill engaged in misconduct. She was found guilt of an investigation I initiated. She did not pay the price for her misconduct, but rather I did for engaging in protected speech. The case caught nationwide attention and was important because it involved public money and resources. My case was featured in mainstream media and because it was important to the public. Many other educators and public servants were watching. Should I have to pay these bill of costs, the Court should fear that more of a chilling effect will be created and would-be whistleblowers will instead become silent bystanders. Denying the bill of costs on this basis alone would align with the 2nd Circuit decision referenced above.

### *Misconduct by the prevailing party*

As stated in my previous briefs, the prevailing party's counsel did commit misconduct, including Attorney Jessica Giambrone testifying during deposition, deposing me for longer periods allowed by FRCP Rule 30, and questioned me for hours on matters not related to the case. These deposition questions included my studies in college 12 years prior to the facts of the case. In the Court's Memorandum and Order, the Court states "*Moreover, while Plaintiff claims that his deposition ran past the one day or seven hours permitted by Federal Rule of Civil Procedure 30, Plaintiff fails to specify the length of his deposition. The Court simply will not find that a deposition of unspecified length constitutes the type of misconduct justifying the denial of costs.*" The problem with finding the actual length of my deposition is that Defendants only sent a hard copy, that was stored at my house after the trial, and my house was flooded on December 29, 2017. I asked opposing counsel to please furnish me with a digital copy and Mr. Grey refused. It seems irrational that I am being asked to pay $1,221.36 for a transcript that I am not even given access to. Please see exchange below:

-------------------------

From: **Francesco Portelos** <mrportelos@gmail.com>
Date: Mon, Mar 25, 2019 at 12:13 PM
Subject: Plaintiff's Deposition File
To: <wgrey@law.nyc.gov>

Mr. Grey,

    I am the Plaintiff in this case here. It has since been closed, but there is an issue of bill of costs. While 90% of my documents are digital, we never received my deposition in digital format. Instead it was paper and destroyed during a flood at my house. Could you please send me the PDF file from when I was deposed? Thank you.

**Case Name:**   Portelos v. Hill et al
**Case Number:** 1:12-cv-03141-LDH-VMS

**Francesco A. Portelos**

From: **Grey, William (Law)** <wgrey@law.nyc.gov>
Date: Wed, Mar 27, 2019 at 10:58 AM
Subject: RE: Plaintiff's Deposition File
To: Francesco Portelos <mrportelos@gmail.com>, Giambrone, Jessica (Law) <jgiambro@law.nyc.gov>
Cc: Bryan Glass <bglass@ghnylaw.com>, Marks, Paul (Law) <PMarks@law.nyc.gov>

Dear Mr. Portelos,

  Your former attorney has a copy of your transcript. Please seek what you need from him.

Sincerely,

William Grey

-------------------------------------

### *The Difficulty of the Issues*

      The case involved difficult matters, such as timing of many instances of protected speech, many instances of retaliation, as well as many, many investigations and allegations. There were almost 100 allegations made between all parties. This required more trial time, as well as more pre-trial documentation. The district court must review a prevailing party's proposed bill of costs in "scrupulous detail," and the claimed expenses must be "reasonable, both in amount and necessity to the litigation." Sommerfield, 2012 WL 5381255, at *1 (internal quotation marks omitted). I ask the Court to please reconsider the fact that the case was not filed in a frivolous fashion. There was a good faith basis to file this case against the NYC Department of Education and the City of New York, as well as

my former principal and superintendent. The issues were in fact difficult and the case was filed in June 2012 and ended in April 2018. We survived motions to dismiss as well as partial summary judgement. Furthermore, the equities disfavor reimbursing defendants' costs, which were due to defendants' own needless extravagance (longer than needed deposition), and, in some cases, misrepresentations (unnecessary objections, sidebar arguments). My understanding is that I even had to pay for trial transcripts involving a juror who did not show up and was brought into the Court's chambers.

For all of these reasons stated above, I respectfully request that the Defendants' bill of costs be denied and this case is finally closed.


Respectfully Submitted:

*[signature]*

Francesco Alexander Portelos

Plaintiff, *pro se*

Date: March 28, 2019

## AFFIRMATION OF SERVICE

I, FRANCESCO PORTELOS, declare under penalty of perjury that I have served a copy of the foregoing <u>opposition to defendants' application for costs</u> on opposing counsel, whose address is 100 CHURCH ST. 4TH FL., NY, NY 10007 by the following method:

*Check one*

\_\_\_\_ US Mail.

\_X\_ Electronic Mail.

\_\_\_\_ Fed Ex, UPS, or other private carrier.

Dated:

Staten Island, NY

FRANCESCO PORTELOS

52 WIMAN PL
STATEN ISLAND, NY 10305