

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

JESSICA GIAMBRONE
Senior Counsel
Labor and Employment Division
Phone: (212) 356-2460
Email: jgiambrolaw.nyc.gov

April 11, 2019

**BY ECF**

Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Portelos v. City of New York, et al.*, 12-CV-3141 (LDH) (VMS)

Dear Judge DeArcy Hall:

      I write to oppose the letter motion filed by Plaintiff in which he seeks to have the Court reconsider its ruling granting the Defendants' Bill of Costs.

      The Second Circuit has held that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The "requirements of Local Rule 6.3 are narrowly construed and strictly applied." Spa 77 G.L.P. v. Motiva Enters. LLC, 772 F. Supp. 2d 418, 436 (E.D.N.Y. 2011); Shrader, 70 F.3d at 257 ("The standard for granting such a motion is strict."). This strictness aims "to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Spa 77 G.L.P., 772 F. Supp. 2d at 436. "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

      The Court has emphasized that a "motion for reconsideration is 'an extraordinary remedy' to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See Walker v. City of New York, No. 12-840, 2012 WL 6563044, 2012 U.S. Dist. LEXIS 178239, at *5-6 (E.D.N.Y. Dec. 17, 2012) (quoting In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)). Generally, reconsideration will not be

granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to re-litigate issues already decided. See Manney v. Reichert, No. 13-4413, 2014 WL 4805046, 2014 U.S. Dist. LEXIS 137715, at *29-30 (E.D.N.Y. Sep. 26, 2014); see also Shrader, 70 F.3d at 257 (reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided").

       Here, plaintiff attempts to re-litigate issues already decided and advance arguments that were not previously raised, namely that his case was of "public importance," or involved "difficult matters." Consequently, the motion for reconsideration should be summarily denied.

Respectfully submitted,
/s /
Jessica Giambrone
Assistant Corporation Counsel

Cc:    Francesco Portelos
        Plaintiff *Pro Se*
        By First Class Mail